

1  Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
2       A Professional Law Corporation
   4929 Wilshire Boulevard, Suite 940
3  Los Angeles, California 90010
   (323) 937-4501       Fax (323) 937-4503
4  email: BCC4929@aol.com

5  *Attorney For Citizen Smith, LLC*

6

7

8

9

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

10  In re

11  **CITIZEN SMITH, LLC**

12            Debtor.

Case No. 2:08-bk-19197-SB
Assigned to the Honorable Samuel Bufford
Chapter 11

**NOTICE OF MOTION AND MOTION FOR
PROTECTIVE ORDER ON THE
DEPOSITIONS OF PAT JOHNSTON AND
JAMES SINCLAIR & IN THE
ALTERNATIVE FOR A MOTION TO
QUASH THE SUBPOENA; MEMORANDUM
OF POINTS AND AUTHORITIES;
DECLARATION OF BARUCH COHEN IN
SUPPORT THEREOF**

13

14

15

16

17

Date: September 23, 2008
18  Time: 11:00 a.m.
Place: Courtroom 1575
19  Edward Roybal Building
255 East Temple Street
20  Los Angeles, CA 90012

21      **TO UNITED STATES BANKRUPTCY JUDGE SAMUEL BUFFORD, ALL**

22  **INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

23      **PLEASE TAKE NOTICE** that at the above-captioned date time and place, CITIZEN

24  SMITH, LLC., (hereinafter referred to as "CITIZEN SMITH") hereby  hereby moves this

25  Court for a protective order on the depositions of Pat Johnston and James Sinclair that has been

26  unilaterally noticed for August 18, 2008 by HOLLYWOOD MEDIA CENTER, LLC

27  (hereinafter referred to as "HMC") in its dubious capacity as a member of Debtor and

28

F:\DOCS\CITIZEN-SMITH\PROTECTIVE-ORDER.MOT.wpd
8/12-10:09am

1  purported creditor thereof, on the following grounds:

2        (1) The only party to this involuntary bankruptcy is Citizen Smith, LLC. Patrick

3  Johnston and James Sinclair are nonparties to this involuntary. To the extent HMC believes that

4  Pat Johnston and/or James Sinclair are officers or the Person Most Knowledgeable of Citizen

5  Smith, LLC, HMC's Subpoenas failed to identify them as such and failed to comply with

6  proper notice requirements.

7        (2) The Subpoenas fail to give reasonable notice of the deposition in violation of FRCP

8  30(b)(1). At lease ten (10) days is customarily expected. HMC originally set the depositions

9  within 8 days of service, then corrected it to 10 days. HMC also failed to consult with Debtor's

10  counsel about the convenience of the depositions. For the record, Debtor's counsel will be

11  unavailable from August 12, 2008 through August 19, 2008 - in New York.

12        (3) The Subpoenas fail to give reasonable notice to every other party to the action in

13  violation of FRCP 30(b)(1).

14        (4) The Subpoenas fail to give reasonable notice in violation of FRCP 34(b) and FRCP

15  30(b)(5): when a subpoena joins a request for production of documents, FRCP 34 applies -

16  requiring a minimum of 30 days notice.

17        (5) The Subpoenas fail to accompany witness fees.

18        The Motion will be based on this Notice, on the attached Memorandum of Points and

19  Authorities, and the attached Declaration of Baruch C. Cohen on any supplemental Memoranda

20  of Points and Authorities as may hereafter be filed with the Court, on all the papers and records

21  on file in this action, and on such oral and documentary evidence as may be presented at the

22  hearing of the Motion.

23        Pursuant to Local Bankruptcy Rule 9013-1, any objection or response to this Motion

24  must be stated in writing, filed with the Clerk of the Court and served on Debtor and its counsel

25  no later than fourteen days prior to the hearing. Failure to so state, file and serve any opposition

26  may result in the Court failing to consider the same.

27

28

1   DATED:        August 12, 2008          LAW OFFICE OF BARUCH C. COHEN
                                           A Professional Law Corporation
2

3                                          By _____
                                           Baruch C. Cohen, Esq.
4                                          *Attorney For Citizen Smith, LLC*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  1.    **MEMORANDUM OF POINTS AND AUTHORITIES**

2        1.    **INTRODUCTION**.

3        On August 7, 2008, HMC unilaterally noticed the depositions of Pat Johnston and James

4  Sinclair (with demands for the production of documents) for August 15, 2008. On said date,

5  Debtor objected to same.  The grounds for the objection were: (1) The only party to this

6  involuntary bankruptcy is Citizen Smith, LLC. Patrick Johnston and James Sinclair are non-

7  parties to this involuntary. To the extent HMC believes that Pat Johnston and/or James Sinclair

8  are officers or the Person Most Knowledgeable of Citizen Smith, LLC, HMC's Subpoenas

9  failed to identify them as such and failed to comply with proper notice requirements; (2) The

10  Subpoenas fail to give reasonable notice of the deposition in violation of FRCP 30(b)(1). At

11  lease ten (10) days is customarily expected. HMC originally set the depositions within 8 days of

12  service, then corrected it to 10 days. HMC also failed to consult with Debtor's counsel about

13  the convenience of the depositions. For the record, Debtor's counsel will be unavailable from

14  August 12, 2008 through August 19, 2008 - in New York; (3) The Subpoenas fail to give

15  reasonable notice to every other party to the action in violation of FRCP 30(b)(1); (4) The

16  Subpoenas fail to give reasonable notice in violation of FRCP 34(b) and FRCP 30(b)(5): when a

17  subpoena joins a request for production of documents, FRCP 34 applies - requiring a minimum

18  of 30 days notice; &  (5) The Subpoenas fail to accompany witness fees.

19        Federal Rule of Civil Procedure 34 requires a minimum of 30 days notice. Debtor,

20  Johnston and Sinclair were given 8-10 days notice - insufficient notice of the Deposition and

21  production of documents. The fact that HMC issued subpoenas requesting documents as

22  opposed to a separate Request for Production of Documents should cause this Court to view it

23  as an end round the F.R.C.P. 34's 30-day notice requirement, and may be more likely to grant

24  a protective order postponing Johnston's and Sinclair's depositions.

25        Pursuant to F.R.C.P. 26(c) and F.R.B.P. 7026, Debtor attempted to resolve this dispute

26  without court action, again to no avail.

27        The Debtor believes that HMC has and will have ample opportunity by discovery in this

28  action to depose Johnston and Sinclair, in the normal course of this involuntary, according to

1   code, and is trying to squeeze and distract the Debtor with senseless discovery that must be

2   rushed for some inexplicable reason while the ill-fated Motion for the Trustee is pending.

3       2.    ARGUMENT

4           i.    A PROTECTIVE ORDER MAY BE GRANTED

5       Federal Rules of Bankruptcy Procedure 7026(b)(2), incorporating Federal Rule of Civil

6   Procedure 26 specifically authorizes a protective order to condition discovery including

7   designation of time and place.

8       Given the equities in this case, HMC has and will have ample opportunity by discovery

9   in this action to depose Johnston and Sinclair, in the normal course of this involuntary, as there

10   is no pressing emergency to justify depositions under such shortened notice, at a time when

11   Debtor's counsel will be in New York.

12       On August 7, 2008, the day that Debtor's counsel received notice of the depositions, he

13   wrote HMC's counsel a meet and confer letter pursuant to F.R.C.P. 26(c) and F.R.B.P. 7026,

14   in an effort to resolve this dispute without court action. Mr. Cohen offered to continue the

15   hearing on the Trustee's motion because of his unavailability and HMC refused, hoping to hold

16   counsel's feet to the fire to gain some kind of tactical advantage considering his unavailability.

17   Mr. Cohen offered that if HMC wants to take the Johnston and Sinclair depositions at a time

18   that does not violate his unavailability, then HMC should stipulate to continue the Trustee's

19   motion - said offer was refused by HMC.

20       As of this date, HMC refused to comply thus necessitating this motion.

21           ii.    A PROTECTIVE ORDER MAY BE GRANTED WHEN THE PARTY

22                     SEEKING DISCOVERY HAD AMPLE OPPORTUNITY BY

23                     DISCOVERY IN THE ACTION TO OBTAIN THE INFORMATION

24                     SOUGHT

25       Federal Rules of Bankruptcy Procedure 7026(b)(2), incorporating Federal Rule of Civil

26   Procedure 26 which specifically authorizes a protective order when … the party seeking

27   discovery had ample opportunity by discovery in the action to obtain the information sought.

28       Given the equities in this case, HMC has and will have ample opportunity by discovery

1  in this action to depose Johnston and Sinclair, in the normal course of this involuntary, as there

2  is no pressing emergency to justify depositions under such shortened notice, at a time when

3  Debtor's counsel will be in New York.

4          iii.       A PROTECTIVE ORDER MAY BE GRANTED WHEN THE PARTY

5                     SEEKING DISCOVERY REQUESTS INFORMATION THAT IS

6                     GROSSLY OVERBROAD

7          HMS has served 12 overbroad categories of document demands. There is no relevant

8  time period requested. This overbroad demand would encompass any agreement or any

9  document whatsoever. Messrs. Johnston and Sinclair clearly have rights to privacy any such

10  documents, which have no relationship whatsoever to this litigation. What efforts did HMC

11  make to get these documents before it filed its Motion for a Chapter 11 Trustee (especially

12  when it already has these documents and it's owner caused much of the damage complained of

13  in the Motion)? As between parties to litigation and nonparties, the burden of discovery should

14  be placed on the latter only if the former does not possess the material sought to be discovered.

15  Messrs. Johnston and Sinclair - who are not parties to this involuntary, should not be forced to

16  bear the burden and expense of culling through all of their documents to segregate and produce

17   any agreement or any document whatsoever to a current landlord. HMC's demands are

18  particularly egregious in light of the fact that it has made no genuine attempt to narrowly tailor

19  its demands nor to obtain any of the documents through less intrusive means.

20          iv.       AT A MINIMUM, THE DEPOSITIONS SHOULD BE POSTPONED

21                     UNLESS AND UNTIL HMC SUCCEEDS IN GETTING A CHAPTER

22                     11 TRUSTEE APPOINTED

23          The purported reason HMC has offered for taking the depositions of Messrs Johnston

24  and Sinclair is its unsubstantiated "belief" that there is ongoing misconduct of the current

25  management of Citizen Smith. If HMC is not successful in its Motion to Appoint a Chapter 11

26  Trustee, there would then be no need to conduct the depositions. The depositions should be

27  postponed until after the Motion to Appoint Chapter 11 Trustee succeeds, if at all. Unless and

28  until a Chapter 11 Trustee is appointed, the depositions of Messrs Johnston and Sinclair would

1  constitute a gross abuse of the discovery procedures.  See, (analogous) e.g., *Terminals*

2  *Equipment Co., Inc., v. City and County of San Francisco*, 221 Cal. App. 3d 234, 247 (1990)

3  ("Unless and until appellants filed a viable complaint stating at least one triable cause of action,

4  further discovery of these documents would only be an unnecessary and burdensome additional

5  expense to respondents, and there was no abuse of discretion in staying discovery.").

6           v.     IN THE ALTERNATIVE, DEBTOR REQUESTS THAT THIS COURT

7                 QUASH THE SUBPOENA REQUESTING DOCUMENTS ON THE

8                 GROUND THAT IT FAILS TO ALLOW REASONABLE TIME FOR

9                 COMPLIANCE

10         Now that the hearing on HMC's motion for a Trustee is nearing (August 26, 2008), on

11  August 7, 2008, HMC unilaterally noticed the depositions of Pat Johnston and James Sinclair

12  (with demands for the production of documents) for August 15, 2008, and then unilaterally

13  changed the dates to August 18, 2008, after Debtor's counsel objected.

14         HMC noticed the depositions and requested documents by August 18, 2008, within the

15  30-day notice requirement of F.R.C.P. 34, which provides that if a party noticing the deposition

16  joins a request for production of documents, Rule 34 procedures apply. HMC's Subpoena was

17  joined with a request for production of documents and therefore 30 days notice was required.

18  Many courts view subpoenaing documents for a party's deposition in less than 30 days as an

19  "end round" the Rule 34 30-day requirement, and are more likely to grant protective orders

20  postponing production. See, California Practice Guide, Federal Civil Procedure Before Trial,

21  1995, Discovery, 11:359 - 11:362.1.

22         HMC's attorneys have done just that. Rather than commence discovery and give Debtor

23  the requisite 30-days notice to produce the requested documents, HMC has played games,

24  taking advantage of Debtor's counsel's unavailability.

25         This motion to quash the subpoena is timely, and is being made promptly, as it is filed

26  prior to the scheduled depositions.

27           vi.     IN THE ALTERNATIVE, DEBTOR REQUESTS THAT THIS COURT

28                 QUASH THE SUBPOENA REQUESTING DOCUMENTS ON THE

1               GROUND THAT IT FAILS TO ACCOMPANY WITNESS FEES

2         Pursuant to FRCP 45(b)(1), a subpoena for testimony issued on behalf of a party is

3 invalid unless accompanied by witness fees for 1-day's attendance and mileage as allowed by

4 law. Failure to simultaneously tender witness fees *invalidates* the service., *CF&I Steel Corp vs.*

5 *Mitsui & Co.*, 713 F2d 494 (9th Cir. 1983).

6       3.    CONCLUSION

7         For the reasons stated herein above, this Court should grant Debtor's motion for a

8 protective order and in the alternative, to quash the subpoenas.

9

10 DATED:      August 12, 2008        LAW OFFICE OF BARUCH C. COHEN
                                    A Professional Law Corporation

11

12                                   By
                                  Baruch C. Cohen, Esq.

13                                   *Attorney For Citizen Smith, LLC*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF BARUCH C. COHEN

I, Baruch C. Cohen, declare as follows:

1.  I am an adult over the age of 18. The facts stated herein are true and correct within the best of my knowledge and if called upon to testify to them I could and would competently do so.

2.  I represent Debtor in this matter.

3.  On June 25, 2008, an involuntary Chapter 11 bankruptcy proceeding was commenced against the Debtor.

4.  On July 22, 2008, the Debtor filed an Answer to the involuntary proceeding.

5.  On August 1, 2008, HMC filed its Motion to Appoint a Chapter 11 Trustee, scheduling the hearing for August 26, 2008.

6.  On August 5, 2008, I wrote to HMC's counsel requesting that we continue the hearing date: "I have various personal and family obligations in and out-of-state the week of August 26, and the week of September 1, 2008. Can we stipulate to continue the hearing on the motion for the trustee by about 2 weeks? Please advise." [1] HMC's counsel Stan Gibson called me back refusing to accommodate my request.

7.  HMC did not notice 2004 examinations prior to filing its Motion for a Chapter 11 Trustee.

8.  On August 7, 2008, after 5:00pm, I received shoved under my office door a Subpoena to Patrick Johnston to appear for a deposition and to produce documents on August 15, 2008 at 9:00 am requesting 10 categories of documents: (1) Purchase Agreement and any amendments between Citizen Smith and James Sinclair; (2) Operating Agreement and any amendments between Citizen Smith and James Sinclair; (3) All documents authorizing Patrick Johnston to act as managing member of Citizen Smith; (4) all insurance policies for Citizen Smith; (5) All communications between Patrick Johnston and James Sinclair; (6) All citations to Citzen Smith; (7) All notices to Citzen Smith; (8)

---

[1] A true and correct copy of my letter of August 5, 2008 is attached hereto as Exhibit "*f*" and is incorporated herein by this reference.

All communications between Patrick Johnston and members of Citzen Smith; (9) All communications between Citzen Smith and any governmental agency; (1) All of Citzen Smith's receipts for purchases of alcohol. One wonders why a landlord who is current with its rent owed, needs to see said documentation of its tenant.

9.    That evening, I wrote HMC's counsel a meet and confer letter as to why the Subpoena was defective.[2]  Said reasons were: (1) The only party to this involuntary bankruptcy is Citzen Smith, LLC. Patrick Johnston is a nonparty to this involuntary. To the extent HMC believes that Patrick Johnston is an officer or the Person Most Knowledgeable of Citzen Smith, LLC, HMC's Subpoena failed to identify him as such and failed to comply with proper notice requirements. (2) The Subpoena fails to give reasonable notice of the deposition in violation of FRCP 30(b)(1). Eight (8) days notice is woefully inadequate and insufficient. At lease ten (10) days is customarily expected. HMC also failed to consult with me about the convenience of the deposition. For the record, I will be unavailable from August 12, 2008 through August 19, 2008 as I will be in New York. (3) The Subpoena fails to give reasonable notice to every other party to the action in violation of FRCP 30(b)(1). (4) The Subpoena fails to give reasonable notice in violation of FRCP 34(b) and FRCP 30(b)(5): when a subpoena joins a request for production of documents, FRCP 34 applies - requiring a minimum of 30 days notice. (5) How HMC, which is Citzen Smith, LLC's landlord, has standing to subpoena (or bring a motion for a trustee) in this case, when it is not a creditor -  it being current with its rent.

10.    The next morning, shoved under my office door were two subpoenas: for Pat Johnston and for James Sinclair, to appear for a deposition and to produce documents on August 15, 2008 at 9:00 am and at 1:00pm. That morning, I wrote HMC's counsel another meet

---

[2]A true and correct copy of my letter of August 7, 2008 is attached hereto as Exhibit "2" and is incorporated herein by this reference.

1    and confer letter as to why the Subpoena was defective.[3]

2    11.    Later that day, on August 8, 2008, I received HMC's revised two subpoenas: for Pat

3    Johnston and for James Sinclair, to appear for a deposition and to produce documents on

4    August 18, 2008. In these subpoenas, two additional categories were requested: (11) All

5    communications with Dan & Mandy Catullo, including any known purchasing operating

6    other documents; & (12) Current financials including balance sheet, P&L, trial balance,

7    bank balances, loans and all debts.[4] Again, one wonders why a landlord who is current

8    with its rent owed, needs to see said documentation of its tenant.

9    12.    That day, I wrote HMC's counsel another meet and confer letter as to why the

10    Subpoena was defective:[5] "Your letter of today unilaterally (re)scheduling the Johnston

11    and Sinclair depositions to August 18, 2008 (after me telling you in writing that I will be

12    unavailable from August 12, 2008 through August 19, 2008 as I will be in New York) is

13    ridiculous and unacceptable, and it still violates the FRCP as delineated in my letter to

14    you of yesterday. I offered to continue the hearing on the Trustee's motion because of

15    my unavailability and you refused, hoping to hold my feet to the fire to gain some kind

16    of tactical advantage considering my unavailability. If you want to take the Johnston and

17    Sinclair depositions at a time that does not violate my unavailability, then I suggest that

18    you continue the Trustee's motion. As of now, due to the defective subpoenas, we will

19    not be appearing at said unilaterally scheduled depositions."

20    13.    HMC's subpoenas did not accompany witness fees.

21    14.    On August 11, 2008, HMC's counsel wrote me back: "The subpoenas to Mr. Johnston

22    and Mr. Sinclair were properly issued and served. You have offered no alternative for

23    their depositions and we have attempted to accommodate your schedule as best we can

---

25    [3]A true and correct copy of my letter of August 8, 2008 is attached hereto as Exhibit 3 and is incorporated herein by this reference.

26    [4]A true and correct copy of HMC's letter of August 8, 2008 is attached hereto as Exhibit 4 and is incorporated herein by this reference.

27

28    [5]A true and correct copy of my letter of August 8, 2008 is attached hereto as Exhibit 5 and is incorporated herein by this reference.

1    under the circumstances and given Citizen Smith's illegal conduct in operating the

2    premises, which has resulted in a citation to the landlord. Absent a motion to quash, we

3    assume that Mr. Johnston and Mr. Sinclair will appear for their depositions and provide

4    the requested documents on August 18, 2008."[6] Hence, this motion was necessary.

5    15.    Before moving for this protective order, I attempted to confer in an effort to resolve this

6    matter without court action, pursuant to FRCP 26©, but to no avail. I have met my meet

7    and confer obligations.

8

9    I declare under penalty of perjury pursuant to the laws of the State of California that the

10   foregoing is true and correct.

11

12   DATED:

13

14   _Baruch Cohen_ (signature)

15   _____

16   Baruch Cohen

17

18

19

20

21

22

23

24

25

26

27   _____

28   [6]A true and correct copy of HMC's letter of August 11, 2008 is attached hereto as Exhibit
     "" and is incorporated herein by this reference.

## PROOF OF SERVICE

I, Baruch C. Cohen, declare as follows:

I am, and was at all times herein mentioned, a citizen of the United States, a resident of the County of Los Angeles, State of California, over the age of 18 years and not a party to this action or proceeding. My business address is 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

Upon this day, I served the within **NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER ON THE DEPOSITIONS OF PAT JOHNSTON AND JAMES SINCLAIR & IN THE ALTERNATIVE FOR A MOTION TO QUASH THE SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BARUCH COHEN IN SUPPORT THEREOF** on all interested parties in this action through their attorneys of record by placing a true and correct copy thereof, addressed as per the attached service list.

  X    **VIA FIRST CLASS MAIL** [C.C.P. §§ 1012a, et seq., & Local Bankruptcy Rule 7004-1(2)(b)]. I deposited said document(s) into the United States mail at Los Angeles, California, in a sealed envelope with postage fully prepaid. My practice is to collect and process mail on the same day as shown on this declaration. Under that practice, all correspondence is deposited with the US Postal Service on the same day that it is placed for collection and processing, in the ordinary course of business.

____ **VIA HAND DELIVERY/PERSONAL SERVICE** (C.C.P. §§ 1001, et seq., & Local Bankruptcy Rule 7004-1(2)(c)]. I directed a courier to personally deliver said document(s) to each addressee.

____ **VIA FEDERAL EXPRESS/OVERNIGHT/NEXT BUSINESS DAY DELIVERY SERVICE** (C.C.P. §§ 1011, 1012, & Local Bankruptcy Rule 7004-1(2)(d)]. I enveloped, properly labeled, and caused to be deposited into a Federal Express pick-up receptacle as per the regular practice of my office.

____ **VIA FACSIMILE** (C.C.P. §§ 1012.5, & Local Bankruptcy Rule 7004-1(2)(e)]. I caused the said document(s) to be transmitted by SACsimile machine to the number indicated after the address(es) noted herein. I received written confirmation that the SACsimile transmission was received by the addressee.

I declare that I am a member of the State Bar of this Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Los Angeles, California on August 12, 2008.

Baruch C. Cohen

1

## SERVICE LIST

2 **OUST**
Bruce S. Schildkraut, Esq.
3 Office of the United States Trustee
725 South Figueroa Street, Suite 2600
4 Los Angeles, CA 90017

5 **COUNSEL FOR PETITIONING CREDITORS MIKE BROOKS, VJ GLASS, MIRROR, LLC., AND G&E WELDING**

6
Steven T. Gubner, Esq.
7 Ezra | Brutzkus | Gubner LLP
21650 Oxnard Street, Suite 500
8 Woodland Hills, CA 91436

9 **REQUEST FOR SPECIAL NOTICE**

10 David M. Poitras, Esq.
Jeffer Mangels Butler & Marmaro LLP
11 1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-4308
12
**REQUEST FOR SPECIAL NOTICE**
13
Henry B. LaTorraca, Esq.
14 Law Office of Henry B. LaTorraca
Union Bank of California Building
15 400 Oceangate, Suite 700
Long Beach, CA 90802-4306
16

17

18

19

20

21

22

23

24

25

26

27

28

Subj:   **Citizen Smith**
Date:   8/5/2008
To:     dpoitras@jmbm.com
BCC:    james@thepajagroup.com

David:

I have various personal and family obligations in and out-of-state the week of August 26, and the week of September 1, 2008. Can we stipulate to continue the hearing on the motion for the trustee by about 2 weeks? Please advise.

Baruch

---

Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Telephone (323) 937-4501
Facsimile (323) 937-4503
cell phone: (323) 353-9535
e-mail: BCC4929@aol.com

This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is legally privileged.

This e-mail is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication. Thank you.

Exhibit #___|___ Page #___|___

בס״ד

Law Office of

# Baruch C. Cohen, Esq.

A Professional Law Corporation

---

4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010-3823

Telephone: (323) 937-4501
Facsimile: (323) 937-4503

August 7, 2008

*Via Facsimile Transmission: 310/712-8571*

David M. Poitras, Esq.
Stanley Gibson, Esq.
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067-4308

Re:     *In re Citizen Smith, LLC, USBC 2:08-bk-19197-SB*

Dear David & Stanley:

Today at about 5:00 pm., my office received the attached Subpoena to Patrick Johnston to appear for a deposition and to produce documents on August 15, 2008 at 9:00 at your office.

Said Subpoena is defective.

1.      The only party to this involuntary bankruptcy is Citizen Smith, LLC. Patrick Johnston is a nonparty to this involuntary. To the extent you believe that Patrick Johnston is an officer or the Person Most Knowledgeable of Citizen Smith, LLC, your Subpoena failed to identify him as such and failed to comply with proper notice requirements.

2.      The Subpoena fails to give reasonable notice of the deposition in violation of FRCP 30(b)(1). Eight (8) days notice is woefully inadequate and insufficient. At lease ten (10) days is customarily expected. You also failed to consult with me about the convenience of the deposition. For the record, I will be unavailable from August 12, 2008 through August 19, 2008 as I will be in New York.

3.      The Subpoena fails to give reasonable notice to every other party to the action in violation of FRCP 30(b)(1).

4.      The Subpoena fails to give reasonable notice in violation of FRCP 34(b) and FRCP 30(b)(5): when a subpoena joins a request for production of documents, FRCP 34 applies - requiring a minimum of 30 days notice.

5.      The Subpoena fails to state who you are representing. If you are representing Hollywood Media Center, LLC., which is Citizen Smith, LLC's landlord, I fail to see how your client has standing to subpoena (or bring a motion for a trustee) in this case, when it is not a creditor - it being current with its rent.

Evidentiary objections to the Subpoena will be presented upon you re-issuing a valid Subpoena and after you meet and confer with me regarding the date time and place.



Exhibit # 2   Page # 1

To: David M. Poitras, Esq., Stanley Gibson, Esq.                                    בס״ד
From: Baruch C. Cohen, Esq.
August 7, 2008
Page 2

If you have any questions or comments regarding the above, please do not hesitate to call.


Respectfully,


BARUCH C. COHEN
cc:     Citizen Smith, LLC
        Roger Manlin, Esq., via fax: 323-953-6156, email: manlinlaw@aol.com
Enclosure
F:\DOCS\CITIZEN-SMITH\DAVID-POITRAS-02.LTR.wpd
8/7-5:59pm


**Exhibit # ⧓ Page # ⧓**

Form 256 – Subpoena in a Case under the Bankr.    Code (12/06)    2006 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| In re:<br>Citizen Smith, LLC | |
| Debtor | **SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE** |
| To: Patrick Johnston | Case No.*: 2:08-bk-19197-SB<br><br>Chapter: 11 |

☐    YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Jeffer, Mangels, Butler & Marmaro, LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA  90067 | DATE AND TIME<br>August 15, 2008<br>9:00 a.m. |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Attachment "A" attached hereto.

| PLACE<br>Jeffer, Mangels, Butler & Marmaro, LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA  90067 | DATE AND TIME |
|---|---|

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this proceeding that is subpoenaed for the taking of a disposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>Attorney | DATE<br>August 6, 2008 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Stanley M. Gibson (310) 203-8080<br>Jeffer, Mangels, Butler & Marmaro, LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA  90067 | |

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Exhibit # _2_   Page # _3_

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT A TO SUBPOENA

### DEFINITIONS

A.    The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and includes electronically stored or transmitted information. A draft or non-identical copy is a separate document within the meaning of this term.

B.    The term "person" includes any natural person, or any business, legal or governmental entity or association.

C.    Material "relating to" any given subject means all materials that constitute, contain, embody, reflect, identify, state, refer to, deal with, or are in any way pertinent to that subject, including without limitation, documents which relate to the preparation of another document, or are attached to or constitute enclosures with another document.

D.    Material "concerning" any given subject means all materials relating to, referring to, describing, evidencing or constituting that subject.

E.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

F.    The term "Action" means In re: Citizen Smith, LLC ("Citizen Smith"), case number 2-08-bk-19197-SB.

### DOCUMENTS SUBPOENAED

1.    Purchase Agreement (and any amendments) between Citizen Smith and James Sinclair.

2.    Operating Agreement (and any amendments) between Citizen Smith and James Sinclair.


Exhibit #___2___ Page #___4___

5564864v1

3.    All documents authorizing Patrick Johnston to act as managing member of

Citizen Smith.

4.    All insurance policies for Citizen Smith.

5.    All communications between Patrick Johnston and James Sinclair.

6.    All citations to Citizen Smith.

7.    All notices to Citizen Smith.

8.    All communications between Patrick Johnston and the members of Citizen Smith.

9.    All communications between Citizen Smith and any government agency.

10.    All of Citizen Smith's receipts for purchases of alcohol.

Exhibit # 2 Page # 5

-2-



# First Legal Support Services

| | | |
|---|---|---|
| Los Angeles | (213) 250-1111 | • Fax (213) 250-1197 |
| Direct line to legal | (213) 250-9111 | • Fax (213) 250-1197 |
| Los Angeles (West) | (310) 277-9111 | • Fax (310) 277-9153 |
| Direct line to legal | (310) 277-7101 | • Fax (310) 277-9153 |
| Inland Empire | (909) 779-1110 | • Fax (909) 779-0100 |
| San Diego | (619) 231-9111 | • Fax (619) 231-1361 |
| San Francisco | (415) 626-3111 | • Fax (415) 626-1331 |
| Santa Ana | (714) 541-1110 | • Fax (714) 541-8182 |

**SERVICE OF PROCESS FORM**   web address: firstlegalsupport.com

CONTROL NO. 4158315

DATE: 8/7/08

FIRM NAME: **Jeffer, Mangels, Butler & Marmaro LLP.**

PHONE: **(310) 203-8080**

FAX: (310) 203-0567

ATTY / SECRETARY: Sheila        EXT: 6464

DOCUMENTS:
Deposition Subpoena of Patrick Johnston and James Sinclair

CHARGE REFERENCE / ATTY. CODE : 60664-0007

ADVANCE WITNESS ☐ YES ☐ NO

CASE NO:
2:08-bk-19197 SB

LAST DAY TO SERVE: Today

HEARING
S _____ AT _____ DEPT/DIV _____
E

SERVE:
Baruch C. Cohen

(PLEASE INDICATE NAME EXACTLY AS IT SHOULD APPEAR ON PROOF OF SERVICE)

**TYPE OF SERVICE**
☐ PERSONAL ONLY
☐ SUBSTITUTED OK
☐ DELIVER / DROP SERVE

RESIDENCE ADDRESS:

BUSINESS ADDRESS:
Law Office of Baruch C. Cohen
4929 Wilshire Blvd., Ste. 940
Los Angeles, CA 90010

**TYPE OF SERVICE**
☒ SPECIAL
☐ ASAP (Same Day)
☐ RUSH (Next Business Day)
☐ REGULAR (3-4 Day)

TELEPHONE #:

HOURS WORKED:

TELEPHONE #: (323) 937-4501

SPECIAL INSTRUCTIONS: PERSONALLY SERVE TODAY

STEVE KELLY @ JEFFER MANGELS
PHONE: 310-785-6332
FAX: 310-203-0567
DIRECT CONNECT #: 122*777*59
PLEASE CALL FOR ALL FILINGS

**WITNESS FEES**

CHECK WRITTEN BY:
☐ CLIENT ☐ FLSS

AMOUNT:

CHECK #:

COMMENTS:

| HEIGHT | WEIGHT | HAIR | EYES | AGE | SEX | RACE | ADDITIONAL |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| DATE SERVED | TIME SERVED | PROCESS SERVER | PERSON SERVED / TITLE |
|---|---|---|---|
| | | | |

**Exhibit # 2    Page # 6**

בס"ד

Law Office of
# Baruch C. Cohen, Esq.
A Professional Law Corporation

---

4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010-3823

Telephone: (323) 937-4501
Facsimile: (323) 937-4503

August 8, 2008

*Via Facsimile Transmission: 310/712-8571*

David M. Poitras, Esq.
Stanley Gibson, Esq.
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067-4308

Re:    *In re Citizen Smith, LLC, USBC 2:08-bk-19197-SB*

Dear David & Stanley:

Today as I entered my office, I saw shoved under my door an envelope from your office containing the attached two (2) Subpoeanas: (1) to Patrick Johnston to appear for a deposition and to produce documents on August 15, 2008 at 9:00 am; & (2) to James Sinclair to appear for a deposition and to produce documents on August 15, 2008 at 1:00 pm.

Said Subpoena is defective.

1.    The only party to this involuntary bankruptcy is Citizen Smith, LLC. Patrick Johnston is a nonparty to this involuntary. To the extent you believe that Patrick Johnston and/or James Sinclair are officers or the Person Most Knowledgeable of Citizen Smith, LLC, your Subpoenas failed to identify them as such and failed to comply with proper notice requirements.

2.    The Subpoenas fail to give reasonable notice of the deposition in violation of FRCP 30(b)(1). Eight (8) days notice is woefully inadequate and insufficient. At lease ten (10) days is customarily expected. You also failed to consult with me about the convenience of the depositions. For the record, I will be unavailable from August 12, 2008 through August 19, 2008 as I will be in New York.

3.    The Subpoenas fail to give reasonable notice to every other party to the action in violation of FRCP 30(b)(1).

4.    The Subpoenas fail to give reasonable notice in violation of FRCP 34(b) and FRCP 30(b)(5): when a subpoena joins a request for production of documents, FRCP 34 applies - requiring a minimum of 30 days notice.

5.    The Subpoenas fail to state who you are representing. If you are representing Hollywood Media Center, LLC., which is Citizen Smith, LLC's landlord, I fail to see how your client has standing to subpoena (or bring a motion for a trustee) in this case, when it is not a creditor -  it being current with its rent.

**Exhibit # 3   Page # 1**

To: David M. Poitras, Esq., Stanley Gibson, Esq.                                    בס"ד
From: Baruch C. Cohen, Esq.
August 8, 2008
Page 2

Evidentiary objections to the Subpoena will be presented upon you re-issuing valid Subpoenas
and after you meet and confer with me regarding the date time and place.

If you have any questions or comments regarding the above, please do not hesitate to call.


Respectfully,


BARUCH C. COHEN
cc:    Citizen Smith, LLC
       Roger Manlin, Esq., via fax: 323-953-6156, email: manlinlaw@aol.com
Enclosures
F:\DOCS\CITIZEN-SMITH\DAVID-POITRAS-03.LTR.wpd
8/8-5:01am


Exhibit # 3  Page # 2

# JMBM | Jeffer Mangels
        Butler & Marmaro LLP

Stanley M. Gibson                                          1900 Avenue of the Stars, 7th Floor
Direct: (310) 201-3548                                     Los Angeles, California 90067-4308
sgibson@jmbm.com                                           (310) 203-8080  (310) 203-0567 Fax
                                                           www.jmbm.com

August 8, 2008



Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen
4929 Wilshire Boulevard, Ste. 940
Los Angeles, CA 90010



                In re: Citizen Smith Chapter 11 Bankruptcy Case
                USBC Case No. 2:08-bk-19197-SB

Dear Mr. Cohen:

        This will respond to you letter regarding the deposition subpoena. First, the subpoena
was properly served on you as the attorney for Citizen Smith. Indeed, Mr. Johnston purports to
act as the managing member of Citizen Smith and one of the purposes of the deposition is to
ascertain whether he properly has such authority. If it is your position that Mr. Johnston is not
the managing member of Citizen, please let me know who you believe is the managing member
and why. Second, with respect to your scheduling issues, we are willing to accommodate your
schedule but we also need to have these depositions prior to the due date for our reply and, as I
mentioned during our phone call, we cannot delay the trustee motion due to the ongoing
misconduct of the current management that is resulting in citations, with potential misdemeanor
implications, against the landlord.

        Accordingly, I have enclosed revised subpoenas for August 18th, which is best we can
due to accommodate your schedule and meet the time table for our reply brief.

        If you have any questions, please feel free to call.

                                        Sincerely,

                                        STANLEY M. GIBSON of
                                        Jeffer, Mangels, Butler & Marmaro LLP

SMG:se

                        **Exhibit # 4   Page # 1**

A Limited Liability Law Partnership Including Professional Corporations / Los Angeles • San Francisco • Orange County
5570003v1

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| In re: Citizen Smith, LLC |  |
| Debtor | **SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE** |
| To: James Sinclair | Case No.*: 2:08-bk-19197-SB<br><br>Chapter: 11 |

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Jeffer, Mangels, Butler & Marmaro, LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067 | DATE AND TIME<br>August 18, 2008<br>1:00 p.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Attachment "A" attached hereto

| PLACE<br>Jeffer, Mangels, Butler & Marmaro, LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067 | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this proceeding that is subpoenaed for the taking of a disposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE<br>Attorney   Stanley Gibson | DATE<br>August 8, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stanley M. Gibson (310) 203-8080     **Exhibit #____ Page #____**
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT A TO SUBPOENA

### DEFINITIONS

A.      The term "document" is defined to be synonymous in meaning and equal in scope

to the usage of this term in Federal Rule of Civil Procedure 34(a) and includes electronically

stored or transmitted information.  A draft or non-identical copy is a separate document within

the meaning of this term.

B.      The term "person" includes any natural person, or any business, legal or

governmental entity or association.

C.      Material "relating to" any given subject means all materials that constitute,

contain, embody, reflect, identify, state, refer to, deal with, or are in any way pertinent to that

subject, including without limitation, documents which relate to the preparation of another

document, or are attached to or constitute enclosures with another document.

D.      Material "concerning" any given subject means all materials relating to, referring

to, describing, evidencing or constituting that subject.

E.      The term "communication" means the transmittal of information (in the form of

facts, ideas, inquiries or otherwise).

F.      The term "Action" means In re: Citizen Smith, LLC ("Citizen Smith"), case

number 2-08-bk-19197-SB.

### DOCUMENTS SUBPOENAED

1.      Purchase Agreement (and any amendments) between Citizen Smith and James
        Sinclair.

2.      Operating Agreement (and any amendments) between Citizen Smith and James
        Sinclair.

3.      All documents authorizing Patrick Johnston to act as managing member of
        Citizen Smith.

**Exhibit #__4__ Page #__3__**

4.      All insurance policies for Citizen Smith.

5.      All communications between Patrick Johnston and James Sinclair.

6.      All citations to Citizen Smith.

7.      All  notices to Citizen Smith.

8.      All communications between Patrick Johnston and the members of Citizen Smith.

9.      All communications between Citizen Smith and any government agency.

10.     All of Citizen Smith's receipts for purchases of alcohol.

11.     All communications with Dan and Mandy Catullo, including any known purchasing, operating or other documents.

12.     Current financials including balance sheet, P&L, trial balance, bank balances, loans, and all debts.



Exhibit #____ Page #____

-2-

# PROOF OF SERVICE

## STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES

I am employed in the City and County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  1900 Avenue of the Stars, 7th Floor, Los Angeles, California 90067.

On August 8, 2008 I served the document(s) described as **SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE - JAMES SINCLAIR** in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

### See Attached Service List

☒    (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    (BY FAX) At        , I transmitted, pursuant to Rule 2.306, the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s).  The transmission originated from facsimile phone number (310) 203-0567 and was reported as complete and without error.  The facsimile machine properly issued a transmission report, a copy of which is attached hereto.

☒    (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

☐    (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

Executed on August 8, 2008 at Los Angeles, California.

☐    (STATE)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    (FEDERAL)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Sheila Edwards

Exhibit #___ Page #___

5487073v1

In re: CITIZEN SMITH, LLC;
    Case No. 2:08-bk-19197-SB

Office of the United States Trustee
Bruce S. Schildkraut
725 S Figueroa Street, Suite 2600
Los Angeles, CA 90017-2513

*VIA U.S. MAIL*

Attorneys for Citizen Smith, LLC
Baruch C. Cohen
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Blvd., Suite 940
Los Angeles, CA 90010

*VIA PERSONAL SERVICE*

Attnys for Petitioning Creditors:
G&E Welding Inc., VJ Glass, Mirror, LLC and Mike Brooks
Steven T. Gubner
EZRA Brutzkus & Gubner
21650 Oxnard Street, Suite 500
Los Angeles, CA 90017-2513

*VIA U.S. MAIL*

Petitioning Creditor
G & E Welding Inc.
7261 Hinds Avenue
North Hollywood, CA 91605

*VIA U.S. MAIL*

Petitioning Creditor
Jennings, Steine & Co.
12100 Wilshire Blvd., Ste 400
Los Angeles, CA 90025

*VIA U.S. MAIL*

Mark Fingerman, Esq.
Jacobson, Russell Saltz & Fingerman, LLP
10866 Wilshire Blvd., Ste 1550
Los Angeles, CA 90024

*VIA U.S. MAIL*

Citizen Smith LLC
1600 and 1602 N Cahuenga Blvd.
Hollywood, CA 90028

*VIA U.S. MAIL*

Petitioning Creditor
Mike Brooks
4322 Cezanne Avenue
Woodland Hills, CA 91364

*VIA U.S. MAIL*

Petitioning Creditor
VJ Glass, Mirror LLC
416 S Victory Blvd.
Burbank, CA 91502

*VIA U.S. MAIL*

Petitioning Creditor
Thomas Schoos Design Inc.
8271 Santa Monica Blvd.
Los Angeles, CA 90046-5956

*VIA U.S. MAIL*

Attorneys for California Air Conditioning Systems, Inc.
Henry B. La Torraca
Law Office of Henry B. La Torraca
400 Oceangate, Ste 700
Long Beach, CA 90802-4306

*VIA U.S. MAIL*

Patrick L. Johnston
216 Agate Avenue
Balboa Island, CA 92662

*VIA U.S. MAIL*

Exhibit #____4____ Page #____6____

| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | FOR COURT USE ONLY |
|---|---|
| In re:<br>Citizen Smith, LLC<br><br><br><br>                                        Debtor | **SUBPOENA IN A CASE UNDER THE**<br>**BANKRUPTCY CODE** |
| To: Patrick Johnston | Case No.*: 2:08-bk-19197-SB<br><br>Chapter: 11 |

☐  YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Jeffer, Mangels, Butler & Marmaro, LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA  90067 | DATE AND TIME<br>August 18, 2008<br>9:00 a.m. |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Attachment "A" attached hereto.

| PLACE<br>Jeffer, Mangels, Butler & Marmaro, LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA  90067 | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this proceeding that is subpoenaed for the taking of a disposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>Attorney  *Stanly Gibson ky mm* | DATE<br>August 8, 2008 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Stanley M. Gibson (310) 203-8080<br>Jeffer, Mangels, Butler & Marmaro, LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA  90067 | |

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Exhibit #____1____  Page #____2____

American LegalNet, Inc.<br>www.FormsWorkflow.com

## ATTACHMENT A TO SUBPOENA

### DEFINITIONS

A.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and includes electronically stored or transmitted information. A draft or non-identical copy is a separate document within the meaning of this term.

B.      The term "person" includes any natural person, or any business, legal or governmental entity or association.

C.      Material "relating to" any given subject means all materials that constitute, contain, embody, reflect, identify, state, refer to, deal with, or are in any way pertinent to that subject, including without limitation, documents which relate to the preparation of another document, or are attached to or constitute enclosures with another document.

D.      Material "concerning" any given subject means all materials relating to, referring to, describing, evidencing or constituting that subject.

E.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

F.      The term "Action" means In re: Citizen Smith, LLC ("Citizen Smith"), case number 2-08-bk-19197-SB.

### DOCUMENTS SUBPOENAED

1.      Purchase Agreement (and any amendments) between Citizen Smith and James Sinclair.

2.      Operating Agreement (and any amendments) between Citizen Smith and James Sinclair.

3.      All documents authorizing Patrick Johnston to act as managing member of Citizen Smith.



**Exhibit #____ Page #____**

4.    All insurance policies for Citizen Smith.

5.    All communications between Patrick Johnston and James Sinclair.

6.    All citations to Citizen Smith.

7.    All  notices to Citizen Smith.

8.    All communications between Patrick Johnston and the members of Citizen Smith.

9.    All communications between Citizen Smith and any government agency.

10.    All of Citizen Smith's receipts for purchases of alcohol.

11.    All communications with Dan and Mandy Catullo, including any known purchasing, operating or other documents.

12.    Current financials including balance sheet, P&L, trial balance, bank balances, loans, and all debts.



Exhibit # __6__  Page # __9__

## PROOF OF SERVICE

**STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES**

I am employed in the City and County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1900 Avenue of the Stars, 7th Floor, Los Angeles, California 90067.

On August 8, 2008 I served the document(s) described as **SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE - PATRICK JOHNSTON** in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

### See Attached Service List

☒   (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   (BY FAX) At        , I transmitted, pursuant to Rule 2.306, the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s). The transmission originated from facsimile phone number (310) 203-0567 and was reported as complete and without error. The facsimile machine properly issued a transmission report, a copy of which is attached hereto.

☒   (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

☐   (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

Executed on August 8, 2008 at Los Angeles, California.

☐   (STATE)       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒   (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Sheila Edwards_
Sheila Edwards

Exhibit # __4__  Page # __1D__

5487073v1

In re: CITIZEN SMITH, LLC;
    Case No. 2:08-bk-19197-SB


Office of the United States Trustee
Bruce S. Schildkraut
725 S Figueroa Street, Suite 2600
Los Angeles, CA 90017-2513

*VIA U.S. MAIL*

Attorneys for Citizen Smith, LLC
Baruch C. Cohen
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Blvd., Suite 940
Los Angeles, CA 90010

*VIA PERSONAL SERVICE*

Attnys for Petitioning Creditors:
G&E Welding Inc., VJ Glass, Mirror, LLC and Mike Brooks
Steven T. Gubner
EZRA Brutzkus & Gubner
21650 Oxnard Street, Suite 500
Los Angeles, CA 90017-2513

*VIA U.S. MAIL*

Petitioning Creditor
G & E Welding Inc.
7261 Hinds Avenue
North Hollywood, CA 91605

*VIA U.S. MAIL*

Petitioning Creditor
Jennings, Steine & Co.
12100 Wilshire Blvd., Ste 400
Los Angeles, CA 90025

*VIA U.S. MAIL*

Mark Fingerman, Esq.
Jacobson, Russell Saltz & Fingerman, LLP
10866 Wilshire Blvd., Ste 1550
Los Angeles, CA 90024

*VIA U.S. MAIL*

Citizen Smith LLC
1600 and 1602 N Cahuenga Blvd.
Hollywood, CA 90028

*VIA U.S. MAIL*

Petitioning Creditor
Mike Brooks
4322 Cezanne Avenue
Woodland Hills, CA 91364

*VIA U.S. MAIL*

Petitioning Creditor
VJ Glass, Mirror LLC
416 S Victory Blvd.
Burbank, CA 91502

*VIA U.S. MAIL*

Petitioning Creditor
Thomas Schoos Design Inc.
8271 Santa Monica Blvd.
Los Angeles, CA 90046-5956

*VIA U.S. MAIL*

Attorneys for California Air Conditioning Systems, Inc.
Henry B. La Torraca
Law Office of Henry B. La Torraca
400 Oceangate, Ste 700
Long Beach, CA 90802-4306

*VIA U.S. MAIL*

Patrick L. Johnston
216 Agate Avenue
Balboa Island, CA 92662

*VIA U.S. MAIL*

**Exhibit #** 1 **Page #** 11

Subj:      **Citizen Smith - Opposition to Subpoenas of Johnston and Sinclair depositions**
Date:      8/8/2008
To:        sgibson@jmbm.com, DMP@JMBM.com, dpoitras@jmbm.com
BCC:       james@thepajagroup.com, Manlinlaw, p_johnston@sbcglobal.net, jonny@thepajagroup.com

David & Stan:

Your letter of today unilaterally (re)scheduling the Johnston and Sinclair depositions to August 18, 2008 (after me telling you in writing that I will be unavailable from August 12, 2008 through August 19, 2008 as I will be in New York) is ridiculous and unacceptable, and it still violates the FRCP as delineated in my letter to you of yesterday.

I offered to continue the hearing on the Trustee's motion because of my unavailability and you refused, hoping to hold my feet to the fire to gain some kind of tactical advantage considering my unavailability. If you want to take the Johnston and Sinclair depositions at a time that does not violate my unavailability, then I suggest that you continue the Trustee's motion.

As of now, due to the defective subpoenas, we will not be appearing at said unilaterally scheduled depositions.

Baruch

---

Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Telephone (323) 937-4501
Facsimile (323) 937-4503
cell phone: (323) 353-9535
e-mail: BCC4929@aol.com

This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is legally privileged.

This e-mail is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication. Thank you.

**Exhibit # __5__ Page # __1__**

Subj:   **RE: Citizen Smith - Opposition to Subpoenas of Johnston and Sinclair depositions**
Date:   8/11/2008 2:27:12 P.M. Pacific Daylight Time
From:   SMG@JMBM.com
To:     BCC4929@aol.com, DMP@JMBM.com, DMP@JMBM.com

Dear Mr. Cohen:

The subpoenas to Mr. Johnston and Mr. Sinclair were properly issued and served. You have offered no alternative for their depositions and we have attempted to accommodate your schedule as best we can under the circumstances and given Citizen Smith's illegal conduct in operating the premises, which has resulted in a citation to the landlord.

Absent a motion to quash, we assume that Mr. Johnston and Mr. Sinclair will appear for their depositions and provide the requested documents on August 18, 2008.

Please feel free to call if you have any questions.

---

Stanley M. Gibson of
JMBM | Jeffer, Mangels, Butler & Marmaro LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
(310) 201-3548
(310) 712-8548 (fax)

SGibson@jmbm.com
JMBM.com

This e-mail message and any attachments are confidential and may be attorney-client privileged. Dissemination, distribution or copying of this message or attachments without proper authorization is strictly prohibited. If you are not the intended recipient, please notify JMBM immediately by telephone or by e-mail, and permanently delete the original, and destroy all copies, of this message and all attachments. For further information, please visit JMBM.com.

Circular 230 Disclosure: To assure compliance with Treasury Department rules governing tax practice, we hereby inform you that any advice contained herein (including in any attachment) (1) was not written or intended to be used, and cannot be used, by you or any taxpayer for the purpose of avoiding any penalties that may be imposed on you or any taxpayer and (2) may not be used or referred to by you or any other person in connection with promoting, marketing or recommending to another person any transaction or matter addressed herein.

---

**From:** BCC4929@aol.com [mailto:BCC4929@aol.com]
**Sent:** Friday, August 08, 2008 5:32 PM
**To:** Gibson, Stan; Poitras, David M.; Poitras, David M.
**Subject:** Citizen Smith - Opposition to Subpoenas of Johnston and Sinclair depositions

David & Stan:

Your letter of today unilaterally (re)scheduling the Johnston and Sinclair depositions to August 18, 2008 (after me telling you in writing that I will be unavailable from August 12, 2008 through August 19, 2008 as I will be in New York) is ridiculous and unacceptable, and it still violates the FRCP as delineated in my letter to you of yesterday.



**Exhibit #_____ Page #_____**

Monday, August 11, 2008 AOL: BCC4929

I offered to continue the hearing on the Trustee's motion because of my unavailability and you refused, hoping to hold my feet to the fire to gain some kind of tactical advantage considering my unavailability. If you want to take the Johnston and Sinclair depositions at a time that does not violate my unavailability, then I suggest that you continue the Trustee's motion.

As of now, due to the defective subpoenas, we will not be appearing at said unilaterally scheduled depositions.

Baruch

---

Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Telephone (323) 937-4501
Facsimile (323) 937-4503
cell phone: (323) 353-9535
e-mail: BCC4929@aol.com

This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is legally privileged.

This e-mail is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication. Thank you.

Looking for a car that's sporty, fun and fits in your budget? Read reviews on AOL Autos.

Exhibit # 6 Page # 2