**ORIGINAL**

1 | Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
2 |     A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
3 | Los Angeles, California 90010
(323) 937-4501    Fax (323) 937-4503
4 | email: BCC4929@aol.com

5 | *Attorney For Citizen Smith, LLC*

**FILED**

**SEP 12 2008**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:        Deputy Clerk

6

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:08-bk-19197-SB |
| | Assigned to the Honorable Samuel Bufford |
| **CITIZEN SMITH, LLC** | Chapter 11 |
|     Debtor. | |
| | **REQUEST FOR JUDICIAL NOTICE RE: EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTIVE RELIEF (1) RESTRAINING AND PREVENTING HOLLYWOOD MEDIA CENTER, LLC AND DAVID GAJDA FROM VIOLATING THE AUTOMATIC STAY AND (2) REQUIRING ANDREW BELCHIC TO COMPLY WITH THE COURT'S PRIOR ORDERS UPON A PREVIOUS FINDING OF CONTEMPT; FOR ISSUANCE OF ORDERS TO SHOW CAUSE RE CONTEMPT; FOR THE IMPOSITION OF ATTORNEYS FEES AND COSTS FOR VIOLATIONS OF THE AUTOMATIC STAY AND OTHER ORDERS; AND FOR OTHER RELIEF** |
| | Date: TO BE DETERMINED |
| | Time: TO BE DETERMINED |
| | Place: Courtroom 1575 |
| | Edward Roybal Building |
| | 255 East Temple Street |
| | Los Angeles, CA 90012 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Evidence 201,

Debtor-In-Possession CITIZEN SMITH (hereinafter referred to as "CITIZEN SMITH") by and

through its attorneys, hereby requests that this Court take Judicial Notice of the following documents filed in the instant action, attached hereto as set forth below:

1. *Emergency Motion for Temporary Restraining Order And/or Preliminary Injunctive Relief Restraining and Preventing Andrew Belchic from Violating the Automatic Stay; for Issuance of an Order to Show Cause re Contempt; for the Imposition of Attorneys Fees and Costs for Violation of the Automatic Stay; and for Other Relief*

2. *Temporary Restraining Order And/or Preliminary Injunctive Relief Restraining and Preventing Andrew Belchic from Violating the Automatic Stay; for Issuance of an Order to Show Cause re Contempt; for the Imposition of Attorneys Fees and Costs for Violation of the Automatic Stay; and for Other Relief*

3. *Declaration of Baruch C. Cohen re Notice of Emergency Motion for Temporary Restraining Order And/or Preliminary Injunctive Relief Restraining and Preventing Andrew Belchic from Violating the Automatic Stay; for Issuance of an Order to Show Cause re Contempt; for the Imposition of Attorneys Fees and Costs for Violation of the Automatic Stay; and for Other Relief*

4. *Complaint for Damages & Injunction (*for intentional interference with contract, conspiracy, negligent interference with contract, ejectment, unfair business practices) entitled: *Hollywood Media Center LLC vs Patrick Johnston, James Sinclair, Daniel Catullo*, LASC # BC397669, filed September 5, 2008, **at 3:58:43pm**.

DATED:        September 12, 2008            LAW OFFICE OF BARUCH C. COHEN
                                            A Professional Law Corporation


                                            By _____
                                            Baruch C. Cohen, Esq.
                                            *Attorney For Citizen Smith, LLC*

F:\DOCS\CITIZEN-SMITH\RJN.wpd                    1
9/12-12:00am

## PROOF OF SERVICE

I, Baruch C. Cohen, declare as follows:

I am, and was at all times herein mentioned, a citizen of the United States, a resident of the County of Los Angeles, State of California, over the age of 18 years and not a party to this action or proceeding. My business address is 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

Upon this day, I served the within **REQUEST FOR JUDICIAL NOTICE RE: EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTIVE RELIEF (1) RESTRAINING AND PREVENTING HOLLYWOOD MEDIA CENTER, LLC AND DAVID GAJDA FROM VIOLATING THE AUTOMATIC STAY AND (2) REQUIRING ANDREW BELCHIC TO COMPLY WITH THE COURT'S PRIOR ORDERS UPON A PREVIOUS FINDING OF CONTEMPT; FOR ISSUANCE OF ORDERS TO SHOW CAUSE RE CONTEMPT; FOR THE IMPOSITION OF ATTORNEYS FEES AND COSTS FOR VIOLATIONS OF THE AUTOMATIC STAY AND OTHER ORDERS; AND FOR OTHER RELIEF** on all interested parties in this action through their attorneys of record by placing a true and correct copy thereof, addressed as per the attached service list.

_____ **VIA FIRST CLASS MAIL** [C.C.P. §§ 1012a, et seq., & Local Bankruptcy Rule 7004-1(2)(b)]. I deposited said document(s) into the United States mail at Los Angeles, California, in a sealed envelope with postage fully prepaid. My practice is to collect and process mail on the same day as shown on this declaration. Under that practice, all correspondence is deposited with the US Postal Service on the same day that it is placed for collection and processing, in the ordinary course of business.

__X__ **VIA HAND DELIVERY/PERSONAL SERVICE**   (C.C.P. §§ 1001, et seq., & Local Bankruptcy Rule 7004-1(2)(c)]. I directed a courier to personally deliver said document(s) to each addressee.

_____ **VIA FEDERAL EXPRESS/OVERNIGHT/NEXT BUSINESS DAY DELIVERY SERVICE** (C.C.P. §§ 1011, 1012, & Local Bankruptcy Rule 7004-1(2)(d)]. I enveloped, properly labeled, and caused to be deposited into a Federal Express pick-up receptacle as per the regular practice of my office.

__X__ **VIA FACSIMILE** (C.C.P. §§ 1012.5, & Local Bankruptcy Rule 7004-1(2)(e)]. I caused the said document(s) to be transmitted by SACsimile machine to the number indicated after the address(es) noted herein. I received written confirmation that the SACsimile transmission was received by the addressee.

I declare that I am a member of the State Bar of this Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Los Angeles, California on September ___, 2008.

_Baruch Cohen_
Baruch C. Cohen

1                          <u>SERVICE LIST</u>

2    **<u>COUNSEL FOR ANDREW BELCHIC</u>**
     Michael J. Saltz, Esq.
3    Mark Fingerman, Esq.
     Jacobson, Russell, Saltz & Fingerman, LLP
4    10866 Wilshire Blvd., Suite 1550
     Los Angeles, CA 90024
5    ***<u>Via Facsimile Transmission: 310/446-9909</u>***

6    **<u>REQUEST FOR HMC & DAVID GAJDA</u>**

7    David M. Poitras, Esq.
     Jeffer Mangels Butler & Marmaro LLP
8    1900 Avenue of the Stars, 7th Floor
     Los Angeles, CA 90067-4308
9    ***<u>Via Facsimile Transmission: 310/712-8571</u>***

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
    A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501    Fax (323) 937-4503
email: BCC4929@aol.com

*Attorney For Citizen Smith, LLC*

```
┌─────────────────────────────┐
│          FILED              │
│       SEP 0 5 2008          │
│ CLERK U.S. BANKRUPTCY COURT │
│ CENTRAL DISTRICT OF CALIFORNIA │
│ BY:              Deputy Clerk │
└─────────────────────────────┘
```

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**CITIZEN SMITH, LLC**<br><br>    Debtor. | Case No. 2:08-bk-19197-SB<br>Assigned to the Honorable Samuel Bufford<br>Chapter 11<br><br>**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTIVE RELIEF RESTRAINING AND PREVENTING ANDREW BELCHIC FROM VIOLATING THE AUTOMATIC STAY; FOR ISSUANCE OF AN ORDER TO SHOW CAUSE RE CONTEMPT; FOR THE IMPOSITION OF ATTORNEYS FEES AND COSTS FOR VIOLATION OF THE AUTOMATIC STAY; AND FOR OTHER RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ROGER A.S. MANLIN, PATRICK L. JOHNSON, JAMES SINCLAIR, AND BARUCH C. COHEN**<br><br>Date: TO BE DETERMINED<br>Time: TO BE DETERMINED<br>Place: Courtroom 1575<br>Edward Roybal Building<br>255 East Temple Street<br>Los Angeles, CA 90012 |

**TO ANDREW BELCHIC AND TO HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that by this Emergency Motion/Application, Debtor and

Debtor-In-Possession CITIZEN SMITH (hereinafter referred to as "CITIZEN SMITH") hereby

respectfully requests that the Honorable Court herein issue its order preventing ANDREW

F:\DOCS\CITIZEN-SMITH\CONTEMPT.wpd
9/4-9:05pm



1  BELCHIC (hereinafter referred to as "BELCHIC"), his agents, representatives and employees,

2  and those acting in active concert and with actual notice thereof, from committing or engaging

3  in any of the following:

4       (1) any act impeding or interfering with the operation of CITIZEN SMITH's business

5  under the liquor license;

6       (2) refusing to immediately cooperate to effect a return to CITIZEN SMITH by the ABC

7  of the surrendered liquor license;

8       (3) refusing to execute a Request for Return of Surrendered License as set forth on the

9  License Action Request form pursuant to which BELCHIC surrendered the license;

10      (4) any act impeding or interfering with the return by the California Department of

11 Alcoholic Beverage Control ("ABC") of the surrendered liquor license, No. 47-425322 ("the

12 liquor license") issued by the ABC to Lincoln 66 Holding Company, LLC, now known as

13 Citizen Smith, LLC (Lincoln 66 Holding Company, LLC, are one and the same entity and are

14 collectively referred to herein as "CITIZEN SMITH");

15      (5) any act impeding or interfering with the issuance by the ABC of a license to

16 CITIZEN SMITH to sell alcoholic beverages; and

17      (6) refusing to immediately take such action as may be necessary to restore to the estate

18 of CITIZEN SMITH, any and all property of CITIZEN SMITH, obtained by BELCHIC or over

19 which BELCHIC has exercised any control in violation of 11 U.S.C. §362(a) without prior

20 consent of the United States Bankruptcy Court in Case No. 2:08-bk-19197-SB.

21      This Emergency Motion/Application is urgently brought upon the grounds that on

22 August 28 or 29, 2008, BELCHIC, unilaterally and without right or authority, and without

23 CITIZEN SMITH's knowledge or consent, delivered to the ABC Metro office a false

24 declaration, representing himself as the current Managing Member of CITIZEN SMITH with

25 authority to act in all matters respecting its liquor license, and surrendered CITIZEN SMITH's

26 liquor license, thereby forfeiting the right of CITIZEN SMITH to sell alcoholic beverages.

27      Immediately upon the surrender of the liquor license, on August 29, 2008, CITIZEN

28 SMITH was served by Hollywood Media Center, LLC and David Gajda (hereinafter referred to

1    collectively as "HMC"), who are also represented by BELCHIC's attorneys, Jacobson Russell

2    Saltz & Fingerman, LLP and Mr. Fingerman, with a Demand to Vacate the Premises and Cease

3    Sale of Alcoholic Beverages on the Premises.

4        CITIZEN SMITH submits, based on prior experience,[1] that such actions have been taken

5    in pursuance of a pernicious scheme by BELCHIC and HMC to force CITIZEN SMITH out of

6    business, prevent the sale of CITIZEN SMITH's assets to James Sinclair, to cause a forfeiture

7    of its business and assets to HMC, to disrupt the *status quo* of these proceedings and other

8    litigation between the parties,[2] and to otherwise undermine the authority of this Court. As part

9    of this Emergency Motion/Application, CITIZEN SMITH also requests that the Court

10   specifically order BELCHIC to immediately execute any and all documents necessary to

11   reinstate CITIZEN SMITH's liquor license, as only then can CITIZEN SMITH reopen and

12   hope to salvage its business.

13       CITIZEN SMITH also requests that the Court issue, and set a hearing date upon, an

14   Order to Show Cause why BELCHIC should not be held in contempt of court for intentionally

15   proceeding with the above-listed efforts against CITIZEN SMITH, post-petition, in violation of

16   11 U.S.C. §362(a), at which time CITIZEN SMITH shall request all attorneys fees and costs

17   incurred associated herewith.[3]

18   _____

19   [1]CITIZEN SMITH has prior experience with BELCHIC having taken these same actions only months ago, when he also falsely represented himself as a person having authority to act unilaterally on behalf of CITIZEN SMITH in order to surrender CITIZEN SMITH's liquor license.

20   On this prior occasion, CITIZEN SMITH only became aware of the suspension when BELCHIC and/or HMC, knowing that CITIZEN SMITH cannot conduct business without its liquor license,

21   contacted the LAPD to shut down CITIZEN SMITH's business. In response to CITIZEN SMITH's demands to reinstate the license, BELCHIC attempted to extort immediate cash payments from

22   CITIZEN SMITH under threat of BELCHIC's sale or transfer of the license to a third party.

23   [2]CITIZEN SMITH has filed a complaint against HMC in *Citizen Smith, LLC v. Hollywood Media Center, LLC, et al.*, Los Angeles County Superior Court Case No. BC 390765. HMC has

24   brought an unlawful detainer action against CITIZEN SMITH in *Hollywood Media Center, LLC v. Citizen Smith, LLC*, Los Angeles County Superior Court Case No. 08U04924, now consolidated

25   with CITIZEN SMITH's civil action. On July 22, 2008, the Los Angeles County Superior Court issued its temporary restraining order enjoining BELCHIC from interfering with CITIZEN

26   SMITH's business under its liquor license.

27   [3]This Emergency Motion is without waiver of any rights CITIZEN SMITH has in regard to the claims asserted by BELCHIC and/or HMC in this or any other action. CITIZEN SMITH

28   expressly reserves the right to seek disallowance or equitable subordination or to object on any

1    This Emergency Motion/Application is and will be based upon this Notice, on the

2  memorandum of points and authorities and Declarations of Roger A.S. Manlin, Patrick L.

3  Johnson, James Sinclair, and Baruch C. Cohen served and filed herewith, and on such

4  supplemental declarations, affidavits, and memoranda of points and authorities as may hereafter

5  be filed with the Court, on all the papers and records on file in this action, and on such oral and

6  documentary evidence as may be presented at the hearing of the motion.

7    This pleading has been served by fax upon counsel for BELCHIC, and the Offices of the

8  United States Trustee. CITIZEN SMITH respectfully requests that this Emergency

9  Motion/Application be heard on the shortest notice possible to prevent great and irreparable

10  harm from occurring to CITIZEN SMITH, and as hereinafter set forth.

11

12  DATED:        September 4, 2008            LAW OFFICE OF BARUCH C. COHEN
                                              A Professional Law Corporation
13

14                                           By _____
                                              Baruch C. Cohen, Esq.
15                                            *Attorney For Citizen Smith, LLC*

16

17

18

19

20

21

22

23

24

25

26

27
_____

28  other legal or equitable basis to any claims asserted in CITIZEN SMITH's case by BELCHIC
    and/or HMC.

I.    **MEMORANDUM OF POINTS AND AUTHORITIES**

A.    **INTRODUCTION**

CITIZEN SMITH had previously obtained injunctive relief in State Court, similar to that requested herein, specifically, to prevent BELCHIC from interfering with CITIZEN SMITH's use of its liquor license - - precisely that which he was enjoined from doing. That order dissolved on August 28, 2008 due to the inadvertence of counsel concerning bond, and BELCHIC immediately took advantage, notwithstanding the existing stay in this Court, by again perjuring himself before the ABC and surrendering CITIZEN SMITH's liquor license.

Immediately following notification of BELCHIC's surrender of the liquor license, CITIZEN SMITH's counsel, both in the State Court action and the undersigned, contacted BELCHIC's counsel repeatedly in attempts to obtain restoration of the license.

After repeated refusals, CITIZEN SMITH's State Court counsel brought an ex parte application on September 2, 2008 to reinstate the temporary restraining order before the same Judge who originally issued the order. Following argument further concerning the bond issue, the State Court denied CITIZEN SMITH's application on September 3, 2008. The instant Emergency Motion/Application was brought as soon as possible upon notification of that ruling.

Loss of its liquor license effectively prevents CITIZEN SMITH from operating, a fact well-known to BELCHIC. Also known to BELCHIC is the fact that his name remains on ABC's documentation, having also violated ABC regulations by failing, and refusing, to notify the ABC of both CITIZEN SMITH's name and ownership changes, long after BELCHIC accepted the terms and benefits of his sale of the business, and expressly resigned and abandoned CITIZEN SMITH. Both State Court counsel and the undersigned  contacted the ABC, but were advised that it could not correct the matter, because BELCHIC's name alone remained on its documents.

It is for these reasons that, in order for CITIZEN SMITH to restart its operations, an order of this Court is necessary. And, in order for these proceedings to continue in the absence of the chaos which BELCHIC would create (if for no other purpose than persuading the Court that CITIZEN SMITH's current management is in  hopeless disrepair), BELCHIC must be

1  made to remove himself from CITIZEN SMITH's business in all aspects.[4] Only then will

2  CITIZEN SMITH have any chance of thriving, which it is finally doing, under current

3  management.

4      B.    **STATEMENT OF FACTS**

5          1.    **THE PARTIES**

6      BELCHIC was the former sole Managing Member of CITIZEN SMITH.

7      CITIZEN SMITH was formerly known as, and is the same entity as, Lincoln 66

8  Holding Company, LLC. On June 23, 2006, CITIZEN SMITH (then managed by BELCHIC)

9  filed a LLC-2 Certificate of Amendment (signed by BELCHIC), effective July 28, 2006,

10  changing the name of the LLC from Lincoln 66 Holding Company, LLC to CITIZEN SMITH,

11  LLC. The Certificate of Amendment filed with the Secretary of State was filed by Andrew

12  BELCHIC.

13      CITIZEN SMITH operates an upscale, popular and successful Hollywood restaurant and

14  bar under the name "CITIZEN SMITH" at 1602 Cahuenga Boulevard, under the terms of a

15  Commercial Property Lease dated February 1, 2004, between CITIZEN SMITH as lessee and

16  HMC as lessor (hereinafter referred to as the "lease"). The term of the lease is for a period of

17  ten years, with two successive five-year option periods to renew, providing CITIZEN SMITH

18  with rights under the lease running to 2024.

19      BELCHIC sold his interests in CITIZEN SMITH and resigned on July 20, 2007 (See,

20  Sinclair Declaration, ¶10). From and after July 20, 2007, when BELCHIC was paid to resign

21  from CITIZEN SMITH, BELCHIC had no authority to act in any manner on behalf of

22  CITIZEN SMITH.

23      On August 27, 2007, Patrick Johnston (hereinafter referred to as "JOHNSTON") was

24

25  ────────────────────
   [4]BELCHIC is an advocate aligned with HMC against CITIZEN SMITH, and submitted
26  sworn declarations in support of HMC's motion to appoint a trustee herein, which the Court heard
   last week and has continued to a future date. No doubt BELCHIC and HMC will point to this
27  instance as yet another example of how current management cannot maintain control of CITIZEN
   SMITH, just as they have used their own interference with the business as purported "proof" and
28  a pretext by which they hope to wrest CITIZEN SMITH from its current manager and potential
   buyer, even if that should cause its demise.

1  properly elected to serve as the sole managing member of CITIZEN SMITH, to succeed

2  BELCHIC.[5]  On February 28, 2008, Mr. Johnston filed a Statement of Information as the

3  managing member of CITIZEN SMITH.[6] HMC subsequently voted all of its membership

4  interests in favor of JOHNSTON's election.[7]

5        C.    **CURRENT EVENTS RELEVANT TO THIS EMERGENCY**

6              **MOTION/APPLICATION**

7        In April, 2008, CITIZEN SMITH negotiated a sale of CITIZEN SMITH, with an

8  assignment of the lease, to James Sinclair and his investment group, The Paja Group

9  (hereinafter referred to collectively as "SINCLAIR"). Since learning of the proposed sale,

10  HMC, in concert with BELCHIC, have sought to terminate the lease, prevent the sale, and

11  force CITIZEN SMITH to close its business, resulting in a forfeiture of the lease, its substantial

12  leasehold improvements, and CITIZEN SMITH's business to HMC and BELCHIC.

13        In pursuit of efforts to prevent the sale of CITIZEN SMITH and force it to close its

14  business, HMC  has contacted the ABC registering false complaints, including that CITIZEN

15  SMITH was purchasing liquor from non-authorized distribution centers, was mislabeling liquor

16  to cheat customers, was operating in violation of a conditional use permit, and otherwise

17  operating illegally and in violation of law. None of these accusations were true, and none of

18  them were sustained by the ABC after investigation.

19        On May 13, 2008, Citizen Smith, LLC filed an action against HMC in Los Angeles

20  County Superior Court as Case No. BC 390765, entitled *Citizen Smith, LLC v. Hollywood*

21  *Media Center, LLC; David Gajda, et al.* (The "Hollywood Media lawsuit"). That case alleges

22  11 causes of action based upon allegations of BELCHIC's conduct to (1) prevent the sale of

23  CITIZEN SMITH and assignment of the lease to SINCLAIR pursuant to its terms; and (2)

24

25        [5]A true and correct copy of the Certificate of Action by Members is attached hereto as
       Exhibit "1" and is incorporated herein by this reference.

26        [6]A true and correct copy of the Statement of Intention is attached hereto as Exhibit "2" and
27  is incorporated herein by this reference.

28        [7]A true and correct copy of David Gajda's email is attached hereto as Exhibit "3" and is
       incorporated herein by this reference.

1   cause a forfeiture of all of the business and the assets of CITIZEN SMITH to HMC.

2      HMC brought an unlawful detainer action (Los Angeles County Superior Court Case

3   No. 08U04924), now consolidated with CITIZEN SMITH's complaint against HMC the

4   Hollywood Media lawsuit.

5      On or about June 12, 2008, BELCHIC, without knowledge or consent of CITIZEN

6   SMITH or anyone authorized to act on its behalf, and without any right or authority, went to

7   the ABC Metro office and submitted a sworn declaration, as the Managing Member of

8   CITIZEN SMITH, surrendering CITIZEN SMITH's liquor license, thereby forfeiting the right

9   of CITIZEN SMITH to sell alcoholic beverages.

10      On June 17, 2008, BELCHIC acknowledged to SINCLAIR that he had unilaterally

11   surrendered surrendered CITIZEN SMITH's license on June 12, 2008, claiming he had the

12   right to do so as the original signator on behalf of the LLC which obtained the liquor license in

13   December, 2005. BELCHIC withdrew his surrender of the license on June 20, 2008 and

14   advised SINCLAIR of CITIZEN SMITH that he would unilaterally surrender the license again,

15   or transfer it to a third-party, unless paid $120,000 cash by CITIZEN SMITH. [8]

16      On June 25, 2005, the instant petition was filed. To date, CITIZEN SMITH has

17   continued to manage its financial affairs as a debtor in possession pursuant to 11 U.S.C. §§1107

18   and 1108.

19      On July 22, 2008, to prevent further interference, loss of business, and extortion at the

20   hands of BELCHIC, CITIZEN SMITH obtained a preliminary injunction enjoining BELCHIC

21   from interfering with CITIZEN SMITH's liquor license. On August 28, 2008, this order

22   dissolved, due to State Court counsel's inadvertent failure to renew the bond.

23      On August 28 or 29, 2008, BELCHIC again falsely represented and declared that he had

24   the authority to act on CITIZEN SMITH's behalf to the ABC, and unilaterally surrendered the

25

26

---

27      [8]Needless to say, due to the dire financial straits in which BELCHIC abandoned CITIZEN
SMITH, CITIZEN SMITH does not have $120,000 to purchase from BELCHIC a liquor license
which it already owns (and which payment would be in violation of this Court's orders, which
28   CITIZEN SMITH, unlike BELCHIC, is unwilling to disregard and violate).

1    liquor license, leaving CITIZEN SMITH's business in jeopardy.[9]  On August 29, 2008, HMC

2    served a  Demand to Vacate Premises on CITIZEN SMITH.[10]

3        On September 2, 2008, CITIZEN SMITH applied to the State Court to reinstate the

4    injunction.  On September 3, 2008, the State Court denied CITIZEN SMITH's application,

5    based upon bond issues.[11]

6        Immediately thereafter, the undersigned Bankruptcy counsel was informed, and

7    commenced preparation of the instant Emergency Motion/Application.

8    D.    **ARGUMENT**

9        1.    **THE COURT IS EMPOWERED TO GRANT IMMEDIATE RELIEF**

10            **TO CITIZEN SMITH AND AGAINST BELCHIC**

11    11 U.S.C §105(a) provides:

12    The court may issue any order, process, or judgment that is necessary or
      appropriate to carry out the provisions of this title. No provision of this title
13    providing for the raising of an issue by a party in interest shall be construed to
      preclude the court from, sua sponte, taking any action or making any
14    determination necessary or appropriate to enforce or implement court orders or
      rules, or to prevent an abuse of process.

15    Pursuant to 11 U.S.C §§ 105(a) and 362, CITIZEN SMITH hereby moves the Court for

16    a hearing on an emergency basis for the purpose of issuing (1) orders necessary to enjoin

17    BELCHIC from interfering with CITIZEN SMITH's business; (2) orders necessary to require

18    BELCHIC to immediately act to reinstate CITIZEN SMITH's liquor license; (3) an Order to

19    Show Cause re Contempt upon BELCHIC for violation of the automatic stay; and (3) other

20    appropriate relief.

21        2.    **BELCHIC's CONDUCT IS WILLFUL VIOLATION OF THE**

22            **AUTOMATIC STAY**

23

24    _____

25    [9]A true and correct copy of BELCHIC's executed surrender of the liquor license to ther
      ABCis attached hereto as Exhibit "4" and is incorporated herein by this reference.

26    [10]A true and correct copy of the Demand to Vacate Premises is attached hereto as Exhibit
      "5" and is incorporated herein by this reference.

27

28    [11]A true and correct copy of the Minute Order denying Citizen Smith's TRO (for bond
      deficiencies) is attached hereto as Exhibit "6" and is incorporated herein by this reference.

1    Bankruptcy Code §362(a) provides that the filing of a petition under the Bankruptcy

2  Code operates as a stay of the commencement or continuation of any judicial, administrative or

3  other action or proceeding against the Debtor that was or could have been commenced before

4  the commencement of the Debtor's bankruptcy case, or to recover a claim against the Debtors

5  that arose prior to the commencement of the Debtor's bankruptcy case. (11 U.S.C § 362(a)(1).)

6    Pursuant to Section 362(a)(3) and (4), the filing of a petition under the Bankruptcy Cod

7  operates as a stay against any act to obtain possession of property of the estate or to exercise

8  control over property of the estate and/or any act to create, perfect or enforce any lien against

9  property of the estate. (11 U.S.C. §362(a)(3) and (a)(4).) The filing also operates as a stay of

10  any act to collect, assess, or recover a claim against the debtor that arose prior to the petition

11  date. (11 U.S.C. §362(a)(6).) It is well accepted that actions prohibited by the automatic stay

12  generally includes contacting the debtor by telephone, mail or otherwise to demand payment or

13  to take any actions to collect money or obtain property from the debtor.

14    Section 362(h) further provides that an entity injured by any willful violation of the

15  automatic stay shall recover actual damages, including costs and attorneys' fees, and, in

16  appropriate circumstances, punitive damages, from the party that engages in such violation(s).

17  (11 U.S.C. § 362(h); *In re Goodman,* 991 F.2d 613 (9th Cir. 1993); *In re Pinkstaff,* 974 F.2d

18  113 (9th Cir. 1992).)

19    It is well established that a "willful violation" does not require a specific intent to violate

20  the stay; a violation may be "willful" if the defendant knew of the stay and defendant's actions

21  were intentional. (*In re Bloom,* 875 F.2d 224 (9th Cir. 1989); *In re Abrams,* 127 B.R. 239 (9th

22  Cir. BAP 1991) (violation of stay was "willful" where creditor acts intentionally with

23  knowledge of the bankruptcy); *In re Ramirez,* 183 BR. 583 (9th Cir. BAP 1995) (accord); *In re

24  Cordle,* 187 B.R. 1, 5 (Bankr. N.D. Cal. 1995) (fact that creditor reasonably believed that its

25  conduct did not violate the stay does not negate a finding that the conduct was "willful").)

26    BELCHIC's conduct in (1) misrepresenting himself as a person with authority over

27  CITIZEN SMITH to anyone; (2) taking action on behalf of CITIZEN SMITH in any capacity;

28  and (3) controlling, manipulating, transferring, suspending, or otherwise affecting any assets of

1  CITIZEN SMITH and this estate, including but not limited to surrendering CITIZEN SMITH's

2  liquor license, are clear violations of the automatic stay in its purest sense, and subjects

3  BELCHIC to the contempt powers of this Court.

4      It is therefore appropriate for the Court to issue the orders requested herein.

5      3.    BELCHIC's CONDUCT CONSTITUTES A CONTEMPT OF

6            COURT

7      A violation of the automatic stay is also punishable as a contempt of court, which may

8  include actual damages plus attorneys fees and sanctions. (See, *In re Computer*

9  *Communications, Inc.*, 824 F. 2d 725, 731 (9th Cir. 1987) (a party who violates the automatic

10 stay may be held in contempt and the court may award damages to compensate for losses

11 suffered); *Havelock v. Taxel (In re Pace)*, 67 F.3d 127 (9th Cir. 1995) (attorneys fees and costs

12 can be awarded as sanction for contempt); *United States v. Arkinson (In re Cascade Roads,*

13 *Inc.)* 34 F.3d 756 (9th Cir. 1994) (civil contempt provides remedy to corporate debtor for

14 violation of the automatic stay); *Johnston Environ. Corp. v. Knight (In re Goodman)*, 991 F.2d

15 613 (9th Cir. 1993) (corporation entitled to damages for violation of the automatic stay under

16 civil contempt); *In re Just Brakes Corp. Systems, Inc.*, 108 F.3 881 (8th Cir. 1997) (bankruptcy

17 court has broad equitable power to remedy a violation of the automatic stay in a corporate

18 case).)

19     Where the conduct is willful, even if based on advice of counsel, contempt is an

20 appropriate remedy. (See, *Homer Nat'l Bank v. Namie,* 96 B.R. 652, 654 (W.D. La. 1989).)

21 Courts will award contempt sanctions, including attorneys' fees and costs, to compensate the

22 estate for losses that would not have occurred absent a violation of the automatic stay, reasoning

23 that unless such damages were awarded, other creditors of the estate would be required to bear

24 the expense, an inequitable result. (See *Cordle, supra,* 187 B.R. at 5.) Courts have also ordered

25 equitable subordination or disallowance of a creditor's claim for a willful violation of the

26 automatic stay. (See, *In re Saymans, Inc.*, 15 B.R. 229 (Bankr. N.D. Ga. 1981) (equitable

27 subordination); *In re Reed,* 11 B.R. 268 (Bankr. D. Utah 1981).)

28     A contempt proceeding may be brought as a motion in accordance with Federal Rules of

1  Bankruptcy Procedure 9020 and 9014. Rule 9020 explicitly provides that "Rule 9014 governs a

2  motion for order of contempt made by the United States trustee or a party in interest." (Fed.

3  Rule Bankr. Proc. 9020.) Rule 9014 governs contested matters brought by motion. (Fed. Rule

4  Bankr. Pro. 9014; see also *In re Carney & Sons Trucking Serv. Inc.* 142 B.R. 497 (Bankr.

5  N.D. Fla. 1992) (Bankruptcy Court, pursuant to its powers under section 105 and Bankruptcy

6  Rule 9020, may impose contempt sanction for deliberate and knowing violation of the automatic

7  stay).)

8       Despite being advised of the application and implication of the automatic stay, and

9  repeated demands from CITIZEN SMITH  to cease such actions, BELCHIC has deliberately

10  and willfully continued in this course of conduct in violation of the automatic stay, to the

11  detriment of CITIZEN SMITH's estate and its creditors.

12       CITIZEN SMITH  requests that the Court issue and set an Order to Show Cause re

13  contempt and for imposition of attorneys fees, costs, and sanctions against BELCHIC for

14  violation of the stay, and for refusing to take immediate corrective action, in derogation of 11

15  U.S.C. §362 of the Bankruptcy Code.

16       The Court is respectfully requested to set said hearing on a future date to allow an

17  appropriate briefing schedule regarding same, with notice to be given as directed by the Court.

18           **4.    GREAT AND IRREPARABLE INJURY WILL INEVITABLY**

19                 **RESULT IN THE ABSENCE OF THE REQUESTED ORDERS**

20       It is readily apparent that should CITIZEN SMITH's liquor license is not immediately

21  restored, CITIZEN SMITH will not be able to conduct business, at great and irreparable

22  damage to CITIZEN SMITH and its creditors. No action short of immediate reinstatement will

23  prevent this harm; even if CITIZEN SMITH were to prevail as to all of its claims against

24  BELCHIC and HMC, it would in the interim lose its license, its lease, and its very existence,

25  save for the purpose of substantial unpaid debt. Further, CITIZEN SMITH desires to sell its

26  business and assume and assign the subject lease at issue to a potential purchaser, SINCLAIR,

27  who stands ready, willing, and able to consummate the sale. However, this will only be possible

28  if CITIZEN SMITH continues to do business as it has been, successfully, in the absence of

1  BELCHIC's, and HMC's, interference.

2  Unless the Court grants CITIZEN SMITH's Emergency Motion/Application, and

3  immediately orders BELCHIC to reinstate the liquor license and cease and desist any and all

4  efforts to interfere with CITIZEN SMITH's assets and business, CITIZEN SMITH will be

5  forced to close its doors permanently (**in fact, Citizen Smith has been closed because of the**

6  **improper surrender of the liquor license since September 2, 2008**), after which it will soon

7  be evicted. (See Johnston Decl. ¶11.) Should this occur, CITIZEN SMITH shall face its death

8  knell and its creditors shall go unpaid. From a commercial and business context, there can be

9  no greater or worse "irreparable injury" to a business than this. As the applicable bankruptcy is

10  a Chapter 11 proceeding, little, if any, harm shall occur to BELCHIC or any other party as a

11  result of the Court's entry of the orders requested herein.

12  CITIZEN SMITH is merely requesting that bankruptcy law, which HMC, in concert

13  with BELCHIC, intended to govern these proceedings, be obeyed.

14  **5.    PROPER NOTICE HAS BEEN GIVEN**

15  CITIZEN SMITH has given notice pursuant to Local Bankruptcy Rule 9075-1, as more

16  particularly described in the attached Declaration of Baruch C. Cohen, incorporated herein by

17  this reference.

18  **E.    CONCLUSION**

19  For all the foregoing reasons, CITIZEN SMITH respectfully requests that this Court

20  hear the instant Emergency Motion/Application at the earliest possible time, and (1) enter an

21  order finding a willful violation of the automatic stay 11 U.S.C. §362 on the part of BELCHIC;

22  (2) make any and all orders necessary to enjoin BELCHIC from interfering with CITIZEN

23  SMITH's business, including making any representations regarding, and exercising control

24  over, CITIZEN SMITH's assets and business affairs, and to immediately take all actions

25  required to reinstate CITIZEN SMITH's liquor license;[12] (3) issue and set a hearing on an

26

27  ────────────

[12]A true and correct copy of the ABC form to reinstate CITIZEN SMITH's liquor license,
ready for BELCHIC's execution and delivery to the ABC for immediate reinstatement is attached
28  hereto as Exhibit "7" and is incorporated herein by this reference.

1   'Order to Show Cause re Contempt against BELCHIC, including the imposition of attorneys'

2   fees, costs, and sanctions; and (4) grant such other and further relief as the Court deems just

3   and proper.

4

5   DATED:      September 4, 2008        LAW OFFICE OF BARUCH C. COHEN

6                                     A Professional Law Corporation

7                                   By

8                                   Baruch C. Cohen, Esq.
                                  *Attorney For Citizen Smith, LLC*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF ROGER A.S. MANLIN

I, ROGER A.S. MANLIN, declare as follows:

1.    I am an attorney duly licensed to practice law before all courts of the State of California and am the attorney for Citizen Smith, LLC, the Debtor herein, in the State Court actions. I make this declaration of my own knowledge, and could and would competently testify to the matters set forth herein if required to do so.

2.    On May 13, 2008, Citizen Smith, LLC filed an action against Hollywood Media Center, LLC and David Gajda (hereinafter referred to collectively as "HMC") in Los Angeles County Superior Court as Case No. BC 390765, entitled *Citizen Smith, LLC v. Hollywood Media Center, LLC; David Gajda, et al.* (The "Hollywood Media lawsuit"). That case alleges 11 causes of action based upon allegations of BELCHIC's conduct to (1) prevent the sale of CITIZEN SMITH and assignment of the CITIZEN SMITH lease to James Sinclair ("SINCLAIR") pursuant to its terms; and (2) cause a forfeiture of all of the business and the assets of CITIZEN SMITH to HMC.[13].

3.    The Hollywood Media lawsuit involves numerous issues, including the conspiracy alleged between HMC and BELCHIC to cause a forfeiture of CITIZEN SMITH's business and assets.

4.    Attached hereto is a true and correct copy of the July 15, 2008, Declaration of Andrew Belchic in Support of the Opposition to Preliminary Injunction in the Hollywood Media lawsuit (the "July 15 Belchic Decl."), with Exhibit 5 attached (a copy of a letter dated December 3, 2007, from attorneys for BELCHIC to attorneys for Daniel Catullo, then-managing member of CS LNI, which letter is written on behalf of BELCHIC in BELCHIC's capacity as a partner of CS LNI, not CITIZEN SMITH.[14]

5.    On August 19, 2008, BELCHIC's attorneys, Jacobson, Russell, Saltz & Fingerman,

---

[13] A true and copy of which is attached hereto as Exhibit "8" and incorporated by this reference herein

[14] A true and copy of which is attached hereto as Exhibit "9" and incorporated by this reference herein

1          LLP, substituted in as attorneys for HMC in the Hollywood Media lawsuit.[15]

2    6.   After notification of the original filing of this action, BELCHIC withdrew his June 12,

3          2008 surrender of the liquor license on June 20, 2008. CITIZEN SMITH immediately

4          sought a temporary restraining order and preliminary injunction, which set forth

5          BELCHIC's continuing claims to the right to surrender or transfer of the liquor license

6          as a ground for issuance of the preliminary injunction.

7    7.   A temporary restraining order was granted and a preliminary injunction was issued on

8          July 22, 2008, enjoining BELCHIC from interfering in any manner with the operation of

9          CITIZEN SMITH under the liquor license.[16]

10   8.   Attached hereto is a true and correct copy of the form LLC-2, Limited Liability

11         Company Certificate of Amendment, changing the name of the LLC from Lincoln 66

12         Holding Company, LLC to Citizen Smith, LLC signed by Andrew BELCHIC dated June

13         23, 2006, filed with the Secretary of State on July 17, 2006.[17]

14   9.   As to the circumstances of dissolution of the injunction, the injunction was dissolved for

15         insufficient personal sureties.

16   10.  I filed a request for a temporary restraining order against Belchic on September 2, 2008.

17   11.  On September 3, 2008, the state court denied my application on technical, bond

18         grounds.

19   12.  Thereafter, I immediately contacted Mr. Cohen who had also been attempting to resolve

20         the matter on CITIZEN SMITH's behalf, to advise of denial

21   ///

22   ///

23

24

25   [15]A true and correct copy of which is attached hereto as Exhibit "10" and incorporated by
     this reference herein.

26   [16]A true and correct copy of which is attached hereto as Exhibit "11" and incorporated by
     this reference herein.
27

28   [17]A true and correct copy of which is attached hereto as Exhibit "12" and incorporated by
     this reference herein.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed September 4, 2008, at Los Angeles, California.

Roger Manlin

## DECLARATION OF PATRICK L. JOHNSTON

I, PATRICK JOHNSTON, declare as follows:

1.  I make this declaration of my own knowledge, and could and would competently testify to the matters set forth herein if required to do so.

2.  Citizen Smith, LLC ("CITIZEN SMITH") operates a popular and successful Hollywood restaurant and bar under the name "Citizen Smith" at 1602 Cahuenga Boulevard. CITIZEN SMITH operates Citizen Smith under the terms of a Commercial Property Lease dated February 1, 2004, between CITIZEN SMITH as lessee and Hollywood Media Center, LLC and its owner David Gajda (hereinafter referred to collectively as "HMC") as lessor. The term of the lease is for a period of ten years from February 1, 2004, with two successive five-year option periods to renew.

3.  CITIZEN SMITH was formerly known as, and is the same entity as, Lincoln 66 Holding Company, LLC. On June 23, 2006, Citizen Smith, LLC filed a LLC-2 Certificate of Amendment, effective July 28, 2006, changing the name of the business from Lincoln 66 Holding Company, LLC to Citizen Smith, LLC.

4.  BELCHIC was the former sole Managing Member of CITIZEN SMITH, until he was bought out and resigned on July 20, 2007. On or about May 18, 2007, CITIZEN SMITH and BELCHIC entered into an agreement to sell the assets of CITIZEN SMITH to a separate and unrelated entity known as Citizen Smith LNI ("Purchase Agreement"). Under the terms of the Purchase Agreement, BELCHIC negotiated a separate payment to himself of $100,000 in consideration of his resignation of all positions he held with CITIZEN SMITH, including but not limited to his position as the manager of CITIZEN SMITH, effective concurrently upon payment to him of the $100,000.[18]

5.  BELCHIC was paid $100,000 and on July 20, 2007, confirmed receipt of the payment and the buy-out of his employment with CITIZEN SMITH, and acknowledged "that no

---

[18]A true and correct copy of the Management Agreement is attached hereto as Exhibit "13" and incorporated by this reference. (See, ¶5, p.3, ¶ 7, p.4.)

1    further sums are due and payable to him by Citizen Smith".[19]

2   6.    From and after July 20, 2007, BELCHIC had no authority whatsoever to act in any

3         manner on behalf of CITIZEN SMITH, and, until his unauthorized visit to the ABC to

4         surrender CITIZEN SMITH's liquor license on June 12, 2008, and the subsequent

5         withdrawal of the surrender on June 20, 2008, has had no contact with, or participation

6         in the operation or business of, CITIZEN SMITH.

7   7.    On August 27, 2007, I was duly elected and appointed to serve as the sole managing

8         member of CITIZEN SMITH to succeed BELCHIC. Among the votes cast in favor of

9         my election were those held by HMC. The Purchase Agreement was never consummated

10        and, for reasons including the inability of CS LNI to obtain a lease with HMC, was

11        terminated during or about February 2008.

12  8.    In April, 2008, I negotiated on behalf of CITIZEN SMITH a sale of CITIZEN SMITH,

13        with assignment of the CITIZEN SMITH lease to SINCLAIR. Since learning of the

14        proposed sale, HMC and BELCHIC have engaged in a continuing course of conduct to

15        prevent the sale, and to force CITIZEN SMITH to close its business, resulting in a

16        forfeiture of the CITIZEN SMITH lease, its substantial improvements, and CITIZEN

17        SMITH's entire business to HMC and BELCHIC.

18  9.    Included among the actions taken to prevent the sale of Citizen Smith and cause a

19        forfeiture of its business and assets to HMC and BELCHIC are as follows:

20        1.    HMC brought an unlawful detainer action (Case No. 08U04924), now

21              consolidated with CITIZEN SMITH's complaint against HMC in *Citizen Smith,*

22              *LLC v. Hollywood Media Center, LLC, David Gajda, et al*, Los Angeles

23              Superior Court Case No. BC 390765, filed on May 13, 2008, (the "Hollywood

24              Media lawsuit").

25        2.    HMC also brought a Motion to Appoint a Chapter 11 Trustee in the Involuntary

26              Chapter 11 bankruptcy proceeding filed against plaintiff under 11 U.S.C. §303 of

27  _____

28    [19] A true and correct copy is attached hereto as Exhibit "14" and incorporated by this
    reference.

the Bankruptcy Code on June 25, 2008. The Motion seeks appointment of a trustee to replace the current management of CITIZEN SMITH. The motion was joined in and supported by BELCHIC.

3.  HMC served, on August 29, 2008, a Demand to Vacate Premises and Cease Sale of Alcoholic Beverages on Premises, signed by David Gajda, in which HMC declares itself "the owner and entitled to possession of" the leased property and demanding that myself and SINCLAIR, and all others acting for them, immediately vacate the property.

10.  Issues relating to the attempt of HMC to obtain the forfeiture of CITIZEN SMITH's lease, business and assets is currently the subject of the Hollywood Media lawsuit.

11.  Citizen Smith filed a request for a temporary restraining order against Belchic on September 2, 2008. On September 3, 2008, the state court denied my application on technical, bond grounds.

12.  Unless the Court enters the orders requested by CITIZEN SMITH in this Emergency Motion/Application, BELCHIC's surrender of the liquor license on August 29, 2008 will cause CITIZEN SMITH and others to suffer great irreparable injury, as CITIZEN SMITH will be forced out of business permanently (**in fact, Citizen Smith has been closed because of the improper surrender of the liquor license since September 2, 2008**); it will be unable to pay its past and present creditors; it will be unable to meet its payroll; its employees will lose their jobs; its suppliers and contractors will lose their business; all of Citizen Smith's investors will lose their entire investment; it will lose its currently pending contract for sale of its business and assignment of its lease to SINCLAIR; it will be unable to negotiate the sale of its business to any other entity; it will lose the value of the 16 remaining years of its lease; and it will be required to forfeit its lease and business, including the appreciated value of its fixtures and furnishings to HMC.

1    I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.

3    Executed September 4, 2008, at Los Angeles, California.

4

5    Patrick L. Johnston

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF JAMES SINCLAIR

I, JAMES SINCLAIR, declare as follows:

1.   I make this declaration of my own knowledge, and could and would competently testify to the matters set forth herein if required to do so.

2.   CITIZEN SMITH operates an upscale, popular and successful Hollywood restaurant and bar under the name "Citizen Smith" at 1602 Cahuenga Blvd. under the terms of a Commercial Property Lease dated February 1, 2004, between CITIZEN SMITH as lessee and HMC as lessor.

3.   In April, 2008, I entered into an agreement with CITIZEN SMITH for the purchase of CITIZEN SMITH and an assignment of the CITIZEN SMITH lease to me, or to an investment group headed by me, known as The Paja Group. The Paja Group and I are experienced and successful owners of restaurants in the Hollywood area. Pending closing of the purchase of CITIZEN SMITH and the assignment of its lease, I have been acting as the on-site general manager of CITIZEN SMITH, in charge and custodian of its books and records, in charge of all accounting and accounts, and the conduct of its restaurant and bar operations on a day-to-day basis. Under my management, CITIZEN SMITH has been converted from experiencing monthly net losses to an average of 30% net operating profit, without deducting current extraordinary and nonrecurring legal expenses. If CITIZEN SMITH is not permitted to continue to operate under its liquor license, it will be forced to close permanently (**in fact, Citizen Smith has been closed because of the improper surrender of the liquor license since September 2, 2008**).

4.   Since the proposed sale became known to HMC and BELCHIC, they have engaged in a course of conduct to prevent the sale, and to force CITIZEN SMITH to close its business, resulting in a forfeiture of the CITIZEN SMITH lease, its substantial leasehold improvements, and CITIZEN SMITH's business to HMC and BELCHIC Evidence of this plan is reflected in the numerous efforts and statements of Mr. Gajda to cause CITIZEN SMITH and me to vacate the premises covered by the lease, including:

1.   HMC brought an unlawful detainer action (Case No. 08U04924), now

consolidated with CITIZEN SMITH's complaint against HMC in *Citizen Smith, LLC v. Hollywood Media Center, LLC, David Gajda, et al*, Los Angeles Superior Court Case No. BC 390765, filed on May 13, 2008 (the "Hollywood Media lawsuit").

2.    HMC also brought a Motion to Appoint a Chapter 11 Trustee in the Involuntary Chapter 11 bankruptcy proceeding filed against plaintiff under 11 U.S.C. §303 of the Bankruptcy Code on June 25, 2008. The Motion seeks appointment of a trustee to replace the current management of CITIZEN SMITH including me as on-site day to day manager of its restaurant and bar operations and JOHNSTON as its managing member. The motion was joined in and supported by BELCHIC.[20]

3.    At approximately 3:00 p.m. on August 29, 2008, CITIZEN SMITH and I were served with HMC's Demand to Vacate Premises and Cease Sale of Alcoholic Beverages on Premises, signed by David Gajda, in which HMC declares itself "the owner and entitled to possession of" the leased property and demanding that JOHNSTON and myself, and all others acting for them, immediately vacate the property.

4.    From April 24, 2008 to the present, I have been in almost daily contact with Mr. Gajda regarding complaints that he has made with city and other governmental officials regarding numerous alleged code violations, lease violations, permit and conditional use violations, and liquor license violations relating to Citizen Smith's operation of the restaurant and bar. During each of these contacts, by telephone and by e-mail, I have requested Mr. Gajda's cooperation in obtaining compliance with any of the reported violations which have resulted in government correction notices. On each occasion of a request to Mr. Gajda for

---

[20]A true and correct copy of the July 28, 2008, Declaration of Andrew Belchic in Support of Creditor Hollywood Media Center, LLC's Motion to Appoint Chapter 11 Trustee (the "July 28 Belchic Decl.") is attached as Exhibit "15" and incorporated by this reference herein.

cooperation with compliance he has refused to do so. Each of the investigated

complaints have resulted in no citation or a correction notice which I have

successfully opposed or complied with on behalf of CITIZEN SMITH. There is

no current violation by CITIZEN SMITH of any code, ordinance or regulation

for which CITIZEN SMITH has been cited.

5.   On Saturday, August 30, 2008, eight police officers from the Los Angeles Police

Department, including four officers assigned to ABC enforcement, were at

CITIZEN SMITH investigating for liquor license violations. Mr. Gajda, Mr.

Gajda's friend and property manager, José Malagon, and BELCHIC were

immediately outside CITIZEN SMITH's door waiting for the results of the

investigation. The police were advised by me that CITIZEN SMITH was

proceeding with a court action on Tuesday, September 2, 2008, in an attempt to

obtain a TRO or preliminary injunction, hopefully resolving the surrender of the

liquor license. The police indicated that they would refrain from issuing a citation

with respect to a surrendered liquor license until the ruling of the court on

Tuesday, September 2. The only violation for which Citizen Smith was cited was

for failure to post a copy of CITIZEN SMITH's liquor license behind its

auxiliary bar, which citation has been rectified. As the police officers were

leaving, Mr. Gajda loudly and aggressively, and in the presence of customers,

yelled at me, "fuck off Sinclair; you're done now; get your fucking ugly face out

of here," at which time BELCHIC yelled, "you're all finished Sinclair, I've got

money now." Mr. Gajda then looked at BELCHIC and stated, "we're getting this

place back," and they walked away.

6.   There have been three investigations of CITIZEN SMITH's restaurant and bar

operations conducted directly by the ABC, all of which were occasioned by

HMC's and BELCHIC's false complaints and accusations. Two of these

investigations were conducted by Mr. Garcia of the ABC. I was personally

present at each investigation to comply with all requests and respond to inquiries

1    made by the ABC investigator. Mr. Garcia, on the occasion of the two

2    investigations conducted by him, advised me that the investigation by the ABC

3    was required upon receipt of a complaint and that he was conducting the

4    investigation in response to a written complaint received by him from Mr. Gajda.

5    Mr. Garcia also told me that Mr. Gajda had alleged that CITIZEN SMITH was

6    purchasing liquor from non-authorized distribution centers, was mislabeling

7    liquor to cheat customers, was operating in violation of a conditional use permit,

8    and should be shut down. None of investigations resulted in a finding that the any

9    complaint or allegation was meritorious. None of the investigations resulted in a

10    citation against CITIZEN SMITH.

11  5.    I first learned of the August 28, 2008 filing with the ABC by BELCHIC surrendering

12    the liquor license upon receipt of a telephone call transcript of a telephone message from

13    Vincent Cravens of the ABC as follows:

14    Mr. Sinclair. This is Vincent Cravens from the Department of Alcoholic
Beverage Control. I was notified by our southern division office that we're going
15    to accept a surrender of the ABC license from Mr. Belchic, which basically is to
notify to... You cannot sell alcoholic beverages, you know, starting today,
16    August 29th. And if you continue to sell them, there will be citations, may be
issued. So just to let you know, the license will be surrendered today. If you have
17    any questions, you can call me back at 213-736-2038. Thank you.[21]

18  6.    At approximately 4:00 p.m. on Friday, August 29, 2008, I visited the Cerritos office of

19    the ABC, accompanied by Jonathan Jacobs, a business associate of mine in the

20    investment group seeking to purchase CITIZEN SMITH and take an assignment its

21    lease. At this time, we met with Joe Cruz, Assistant Director of ABC Southern

22    California Division and David Sakamoto, an attorney for the ABC. Mr. Cruz and Mr.

23    Sakamoto confirmed that the license had been surrendered by BELCHIC pursuant to

24    submission by BELCHIC to the ABC of the License Action Request surrendering the

25    license under Section 3. We were provided with a copy of the License Action Request

26    by Mr. Cruz, a true and correct copy of which is attached hereto as Exhibit G and

27

[21]A copy of the original transcript of the message is attached as Exhibit "16" and
28    incorporated by this reference herein.

1    incorporated by this reference herein. Mr. Jacobs and I told Mr. Cruz and Mr.

2    Sakamoto that BELCHIC was not the current managing member of CITIZEN SMITH,

3    formerly known as Lincoln 66 Holding Company, LLC, that he had resigned from that

4    position and any other position with CITIZEN SMITH in consideration of the payment

5    of $100,000 in July, 2007, and that he had no authority to act in that position. Mr. Cruz

6    and Mr. Sakamoto stated that they were familiar with the situation and had considered

7    the matter during the period of BELCHIC's initial surrender of the license on June 12,

8    2008. They stated that the ABC was accepting the surrender of the license by BELCHIC

9    based upon the fact that the ABC records, as reflected in its License Query System

10   Summary was owned by Lincoln 66 Holding Company, LLC, which is the licensee, and

11   that as reflected in its License Query System Summary, on the License Action Request

12   and as represented to the ABC by BELCHIC, he is the current and sole managing

13   member of the LLC authorized to act on its behalf. We were told by Mr. Cruz and Mr.

14   Sakamoto that the license would only be returned to CITIZEN SMITH if we obtained a

15   court order that BELCHIC do so.[22].

16   7.   On June 17, 2008, after BELCHIC had previously surrendered the liquor license on

17        June 12, 2008, I spoke with BELCHIC by telephone. BELCHIC stated to me that he had

18        unilaterally surrendered CITIZEN SMITH's license on June 12, 2008 and that he had

19        represented to the ABC that he, as the original signator on behalf of Lincoln 66 Holding

20        Company, LLC which obtained the liquor license in December, 2005, was personally

21        entitled to control the use and the sale of the liquor license as the sole and current

22        managing member of Lincoln 66 Holding Company, LLC and CITIZEN SMITH.

23        BELCHIC also told me that he was in daily contact with Mr. Gajda regarding the

24        operation of CITIZEN SMITH and the use of its liquor license. BELCHIC stated that he

25        would consider selling the liquor license to me or to CITIZEN SMITH, or withdrawing

26

27   _____

     [22]A copy of the ABC License Query System Summary retrieved from the ABC website,
28   reflecting the information referred to by Mr. Cruz and Mr. Sakamoto, is attached hereto as Exhibit
     "17" and incorporated by this reference herein

1    the surrender of the license, for $120,000 and indemnification against any legal claims

2    or actions which may result from the sale or surrender of the liquor license.

3    8.    Citizen Smith filed the Hollywood Media lawsuit Friday, June 20, 2008, on which date

4    BELCHIC withdrew the June 12, 2008 surrender of the license. Upon withdrawing the

5    surrender of the license, BELCHIC stated to me that he would unilaterally surrender the

6    license again, or transfer it to a third-party, unless paid $120,000 cash by me or

7    CITIZEN SMITH on or before Wednesday, July 2, 2008. BELCHIC reiterated this

8    demand and threat on Saturday, June 21, 2008, several times during the week

9    commencing June 23, 2008, and on Sunday, June 29, 2008.

10    9.    Neither I nor CITIZEN SMITH has the $120,000 cash which BELCHIC demanded to be

11    paid, and CITIZEN SMITH sought and obtained the initial TRO and preliminary

12    injunction in the State Court action.

13    10.    CITIZEN SMITH's letters are attached hereto and incorporated by this reference as

14    follows:  letter dated August 15, 2007, from Gay Harwin, Esq, attorney for Daniel

15    Catullo and CS LNI, to Josh Mendelsohn, Esq. of Novian & Novian LLP, attorneys for

16    Mr. Belchic; a response dated August 24, 2007 from Farhad Novian, Esq.; and Ms.

17    Harwin's August 27, 2007, reply. This correspondence relates to the purchase by CS

18    LNI by Citizen Smith and BELCHIC's status with CITIZEN SMITH. I obtained these

19    documents from a search of the files of CITIZEN SMITH maintained under my control

20    as its custodian of records in the ordinary course of business.

21    11.    If the surrender of the liquor license is not withdrawn, or if CITIZEN SMITH otherwise

22    is unable to conduct its business under the liquor license, CITIZEN SMITH will be

23    forced out of business permanently (**in fact, Citizen Smith has been closed because of**

24    **the improper surrender of the liquor license since September 2, 2008**); it will be

25    unable to pay its past and present creditors; it will be unable to meet its payroll; its 45

26    employees will lose their jobs; its suppliers and contractors will lose their business; all

27    of CITIZEN SMITH's investors will lose their entire investment; it will lose its

28    currently pending contract for sale of its business and assignment of its lease to me and

1    The Paja Group; it will be unable to negotiate the sale of its business to any other entity;

2    it will lose the value of the 16 remaining years of its lease; and it will be required to

3    forfeit its lease and business, including the appreciated value of its fixtures and

4    furnishings to HMC.

5

6    I declare under penalty of perjury under the laws of the State of California that the

7    foregoing nis true and correct.

8    Executed September 4, 2008, at Los Angeles, California.

9

10

11   James Sinclair

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF BARUCH C. COHEN

I, BARUCH C. COHEN, declare and state as follows:

1. The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2. I am a member in good standing and eligible to practice before the following courts: California State Supreme Court; US Court of Appeals - Ninth Circuit; Bankruptcy Appellate Panel; United States District Courts: Central District of CA; Eastern District of CA; Northern District of CA; & Southern District of CA.

3. I am the principal shareholder and President of The Law Office of Baruch C. Cohen, a Professional Law Corporation, located at 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

4. I represent Citizen Smith, LLC.

5. On August 29, 2008, I was informed of Belchic's improper surrender of the liquor license.

6. I immediately wrote a letter to Joe Cruz, Assistant Director of the ABC, concerning BELCHIC's surrender of the license. I reminded Mr. Cruz of our prior communications in which I advised him of BELCHIC's lack of authority, the change in ownership and name of the business, and the pending dispute and litigation between the parties, and in which he had assured me that since this had become a disputed civil matter, he would not allow BELCHIC to again unilaterally surrender CITIZEN SMITH's liquor license. I also advised Mr. Cruz that the matter was now in Bankruptcy, that the automatic stay extended to the liquor license as an asset of the estate, and that BELCHIC's actions constituted a contempt of Court. Further, I made clear to Mr. Cruz that the continuation and survival of CITIZEN SMITH depended on the immediate reinstatement of the liquor license.[23]

7. Also on August 29, 2008, I wrote a follow-up letter to Mr. Cruz, in order to provide

---

[23] A true and correct copy of this letter is attached hereto as Exhibit "18" and incorporated by this reference herein.

1    him with a copy of a letter from BELCHIC's counsel a year ago, in which counsel

2    affirmatively represented that BELCHIC would not represent himself as having any

3    authority to act on CITIZEN SMITH's behalf, and would not interfere with CITIZEN

4    SMITH's business, which counsel also acknowledged to have been under new

5    management as of January of 2007. I again demanded that the liquor license be restored

6    immediately.[24]

7    8.    Also on August 29, 2008, I wrote another follow-up letter to Mr. Cruz, enclosing the

8          letter from Mr. Harwin that was written in response to Belchic's attorney Farhad Novian

9          dated August 24, 2007, wherein they state: "Dear Mr. Novian: We are in receipt of

10         your correspondence of August 24, 2007. As to the contentions set forth in your letter,

11         please consider the following: We thank you for your assurances with respect to Mr.

12         Belchic's resignation as Manager of LLC. However, please be advised that such

13         resignation was effective as of the July 20,2007, the date of payment of One Hundred

14         Thousand Dollars($100,000) made to Mr. Belchic pursuant the subject Second

15         Amendment..." I again demanded that the liquor license be restored immediately.[25]

16   9.    I was advised by Roger Manlin of his ex parte proceeding in state court on September 2,

17         2008. I was advised by Roger Manlin of the court's denial of his ex parte request due to

18         bail insufficiencies on September 3, 2008. I set to work immediately on this motion.

19   10.   Pursuant to Local Bankruptcy Rule 9075-1, to maximize the notice to the responding

20         parties, I faxed and messengered copies of this Emergency Motion to Mr. Belchic's

21         counsel and to HMC's counsel. Immediately upon obtaining a hearing date and time, I

22         will give telephonic notice of the emergency hearing to the parties to whom notice of the

23         motion is required to be given by the F.R.B.P. or by these Local Bankruptcy Rules, as

24         well as to any other party that is likely to be adversely affected by the granting of the

26   [24]A true and correct copy of this letter is attached hereto as Exhibit "19" and incorporated
     by this reference herein.

27

28   [25]A true and correct copy of this letter is attached hereto as Exhibit "20" and incorporated
     by this reference herein.

1    motion. I will provide the Court with a declaration re proof of service.

2    I declare under penalty of perjury under the laws of the State of California that the

3 foregoing is true and correct.

4    Executed September 5, 2008, at Los Angeles, California.

5                     Baruch C. Cohen

1

## PROOF OF SERVICE

2      I, Baruch C. Cohen, declare as follows:

3      I am, and was at all times herein mentioned, a citizen of the United States, a resident of
the County of Los Angeles, State of California, over the age of 18 years and not a party to this
4   action or proceeding. My business address is 4929 Wilshire Boulevard, Suite 940, Los Angeles,
California 90010.

5

6      Upon this day, I served the within **EMERGENCY MOTION FOR TEMPORARY
RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTIVE RELIEF
RESTRAINING AND PREVENTING ANDREW BELCHIC FROM VIOLATING THE
7   AUTOMATIC STAY; FOR ISSUANCE OF AN ORDER TO SHOW CAUSE RE
CONTEMPT; FOR THE IMPOSITION OF ATTORNEYS FEES AND COSTS FOR
8   VIOLATION OF THE AUTOMATIC STAY; AND FOR OTHER RELIEF;
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ROGER
9   A.S. MANLIN, PATRICK L. JOHNSON, JAMES SINCLAIR, AND BARUCH C.
COHEN** on all interested parties in this action through their attorneys of record by placing a
10  true and correct copy thereof, addressed as per the attached service list.

11  \_\_\_    **VIA FIRST CLASS MAIL** [C.C.P. §§ 1012a, et seq., & Local Bankruptcy Rule 7004-
1(2)(b)]. I deposited said document(s) into the United States mail at Los Angeles,
12      California, in a sealed envelope with postage fully prepaid. My practice is to collect and
process mail on the same day as shown on this declaration. Under that practice, all
13      correspondence is deposited with the US Postal Service on the same day that it is placed
for collection and processing, in the ordinary course of business.

14

15  \_X\_\_   **VIA HAND DELIVERY/PERSONAL SERVICE** (C.C.P. §§ 1001, et seq., & Local
Bankruptcy Rule 7004-1(2)(c)]. I directed a courier to personally deliver said
document(s) to each addressee.

16

17  \_\_\_    **VIA FEDERAL EXPRESS/OVERNIGHT/NEXT BUSINESS DAY DELIVERY
SERVICE** (C.C.P. §§ 1011, 1012, & Local Bankruptcy Rule 7004-1(2)(d)]. I
enveloped, properly labeled, and caused to be deposited into a Federal Express pick-up
18      receptacle as per the regular practice of my office.

19  \_X\_\_   **VIA FACSIMILE** (C.C.P. §§ 1012.5, & Local Bankruptcy Rule 7004-1(2)(e)]. I
caused the said document(s) to be transmitted by SACsimile machine to the number
20      indicated after the address(es) noted herein. I received written confirmation that the
SACsimile transmission was received by the addressee.

21

22      I declare that I am a member of the State Bar of this Court.

23      I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct. Executed at Los Angeles, California on September \_5\_, 2008.

24

25  Baruch C. Cohen

26

27

28

1

## SERVICE LIST

2

**COUNSEL FOR ANDREW BELCHIC**

Michael J. Saltz, Esq.

3   Mark Fingerman, Esq.
Jacobson, Russell, Saltz & Fingerman, LLP

4   10866 Wilshire Blvd., Suite 1550
Los Angeles, CA 90024

5   *Via Facsimile Transmission: 310/446-9909*

6   **REQUEST FOR SPECIAL NOTICE**

7   David M. Poitras, Esq.
Jeffer Mangels Butler & Marmaro LLP

8   1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-4308

9   *Via Facsimile Transmission: 310/712-8571*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28