**ORIGINAL**

Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
  A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501       Fax (323) 937-4503
email: BCC4929@aol.com

*Attorney For Citizen Smith, LLC*

FILED
NOV 18 2008
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
             Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**CITIZEN SMITH, LLC**<br><br>Debtor. | Case No. 2:08-bk-19197-SB<br>Assigned to the Honorable Samuel Bufford<br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE "MOTION FINDING THAT NOTICE OF REMOVAL BY CITIZEN SMITH, LLC WAS INEFFECTIVE"**<br><br>Date: December 2, 2008<br>Time: 11:00 a.m.<br>Place: Courtroom 1575<br>Edward Roybal Building<br>255 East Temple Street<br>Los Angeles, CA 90012 |

Debtor, CITIZEN SMITH, LLC (hereinafter referred to as "CITIZEN SMITH") hereby opposes the "Motion Finding That Notice of Removal by Citizen Smith, Llc Was Ineffective" brought herein by HOLLYWOOD MEDIA CENTER, LLC (hereinafter referred to as "HMC").

DATED: November 18, 2008

LAW OFFICE OF BARUCH C. COHEN
A Professional Law Corporation

By _____
Baruch C. Cohen, Esq.
*Attorney For Citizen Smith, LLC*

F:\DOCS\CITIZEN-SMITH\REMOVAL-IMPROPER.OPP.wpd
11/18-6:25am

I.  MEMORANDUM OF POINTS AND AUTHORITIES

A.  INTRODUCTION AND STATEMENT OF FACTS

With yet another affront like the instant motion, it is truly difficult to know where to begin. Perhaps from the beginning.

Andrew Belchic ("BELCHIC") founded and previously owned CITIZEN SMITH. CITIZEN SMITH entered into a lease with HMC and David Gajda ("GAJDA") for its business premises. CITIZEN SMITH, under BELCHIC's management, soon became a mismanaged, disorganized, undercapitalized, and failing operation. Finding a willing buyer, BELCHIC took the cash, washed his hands (after securing full release), and ran. CITIZEN SMITH, under new (current) management, eventually paid its outstanding creditors (which BELCHIC left behind), and started to operate at a profit. Learning that CITIZEN SMITH had a new buyer, BELCHIC, HMC, and GAJDA decided that CITIZEN SMITH somehow owed them its success, and could still be controlled by them by threats to valuable assets necessary to its very existence.

BELCHIC, while acknowledging fulfillment of all conditions of the purchase agreement, never removed his name from the ABC's records, and proceeded to fraudulently suspend CITIZEN SMITH's liquor license, demanding more cash under threat of abandoning or reselling. HMC and GAJDA, while demanding, receiving, and cashing CITIZEN SMITH's rent checks, suddenly demanded renegotiation of the lease, issued eviction notices, and brought an unlawful detainer action seeking forfeiture of the premises and all improvements made thereon by CITIZEN SMITH. It did not matter that: the liquor license and lease were CITIZEN SMITH's assets alone; CITIZEN SMITH had paid its rent in excessive amounts, such that HMC and GAJDA had no cause to serve notice, evict, or file suit, and instead were withholding even further assets from CITIZEN SMITH; BELCHIC's actions were in violation of the state court's preliminary injunction; HMC, GAJDA, and BELCHIC's actions were in violation of this Court's automatic stay; and HMC, GAJDA, and BELCHIC's actions were unlawful and violated CITIZEN SMITH's rights, giving rise to CITIZEN SMITH's civil action in state court.

Essentially, BELCHIC, HMC, and GAJDA decided that CITIZEN SMITH would cease to exist if it could not be theirs. And, since that has become the motivation for HMC,

BELCHIC and GAJDA's actions in this proceeding (as the instant motion only continues to demonstrate), it is reasonable, efficient, and logical to bring the state court actions before this Court as well (as the Court, CITIZEN SMITH, and its counsel appreciate, despite BELCHIC, HMC, and GAJDA's resistance)

Simply put (and as sad as it may be), the Court has already made an order to remove the state court cases to the Bankruptcy Court. CITIZEN SMITH's counsel has now complied with the Court's order. HMC now moves for yet another order from the Court, invalidating CITIZEN SMITH's counsel's compliance with the Court's prior order. CITIZEN SMITH's counsel's transgression, according to HMC, is obeying the Court's order.[1]

How, then, does HMC propose that the Court find CITIZEN SMITH's notices to be invalid, as the motion demands, when the notices were prepared and filed in compliance with the Court's own orders. Had the notices not been prepared and filed as the Court ordered, would HMC's motion have been one to compel compliance with the Court's order?

The motion is wholly without merit, a fact which is facially apparent. The larger issues, however, are the abuses which HMC, its counsel, and its cohorts continue to commit, the utter lack of hesitation to file even the most ludicrous, meritless, and frivolous of matters, the lengths which HMC, GAJDA, BELCHIC, and their counsel will go in their efforts to ruin CITIZEN SMITH, and the fact that all such abuses, matters, and efforts have been incessantly pursued and are now escalating well beyond reason.

It indeed sounds insulting to have to express to the Court both the fact and manner in which the instant motion is without merit, frivolous, brought in bad faith, and an abuse of process - of the procedure and proceedings over which this Court presides, and in derogation of the true purpose thereof. But, as HMC and its counsel well know, the motion itself (and the hearing scheduled) requires CITIZEN SMITH and its counsel to expend unnecessary time and effort to oppose. Unfortunately, it also requires the Court to take the time and effort to consider, if only fleetingly, that HMC and its counsel have once again forced CITIZEN SMITH

---

[1] Not an altogether surprising position, since HMC, GAJDA and BELCHIC apparently have found both virtue and value in violating court orders, regardless of the court in question.

1 to oppose, and the Court to hear, a meritless matter - this time, seeking the Court's
2 condemnation of CITIZEN SMITH and its counsel for, of all things, having complied with the
3 Court's own order.

  B.  ARGUMENT

    1.  THE COURT HAS ALREADY ORDERED THE CASES REMOVED

Generally speaking, removal is a matter for defense counsel to handle. The Court, perhaps considering the fact that HMC and its counsel are given to making meritless mountains out of the simplest of molehills (if only for the sake of causing CITIZEN SMITH further expense and delay), ordered CITIZEN SMITH's counsel, instead, to handle the paperwork. Never failing any underestimation of their ability to be candid, follow the law, or *even listen to the Court itself*, HMC and its counsel still have managed to make this molehill into yet another mountain. If it endeavored to avoid yet another specious procedure by taking HMC and its counsel "out of the loop," the Court apparently didn't anticipate that *yet another simple and straightforward order telling HMC and its counsel what not to do*, could still inspire such a convolution of its few words.

There exist no defects in the Notice, as HMC asserts.

First, HMC claims that the Notice is untimely. The Court's order granting removal - prior to the Notice - excuses any time constraint, if applicable, or, in the alternative, grants leave to file the Notice past any time limit which might otherwise be applicable. The Court's order granting removal renders such requirements - and HMC's objections - moot.

Second, HMC claims that the Notice does not state the grounds on which the matters should be removed. The Court's order granting removal - prior to the Notice - excuses such requirements, if applicable, or, in the alternative, grants CITIZEN SMITH permission to file the Notice without complying with such requirements as might otherwise be applicable. The Court's order granting removal renders such requirements - and HMC's objections - moot.

Third, HMC claims that the Notice does not have the pleadings attached. The Court's order granting removal renders such requirements - and HMC's objections - moot.

Again, before the Notice was filed, the Court ordered that CITIZEN SMITH's counsel

1  file the Notice. CITIZEN SMITH's counsel complied with the Court's orders. Thus, the Notice
2  is valid. Therefore, HMC and its counsel have again frivolously and in bad faith caused
3  unnecessary expenditure of precious resources - by both the Court and CITIZEN SMITH - and
4  its motion is properly denied.

5          2.     IT IS TIME FOR THE COURT TO CONSIDER ADMONISHING
6               AND/OR SANCTIONING THESE ABUSIVE TACTICS BY HMC AND
7               ITS COUNSEL

8  Perhaps it is past time.

9  CITIZEN SMITH has already demonstrated, and established, that HMC and GAJDA
10 actually owe CITIZEN SMITH substantial sums of overpaid rent, which overpayments HMC,
11 GAJDA, and their counsel have repeatedly, and fraudulently, demanded, received, and cashed.
12 (To think that such funds have gone on to enrich a fund which is being spent in pursuits such as
13 this motion is as ironic as it is appalling.) HMC and GAJDA, therefore, are not creditors, but
14 are, in fact, persons who have wrongfully demanded, extorted, and withheld monies which
15 CITIZEN SMITH did not owe, and to which CITIZEN SMITH is entitled as part of the
16 Bankruptcy estate.

17 CITIZEN SMITH also has more than ample evidence to show that HMC, its cohorts,
18 and their (joined, and multiplying) counsel have defrauded the state court, and intend to defraud
19 this Court, by their presentation of false documents and falsified declarations, under penalty of
20 perjury, attesting to the existence of particular documents in 2007, despite the fact that they did
21 not exist until, conveniently, just recently.

22 HMC, BELCHIC, GAJDA, and their counsel have not managed a rational or reasoned
23 explanation for their production of such "evidence," let alone their boasting about it.[2] This is

---

[2] "Rational and reasoned" expressly excludes the actions that have been taken by HMC, GAJDA, BELCHIC, and their counsel since their fraud was revealed. To date, such actions include (but are no doubt not limited to) accusations that CITIZEN SMITH's counsel threatened something, and/or attempted to extort something from, these parties and/or their counsel when demanding that the fraudulent documents be exposed for what they are and withdrawn; referral of such fictitious conduct to the United States District Court for prosecution; and a knee-jerk subpoena to depose CITIZEN SMITH's counsel.

consistent with HMC, GAJDA, and BELCHIC's (and their counsel's) actions in contempt of the Court's orders herein, and only serves to demonstrate the vile nature of such actions, and the fact that there *must* be ulterior motives behind them.[3]

HMC, GAJDA and BELCHIC do not seem to realize is that this proceeding is not for their benefit, and certainly not for their enrichment. Their attitude seems one of entitlement, not just to deference, but to preference. And, their actions have been at every step been fabricated and facilitated by counsel, who have no excuse for doing so. If nothing else, it is not unreasonable to require HMC, GAJDA, BELCHIC, and their counsel to demonstrate their understanding of these proceedings, and their place therein.

The aim is not to place a "debtor" in Bankruptcy, and *then* bankrupt it. It is not to stop a "debtor" from functioning. It is not to take a thriving business, already in ruins as a result of HMC, GAJDA, and BELCHIC's actions, and then take any action possible (even if that requires engaging in fraud and violation of court order) to ruin it once it begins to succeed. It is not the role of the Bankruptcy Court to assist in the destruction of a "debtor," particularly where to do so would be to abet, and reward, a continuing fraud and abuse of its own process. Rather, a true Bankruptcy proceeding is to protect the "debtor" and its bona fide creditors, to maintain the status quo of its operations, while seeking whenever possible to ensure that it may remain a viable entity and succeed for the best interests of all.

Therefore, CITIZEN SMITH maintains that this Court may consider all of the facts and circumstances in this matter, impose sanctions against HMC and its counsel for this latest

---

[3] Consider the prior findings of contempt by Movants in light of the recent revelations that HMC and GAJDA owe CITIZEN SMITH money which they wrongfully demanded and wrongfully obtained. Among the contemptuous actions were the service, by HMC, GAJDA, and their counsel, of repeated notices to vacate for nonpayment of rent. Such actions were, clearly, in violation of the automatic stay. However, because HMC, GAJDA, and their counsel were already in possession of excess rent payments, these actions were also fraudulent, and the documents on which they were based, which bear the signatures of HMC, GAJDA, and their counsel, were falsified. HMC, GAJDA, and their counsel, coming before the Court to defend such actions, show their willingness to do anything to reclaim CITIZEN SMITH, or if they cannot do so, to destroy CITIZEN SMITH. Now, with even more falsified (recently-fabricated) documents surfacing, it appears that there is no limit to the actions of HMC, GAJDA, BELCHIC, and their counsel in ruining CITIZEN SMITH: this Motion is only one of the latest, which are escalating, apparently in a vain attempt to shift the focus and blame anywhere else than where it actually has merit.

abuse,[4] and admonish HMC, GAJDA, BELCHIC, and their counsel against such conduct in the future. If not for CITIZEN SMITH's sake, then simply because HMC and its counsel have wasted the Court's time with this exercise in absurdity.

C.   CONCLUSION

CITIZEN SMITH respectfully requests that the Court deny the instant motion. In doing so, CITIZEN SMITH also requests that the denial be accompanied by any appropriate reprimand which the Court may wish to visit upon HMC and its counsel for yet another abusive tactic.

DATED: November 18, 2008

LAW OFFICE OF BARUCH C. COHEN
A Professional Law Corporation

By _____
Baruch C. Cohen, Esq.
*Attorney For Citizen Smith, LLC*

---

[4] CITIZEN SMITH's counsel will, if the Court requests it, submit a declaration concerning the time, effort, and expense which HMC and its counsel have forced CITIZEN SMITH and its counsel to expend and incur in opposing this motion.

## DECLARATION OF BARUCH C. COHEN

I, BARUCH C. COHEN, declare and state as follows:

1. The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2. I am a member in good standing and eligible to practice before the following courts: California State Supreme Court; US Court of Appeals - Ninth Circuit; Bankruptcy Appellate Panel; United States District Courts: Central District of CA; Eastern District of CA; Northern District of CA; & Southern District of CA.

3. I am the principal shareholder and President of The Law Office of Baruch C. Cohen, a Professional Law Corporation, located at 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

4. I represent Citizen Smith, LLC in this action.

5. On October 28, 2008, this Court denied HMC's motion to lift the stay on condition that the state court lawsuits be removed to Bankruptcy Court, which I did.

6. On November 13, 2008, after receiving HMC's motion, I wrote David Kupetz: "*I'm not clear why you filed your motion to deem one of the removals improper. Your motion to lift the stay was denied on October 28, 2008 so long as the state court cases were removed to USBC, a move that was requested by you at the hearing and benefits your client. So why are you opposing the removal? It makes no sense to me and seems completely unnecessary. Furthermore, since HMC is the defendant in that state court case, and removals are usually done by defendants, why doesn't HMC (re)do the removal? We would certainly stipulate to the removal. We could then take the Motion set for December 2, 2008 off calendar as being moot. Please advise.*"[5]

7. Yesterday, on November 17, 2008, I received a call from attorney Mark Haroupian, Kupetz's associate informing me that my letter made sense and that he is prepared to stipulate to withdraw the Motion to allow us to stipulate to the removal, so long as I do

---

[5] A true and correct copy of my letter is attached hereto as Exhibit "I" and is incorporated herein by this reference.

the paperwork. I explained that - that would be an impossibility since I'm leaving for Israel on Thursday. He said he'd get back to me.

8. In the state's removal notice I attached the federal removal notice and vica versa. I'm unclear what other pleadings I needed to attach. These were not classic removals where the defendants haven't even answered the complaint and needed to deny the allegations. These were state court lawsuits where Citizen Smith was the plaintiff. Why would we deny the allegations that we asserted as Plaintiffs? These were at issue contentious lawsuits that were obviously disputed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed November 18, 2008, at Los Angeles, California.

_____
Baruch C. Cohen

Subj:  **Citizen Smith: HMC's motion to deem the removal improper**
Date:  11/13/2008
To:    dkupetz@sulmeyerlaw.com
BCC:   james@thepajagroup.com, p_johnston@sbcglobal.net, jonny@thepajagroup.com, lemesq@aol.com, jmcobert@sprynet.com

David:

I'm not clear why you filed your motion to deem one of the removals improper. Your motion to lift the stay was denied on October 28, 2008 so long as the state court cases were removed to USBC, a move that was requested by you at the hearing and benefits your client. So why are you opposing the removal? It makes no sense to me and seems completely unnecessary. Furthermore, since HMC is the defendant in that state court case, and removals are usually done by defendants, why doesn't HMC (re)do the removal? We would certainly stipulate to the removal. We could then take the Motion set for December 2, 2008 off calendar as being moot. Please advise.

Respectfully,

Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Telephone (323) 937-4501
Facsimile: (323) 937-4503
cell phone: (323) 353-9535
e-mail: BCC4929@aol.com

This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is legally privileged. This e-mail is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication. Thank you.

Exhibit "1"

# PROOF OF SERVICE

I, Baruch C. Cohen, declare as follows:

I am, and was at all times herein mentioned, a citizen of the United States, a resident of the County of Los Angeles, State of California, over the age of 18 years and not a party to this action or proceeding. My business address is 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

Upon this day, I served the within **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE "MOTION FINDING THAT NOTICE OF REMOVAL BY CITIZEN SMITH, LLC WAS INEFFECTIVE"** on all interested parties in this action through their attorneys of record by placing a true and correct copy thereof, addressed as per the attached service list.

__X__ **VIA FIRST CLASS MAIL** [C.C.P. §§ 1012a, et seq., & Local Bankruptcy Rule 7004-1(2)(b)]. I deposited said document(s) into the United States mail at Los Angeles, California, in a sealed envelope with postage fully prepaid. My practice is to collect and process mail on the same day as shown on this declaration. Under that practice, all correspondence is deposited with the US Postal Service on the same day that it is placed for collection and processing, in the ordinary course of business.

____ **VIA HAND DELIVERY/PERSONAL SERVICE** (C.C.P. §§ 1001, et seq., & Local Bankruptcy Rule 7004-1(2)(c)]. I directed a courier to personally deliver said document(s) to each addressee.

____ **VIA FEDERAL EXPRESS/OVERNIGHT/NEXT BUSINESS DAY DELIVERY SERVICE** (C.C.P. §§ 1011, 1012, & Local Bankruptcy Rule 7004-1(2)(d)]. I enveloped, properly labeled, and caused to be deposited into a Federal Express pick-up receptacle as per the regular practice of my office.

____ **VIA FACSIMILE** (C.C.P. §§ 1012.5, & Local Bankruptcy Rule 7004-1(2)(e)]. I caused the said document(s) to be transmitted by Facsimile machine to the number indicated after the address(es) noted herein. I received written confirmation that the Facsimile transmission was received by the addressee.

I declare that I am a member of the State Bar of this Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Los Angeles, California on November 18, 2008.

/s/ Baruch Cohen
Baruch C. Cohen

|    |                                                                                  |
|----|----------------------------------------------------------------------------------|
| 1  | **SERVICE LIST**                                                                 |
| 2  | **OUST**                                                                         |
|    | Bruce S. Schildkraut, Esq.                                                       |
| 3  | Office of the United States Trustee                                              |
|    | 725 South Figueroa Street, Suite 2600                                            |
| 4  | Los Angeles, CA 90017                                                            |
| 5  | **COUNSEL FOR HMC AND DAVID GAJDA AND ANDREW BELCHIC**                           |
|    | *Via Facsimile Transmission: 310/446-9909*                                       |
| 6  | Mark Fingerman, Esq.,                                                            |
|    | Michael Slatz, Esq.                                                              |
| 7  | Jacobson, Russell, Saltz & Fingermann                                            |
|    | 10866 Wilshire Blvd., Suite 1550                                                 |
| 8  | Los Angeles, CA 90024                                                            |
| 9  | *Via Facsimile Transmission: 213/629-4520*                                       |
|    | David S. Kupetz, Esq.                                                            |
| 10 | SulmeyerKupetz, APC                                                              |
|    | 333 South Hope Street, Thirty-Fifth Floor                                        |
| 11 | Los Angeles, CA 90071                                                            |
| 12 | **REQUEST FOR SPECIAL NOTICE**                                                   |
|    | Henry B. LaTorraca, Esq.                                                         |
| 13 | Law Office of Henry B. LaTorraca                                                 |
|    | Union Bank of California Building                                                |
| 14 | 400 Oceangate, Suite 700                                                         |
|    | Long Beach, CA 90802-4306                                                        |
| 15 |                                                                                  |
|    | **REQUEST FOR SPECIAL NOTICE**                                                   |
| 16 | *Via Facsimile Transmission: 818-705-3777*                                       |
|    | Ian Landsberg, Esq.                                                              |
| 17 | Landsberg Margulies LLP                                                          |
|    | 16030 Ventura Blvd Ste 470                                                       |
| 18 | Encino, CA 91436                                                                 |
| 19 | *Via Facsimile Transmission: 213-624-7536*                                       |
|    | Ronald Slates, Esq.                                                              |
| 20 | 523 West Sixth Street, Suite 502                                                 |
|    | Los Angeles, CA 90014-1225                                                       |
| 21 |                                                                                  |
| 22 |                                                                                  |
| 23 |                                                                                  |
| 24 |                                                                                  |
| 25 |                                                                                  |
| 26 |                                                                                  |
| 27 |                                                                                  |
| 28 |                                                                                  |