**ORIGINAL**

1    Baruch C. Cohen, Esq. (SBN 159455)
     **LAW OFFICE OF BARUCH C. COHEN**
2       A Professional Law Corporation
     4929 Wilshire Boulevard, Suite 940
3    Los Angeles, California 90010
     (323) 937-4501      Fax (323) 937-4503
4    email: BCC4929@aol.com

5    *Attorney For Citizen Smith, LLC*

FILED

NOV 20 2008

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____

6

7             **UNITED STATES BANKRUPTCY COURT**

8             **CENTRAL DISTRICT OF CALIFORNIA**

9             **LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:08-bk-19197-SB |
| **CITIZEN SMITH, LLC** | Assigned to the Honorable Samuel Bufford |
| Debtor. | Chapter 11 |
| | **NOTICE OF MOTION AND MOTION TO QUASH SUBPOENAS, OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF JAMES D. SINCLAIR AND BARUCH C. COHEN [*Filed concurrently with Ex Parte Application for Order Shortening Time*]** |
| | Date: December 16, 2008 |
| | Time: 11:00 am |
| | Place: Courtroom 1575 |
| | Edward Roybal Building |
| | 255 East Temple Street |
| | Los Angeles, CA 90012 |

21      **TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

22      **PLEASE TAKE NOTICE** that on December 16, 2008, at 11:00am., or as soon thereafter

23 as the matter may be heard, in Courtroom 1575 of the above-entitled Court, Edward Roybal

24 Building, 255 East Temple Street, Los Angeles, California, Debtor and Debtor- In-Possession

25 CITIZEN SMITH, LLC (hereinafter referred to as "CITIZEN SMITH") will and does hereby move

26 for an Order quashing the five (5) Subpoenas served by HOLLYWOOD MEDIA CENTER, LLC

27 (hereinafter referred to as "HMC") on the following: (1) James Sinclair (hereinafter referred to as

28

1  "SINCLAIR"), CITIZEN SMITH's operator, demanding deposition on December 16, 2008;[1] (2)

2  CITIZEN SMITH's counsel, Baruch C. Cohen, demanding deposition on December 18, 2008;[2] (3)

3  CITIZEN SMITH, LLC, demanding production of documents on December 3, 2008;[3] (4) Wells

4  Fargo Bank, demanding production of documents on December 3, 2008;[4] and (5) Bank of

5  America, demanding production of documents on December 3, 2008.[5]

6      In the alternative, CITIZEN SMITH seeks protective orders concerning these subpoenas, as

7  follows: (1) that the depositions demanded in the subpoenas not be taken and/or be terminated; (2)

8  that the writings or tangible things designated in the subpoenas not be produced, inspected, or

9  copied; and/or (3) that the subpoenas be subject to those terms and conditions that are just.

10      CITIZEN SMITH requests this relief on the following grounds: (1) the deposition

11  subpoena to SINCLAIR is defective as not having been personally served, not served with the

12  tender of witness fees, and not containing a description of matters on which the examination is

13  requested; (2) the deposition subpoena to CITIZEN SMITH's counsel, Baruch C. Cohen is

14  defective as not containing a description of matters on which the examination is requested, for lack

15  of standing and relevance, and as seeking the discovery of matters subject to attorney-client and

16  work product privileges (3) the subpoena demanding production of documents from CITIZEN

17  SMITH, LLC is defective as it has requests several categories of documents which are

18  irrelevant; (4) the subpoena demanding production of documents from Wells Fargo Bank is

19  defective for failure to give sufficient notice pursuant to Federal Rule of Civil Procedure

20  §34(b); and (5) the subpoena demanding production of documents from Bank of America is

21

22  [1]A true and correct copy of this subpoena is attached hereto as Exhibit "1" and incorporated by this reference herein.

23  [2]A true and correct copy of this subpoena is attached hereto as Exhibit "2" and incorporated by this reference herein.

24

25  [3]A true and correct copy of this subpoena is attached hereto as Exhibit "3" and incorporated by this reference herein.

26  [4]A true and correct copy of this subpoena is attached hereto as Exhibit "4" and incorporated by this reference herein.

27

28  [5]A true and correct copy of this subpoena is attached hereto as Exhibit "5" and incorporated by this reference herein.

1  defective for failure to give sufficient notice pursuant to Federal Rule of Civil Procedure

2  §34(b).

3      This Motion is brought for cause pursuant to Federal Rule of Civil Procedure §§26, 34,

4  and 45, and is based upon the attached Memorandum of Points and Authorities, the

5  concurrently filed Declaration of Baruch C. Cohen, the attached Exhibits, the separately filed

6  and served Ex Parte Application for Order Shortening Time filed herewith, and on such

7  supplemental declarations, affidavits, and memoranda of points and authorities as may hereafter

8  be filed with the Court, on all the papers and records on file in this action, and on such oral and

9  documentary evidence as may be presented at the hearing of the Motion.

10     **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1,

11  any objection or response to this Motion must be stated in writing, filed with the Clerk of the

12  Court and served on Debtor and its counsel on or before the date set by the Court for the filing

13  and service of such objection or response. Failure to so state, file and serve any opposition may

14  result in the Court failing to consider the same.

15

16  DATED: November 19, 2008              LAW OFFICE OF BARUCH C. COHEN
                                          A Professional Law Corporation
17

18                                        By _____
                                          Baruch C. Cohen, Esq.
19                                        *Attorney For Citizen Smith, LLC*

20

21

22

23

24

25

26

27

28

1  I.      MEMORANDUM OF POINTS AND AUTHORITIES

2          A.      INTRODUCTION

3                  On July 25, 2008, this action was commenced by the filing of an involuntary petition.

4  Debtor has remained in possession of its assets, and has been operating its business as a debtor

5  and debtor in possession.

6                  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§157 and 1334.

7  Venue of Debtor's Chapter 11 case and the Motion is proper in this District pursuant to 28

8  U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b). The

9  statutory predicate for the relief requested herein is 11 U.S.C. §365(a).

10                 These proceedings have been contentious from their inception, including efforts by

11 CITIZEN SMITH's landlord, HMC, to wrest control of the business from current management

12 (as with HMC's always meritless, yet only recently withdrawn motion to appoint trustee) and,

13 with the assistance of David Gajda (owner of HMC) and Andrew Belchic, to ruin CITIZEN

14 SMITH's business (as with those acts done in violation of law and contempt of court). Now,

15 HMC seeks discovery of matters which it has not disclosed, but on which it has nonetheless

16 proceeded to issue five (5) subpoenas, each issued on November 12, 2008, as follows:

17                 (1) James Sinclair (hereinafter referred to as "SINCLAIR"), CITIZEN SMITH's operator,

18 demanding deposition on December 16, 2008;[6]

19                 (2) CITIZEN SMITH's counsel, Baruch C. Cohen, demanding deposition on December 18,

20 2008;[7]

21                 (3) CITIZEN SMITH, LLC, demanding production of documents on December 3, 2008;[8]

22

23

24
     _____

25        [6]A true and correct copy of this subpoena is attached hereto as Exhibit "1" and incorporated
     by this reference herein.

26        [7]A true and correct copy of this subpoena is attached hereto as Exhibit 2" and incorporated
     by this reference herein.
27

28        [8]A true and correct copy of this subpoena is attached hereto as Exhibit "3" and incorporated
     by this reference herein.

1    (4) Wells Fargo Bank, demanding production of documents on December 3, 2008;[9] and

2    (5) Bank of America, demanding production of documents on December 3, 2008.[10]

3    The particular details concerning these documents and the circumstances discussed herein

4    are set forth in the declaration of Baruch C. Cohen, attached hereto and incorporated by this

5    reference herein.

6    Each subpoena is defective. None of the deposition subpoenas contain information

7    concerning the matters on which examination is requested. None of the subpoenas demanding the

8    production of documents provide sufficient notice as is required under the Federal Rule of Civil

9    Procedure.

10    Additionally, from what can be gleaned from the subpoenas themselves in light of the

11    current circumstances and status of the case, it is apparent that HMC is demanding to depose

12    CITIZEN SMITH's counsel improperly; HMC is demanding production of documents and

13    testimony that are unlikely to lead to the discovery of admissible evidence; and HMC is making

14    demands to which it is simply not entitled, for lack of standing, relevance, or good cause.

15    B.    ARGUMENT

16        1.    THE SCOPE OF DISCOVERY IS NOT UNLIMITED

17    The basic purpose of discovery is to take the "game" element out of trial preparation by

18    enabling parties to obtain the evidence necessary to evaluate and resolve their dispute

19    beforehand. (*Herbert v. Lando*, 441 U.S. 153, 177 (1979): "The Court has more than once

20    declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to

21    effect their purpose of adequately informing the litigants in civil trials.")

22    Federal Rule of Civil Procedure §26(b)(1) provides:

23    (b) *Discovery Scope and Limits.*
      (1) *Scope in General.* Unless otherwise limited by court order, the scope of
24    discovery is as follows: Parties may obtain discovery regarding any nonprivileged
      matter that is relevant to any party's claim or defense--including the existence,

25

26    [9]A true and correct copy of this subpoena is attached hereto as Exhibit "4" and incorporated
      by this reference herein.

27

28    [10]A true and correct copy of this subpoena is attached hereto as Exhibit "5" and
      incorporated by this reference herein.

description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

The subpoenas in question do not provide any statement as to the matter on which examination of proposed deponents is demanded. As to the demands for production of documents, it is apparent, simply from a cursory reading, that the majority of such documents pertain only to moot issues, to wit, HMC's recently-withdrawn motion to appoint trustee. Simply on such bases, HMC cannot claim relevance, or even the fact that the requested information is likely to lead to the discovery of admissible evidence. And, also more fully discussed below, the subpoenas suffer from other defects which render them improper means of discovery.

>           2.           THE COURT IS EMPOWERED TO QUASH THE SUBPOENAS, ISSUE

>           A PROTECTIVE ORDER, OR PROVIDE ALTERNATIVE RELIEF

Federal Rule of Civil Procedure §45(c)(3)(A) provides, in pertinent part:

*Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; ... (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.
Federal Rule of Civil Procedure §26(b)(2) states, in pertinent part:
(2) *Limitations on Frequency and Extent.*
(A) *When Permitted.* By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36. ...
(C) *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.
Federal Rule of Civil Procedure §26(c)(1) states:
(c) Protective Orders.
(1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative

1    on matters relating to a deposition, in the court for the district where the deposition
will be taken. The motion must include a certification that the movant has in good
2    faith conferred or attempted to confer with other affected parties in an effort to
resolve the dispute without court action. The court may, for good cause, issue an
3    order to protect a party or person from annoyance, embarrassment, oppression, or
undue burden or expense, including one or more of the following:
4    (A) forbidding the disclosure or discovery;
(B) specifying terms, including time and place, for the disclosure or discovery;
5    (C) prescribing a discovery method other than the one selected by the party seeking
discovery;
6    (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or
discovery to certain matters;
7    (E) designating the persons who may be present while the discovery is conducted;
(F) requiring that a deposition be sealed and opened only on court order;
8    (G) requiring that a trade secret or other confidential research, development, or
commercial information not be revealed or be revealed only in a specified way; and
9    (H) requiring that the parties simultaneously file specified documents or
information in sealed envelopes, to be opened as the court directs.
10

11    On appeal, an order to quash is reviewed under the abuse of discretion standard. (*Premium*

12   *Service Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 229 (9th Cir. 1975).)

13    As discussed below, there are several reasons why the subpoenas are defective and void.

14   Some defects can be cured, but only by their withdrawal and reissuance. Some cannot be cured at

15   all, leaving withdrawal as the only remedy available. None of the subpoenas, as served and

16   presently constituted, justify any response other than the instant motion. The Court may therefore

17   order them quashed, or in the alternative, issue those protective or other orders as are appropriate

18   to keep HMC's discovery within allowable parameters, while preserving CITIZEN SMITH's

19   rights, including that to its choice of counsel.

20              3.     THE SUBPOENA DIRECTED TO SINCLAIR WAS IMPROPERLY

21                     SERVED

22   Federal Rule of Civil Procedure §45(b)(1) provides, in pertinent part:

23   Service.

24   (1) *By Whom; Tendering Fees; Serving a Copy of Certain Subpoenas.* Any person
who is at least 18 years old and not a party may serve a subpoena. Serving a
25   subpoena requires delivering a copy to the named person and, if the subpoena
requires that person's attendance, tendering the fees for 1 day's attendance and the
26   mileage allowed by law.

27   28 U.S.C. §1821(a)(1) provides, in pertinent part:

28   Except as otherwise provided by law, a witness ... before any person authorized to

1   take his deposition pursuant to any rule or order of a court of the United States,
    shall be paid the fees and allowances provided by this section.

2

3   The treatise *Federal Civil Procedure, Lawyers Edition*, states:

4   Nondebtor entities are not required to attend as witnesses unless lawful mileage and
    witness fees for one day's attendance, as set by 28 U.S.C.A. §1821, are tendered. A
5   court does not abuse its discretion by quashing a subpoena where the subpoenaing
    party tendered no mileage allowance whatsoever with the subpoena. (5 *Fed. Proc.,*
6   *L. Ed.* §9:721; footnotes omitted.)

7   The deposition subpoena as it pertains to SINCLAIR is void for not having been served

8   personally, and for not having been served with proper witness fees and mileage.

9           4.      THE SUBPOENAS DIRECTED TO SINCLAIR AND CITIZEN SMITH'S

10                  COUNSEL DO NOT CONTAIN THE STATUTORILY MANDATED

11                  INFORMATION

12  Federal Rule of Civil Procedure §30(b) provides, in pertinent part:

13  (b) Notice of the Deposition; Other Formal Requirements.
    (1) *Notice in General.* A party who wants to depose a person by oral questions must
14  give reasonable written notice to every other party. The notice must state the time
    and place of the deposition and, if known, the deponent's name and address. If the
15  name is unknown, the notice must provide a general description sufficient to
    identify the person or the particular class or group to which the person belongs.
16  (2) *Producing Documents.* If a subpoena duces tecum is to be served on the
    deponent, the materials designated for production, as set out in the subpoena, must
17  be listed in the notice or in an attachment. The notice to a party deponent may be
    accompanied by a request under Rule 34 to produce documents and tangible things
18  at the deposition.
    (3) *Method of Recording.*
19  (A) *Method Stated in the Notice.* The party who notices the deposition must state in
    the notice the method for recording the testimony. Unless the court orders
20  otherwise, testimony may be recorded by audio, audiovisual, or stenographic
    means. The noticing party bears the recording costs. Any party may arrange to
21  transcribe a deposition.
    (B) *Additional Method.* With prior notice to the deponent and other parties, any
22  party may designate another method for recording the testimony in addition to that
    specified in the original notice. That party bears the expense of the additional
23  record or transcript unless the court orders otherwise.

24  There is nothing contained in these subpoenas which specifies the method of recording the

25  deposition testimony, nor is there any indication as to the subject matter which HMC proposes to

26  conduct either deposition. In the absence of such basic information, and the fact that this makes

27  them facially overbroad, the subpoenas are properly quashed.

28  ///

5.    THE DEPOSITION SUBPOENA TO CITIZEN SMITH'S COUNSEL IS

WHOLLY IMPROPER

Federal Rule of Civil Procedure §26(b)(3) provides:

(3) *Trial Preparation: Materials.*
(A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
(i) they are otherwise discoverable under Rule 26(b)(1); and
(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
(B) *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Federal Rule of Civil Procedure §26(b(5)

(5) *Claiming Privilege or Protecting Trial-Preparation Materials.*
(A) *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
(i) expressly make the claim; and
(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.
(B) *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

The attorney/client privilege protects: (1) communications; (2) between a client and a lawyer; (3) when the lawyer is providing legal advice; (4) the client intends the lawyer to keep the communication in confidence; and (5) the privilege has not been waived or otherwise lost. (*In re Fischel,* 557 F.2d 209, 211(9th Cir. 1977).) The privilege applies in the corporate environment if the communication was: (1) made by employees to the employer's counsel; (2) made at the direction of corporate superiors in order to secure legal advice from counsel; (3) concerning matters within the scope of the employee's corporate duties; (4) made after the employee was

1  made aware that he or she was being questioned so that the corporation could obtain legal advice;

2  and (5) intended to be kept confidential by the corporation. (*Upjohn Co. v. United States,* 449 U.S.

3  383, 394-95 (1981).)

4      The work-product doctrine protects materials prepared or collected by an attorney "in the

5  course of preparation for possible litigation." (*Hickman v. Taylor,* 329 U.S. 495, 505 (1947); *see*

6  *also In re Grand Jury Subpoena,* 357 F.3d 900, 907 (9th Cir. 2004).) Furthermore, the Ninth

7  Circuit has joined its six sister circuits in extending the work-product protection to "dual purpose"

8  documents - those prepared both "in anticipation of litigation" and for other business-related

9  purposes - by adopting the protective "because of" standard. (*In re Grand Jury Subpoena,* 357

10  F.3d at 907.) Under this formulation, a document is protected by the work-product doctrine if "in

11  light of the nature of the document and the factual situation in the particular case, the document

12  can fairly be said to have been prepared or obtained because of the prospect of litigation." (*Id.*)

13      In *PSC Geothermal Services Co. v. Superior Court* (1994) 25 Cal.App.4th 1697, 1709-

14  1710, the court held:

15      The United States Supreme Court recognized the work product doctrine in
    *Hickman v. Taylor* (1947) 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 ... . The

16      *Hickman* court explained: "Historically, a lawyer is an officer of the court and is
    bound to work for the advancement of justice while faithfully protecting the

17      rightful interests of his clients. In performing his various duties, however, it is
    essential that a lawyer work with a certain degree of privacy, free from

18      unnecessary intrusion by opposing parties and their counsel. ... This work is
    reflected, of course, in interviews, statements, memoranda, correspondence,

19      briefs, mental impressions, personal beliefs, and countless other tangible and
    intangible ways--aptly though roughly termed by the Circuit Court of Appeals in

20      this case [citation] as the 'Work product of the lawyer.' Were such materials
    open to opposing counsel on mere demand, much of what is now put down in

21      writing would remain unwritten. An attorney's thoughts, heretofore inviolate,
    would not be his own. Inefficiency, unfairness and sharp practices would

22      inevitably develop in the giving of legal advice and in the preparation of cases for
    trial. The effect on the legal profession would be demoralizing. And the interests

23      of the clients and the cause of justice would be poorly served." (*Hickman v.
    Taylor, supra,* 329 U.S. at pp. 510-511.) Thus, the Legislature, electorate and

24      courts have held both the attorney-client and work-product privileges in high
    regard and recognized there are important public policies underlying the

25      privileges which require they be safeguarded.

26

27      CITIZEN SMITH's counsel, Baruch C. Cohen, has represented CITIZEN SMITH in

28  this matter from inception, and has also be privy to other matters in which CITIZEN SMITH is

1   a party, including those two (2) state court matters which will soon be removed and filed as

2   adversary actions herein, at which time Mr. Cohen will become counsel of record as to all three

3   (3) matters. Additionally, Mr. Cohen has, in the course of this representation, engaged in

4   confidential discussions with, and advised, CITIZEN SMITH's principals and management.

5       It is wholly improper to subpoena opposing counsel as a trial witness, and that, as is

6   well known to HMC's counsel, any and all matters into which HMC and his counsel may seek

7   to inquire are subject to any or all of the following privileges: (1) client confidentiality; (2)

8   attorney-client communications; and (3) work product Neither CITIZEN SMITH's counsel, nor

9   any of the other holders any of these privileges, has waived, or will waive, any of the

10  applicable privileges.

11      Additionally, CITIZEN SMITH's counsel is not a party to any action at issue herein.

12  Nor are HMC and Mr. Cohen engaged in any litigation or other action which would allow

13  HMC to compel discovery upon Mr. Cohen. HMC's own subpoena specifies only this

14  Bankruptcy proceeding, and none other.[11] This which makes it all the more clear that HMC is

15  only interested in CITIZEN SMITH's counsel as it concerns his role herein as counsel for

16  CITIZEN SMITH.

17      6.    THE SUBPOENA DIRECTED TO CITIZEN SMITH DEMANDS

18            DOCUMENTS WHICH, BY HMC'S ACTIONS, WERE  RENDERED

19            IRRELEVANT

20      Courts have recognized that "[a]lthough irrelevance is not among the litany of

21  enumerated reasons for quashing a subpoenas found in Rule 45, courts have incorporated

22  relevance as factor when determining motions to quash a subpoena." (*Moon v. SCP Pool Corp.*,

23  232 F.R.D. 633, 637 (C.D. Cal. 2005) (citing *Goodyear Tire & Rubber Co. v. Kirk's Tire &*

24  *Auto Servicenter,* 211 F.R.D. 658, 662 (D. Kan. 2003)).)

25      "If the sought-after documents are not relevant nor calculated to lead to the discovery of

26

27      [11]If HMC's counsel wishes to elicit information concerning his ludicrous complaint for
    disciplinary action against Mr. Cohen, HMC's counsel is again not the proper person or party to
28  do so.

1  admissible evidence, then any burden whatsoever imposed … would be by definition 'undue'."

2  (*Pacific Gas and Electric Co. v. Lynch*, 2002 WL 32812098 (N.D. Cal. Aug. 19, 2002) (citing

3  *Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal.

4  1995)).)

5  The documents requested in this subpoena directed at CITIZEN SMITH are identical to

6  those previously demanded of CITIZEN SMITH by HMC when HMC moved for appointment

7  of a trustee herein, and most categories demanded pertain to that issue alone. However, HMC

8  has withdrawn its motion.

9  Given that this information is irrelevant to this litigation, and not reasonably calculated

10  to lead to the discovery of admissible evidence, production of these documents is unwarranted

11  and should not be permitted. The subpoenas should also be quashed because they are overbroad.

12  Federal courts have quashed subpoenas that were overbroad and sought information with only

13  tangential relevance to the facts being litigated. (*See, e.g., Moon v. SCP Pool Corp.*, 232

14  F.R.D. 633, 637 (C.D. Cal. 2005) (quashing subpoena because it sought information irrelevant

15  to the issues presented in the case and because it was "overbroad on [its] face").)

16         7.     THE SUBPOENAS DIRECTED TO CITIZEN SMITH, WELLS

17                FARGO, AND BANK OF AMERICA, DEMANDING PRODUCTION

18                OF DOCUMENTS, ARE DEFECTIVE FOR LACK OF PROPER

19                NOTICE

20  Federal Rule of Civil Procedure §34 provides, in pertinent part:

21  (a) In General. A party may serve on any other party a request within the scope
of Rule 26(b):

22  (1) to produce and permit the requesting party or its representative to inspect,
copy, test, or sample the following items in the responding party's possession,

23  custody, or control:
(A) any designated documents or electronically stored information--including

24  writings, drawings, graphs, charts, photographs, sound recordings, images, and
other data or data compilations--stored in any medium from which information

25  can be obtained either directly or, if necessary, after translation by the
responding party into a reasonably usable form; or

26  (B) any designated tangible things; or
(2) to permit entry onto designated land or other property possessed or controlled

27  by the responding party, so that the requesting party may inspect, measure,
survey, photograph, test, or sample the property or any designated object or

28  operation on it.

(b) Procedure.
(1) *Contents of the Request.* The request:
(A) must describe with reasonable particularity each item or category of items to be inspected;
(B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and
(C) may specify the form or forms in which electronically stored information is to be produced.
(2) *Responses and Objections.*
(A) *Time to Respond.* The party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

CITIZEN SMITH is uncertain as to when these subpoenas were served, and if they were served, but can be certain in maintaining that sufficient notice was not given: the subpoenas were not signed by HMC's counsel until November 12, 2008, and each demands production on or before December 3, 2008.

While given ample time to withdraw, reissue, and re-serve the subpoenas to correct these defects, HMC's counsel refused to do so, making necessary the instant motion.

## 8.    IMPOSITION OF SANCTIONS AGAINST HMC AND ITS COUNSEL IS APPROPRIATE

Federal Rule of Civil Procedure §26(g) provides, in pertinent part:

(g) Signing Disclosures and Discovery Requests, Responses, and Objections.
(1) *Signature Required; Effect of Signature.* Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name--or by the party personally, if unrepresented--and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
(A) with respect to a disclosure, it is complete and correct as of the time it is made; and
(B) with respect to a discovery request, response, or objection, it is:
(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. ...
(3) *Sanction for Improper Certification.* If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable

1    expenses, including attorney's fees, caused by the violation.

2    Federal Rule of Civil Procedure §45(c)(1) dictates:

3    Protecting a Person Subject to a Subpoena.
     (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney
4    responsible for issuing and serving a subpoena must take reasonable steps to
     avoid imposing undue burden or expense on a person subject to the subpoena.
5    The issuing court must enforce this duty and impose an appropriate sanction--
     which may include lost earnings and reasonable attorney's fees--on a party or
6    attorney who fails to comply.

7    As discussed above, it is clear that counsel knew or should have known that the

8    subpoenas did not comply with the law, were unreasonable, and therefore, must have been

9    issued and served for an improper purpose. Nor could counsel have had a reasoned argument as

10   to how the subpoenas were proper. Counsel failed to even provide her e-mail address, as the

11   statute requires.

12   As more particularly discussed in the declaration of Baruch C. Cohen, attached hereto

13   and incorporated by this reference herein, HMC's counsel was contacted, in writing, concerning

14   the specific defects in the subpoenas. HMC's counsel was also reminded that CITIZEN

15   SMITH's counsel had, in open court and before HMC's counsel issued the subpoenas,

16   previously disclosed that he would be absent from his office beginning November 20, 2008,

17   through December 1, 2008.

18   In response, HMC's counsel contacted CITIZEN SMITH's counsel, advising that the

19   assertions of defects in the subpoenas was well taken, that co-counsel would be consulted

20   concerning withdrawal of the subpoenas (as demanded in CITIZEN SMITH's counsel's meet

21   and confer letter), and perhaps reissuance of proper subpoenas, and CITIZEN SMITH's counsel

22   would then be contacted mid-afternoon concerning a decision (by 3:00 p.m.). HMC's counsel

23   was reminded that counsel was leaving the next day, and that the instant motion was being

24   prepared. HMC's counsel never called back. At 5:00 p.m., CITIZEN SMITH's counsel

25   contacted HMC's attorney once more, and was told to contact yet another attorney in the firm

26   who, of course, was already out of the office for the day.

27   This kind of "run-around" at the hands of HMC's counsel is familiar - - forcing

28   CITIZEN SMITH to incur substantial unnecessary costs and delays when HMC dangles a carrot

1  only to pull it back. Examples include (1) waiting for CITIZEN SMITH to prepare and file

2  opposition documents and status declarations before withdrawing HMC's meritless motion to

3  appoint trustee; and (2) waiting for CITIZEN SMITH to prepare and file an opposition to

4  HMC's frivolous motion for an order rendering CITIZEN SMITH's removal notice ineffective

5  before offering to stipulate to withdraw the motion. And these are only the latest such instances.

6      Accordingly, CITIZEN SMITH requests that the Court make its ruling entitling

7  CITIZEN SMITH to recover from HMC and its counsel, jointly and severally, sanctions in an

8  amount to be determined upon CITIZEN SMITH's counsel's filing of a declaration detailing the

9  fees and costs incurred in bring the instant motion.

10      C.      CONCLUSION

11      For the foregoing reasons, CITIZEN SMITH respectfully requests that the Court issue

12  its order quashing all five (5) subpoenas issued by HMC and its counsel. In the alternative,

13  CITIZEN SMITH requests that the Court issue protective and other appropriate orders to

14  forestall this discovery abuse.

15

16  DATED: November 19, 2008          LAW OFFICE OF BARUCH C. COHEN
                                       A Professional Law Corporation
17

18                                     By _____
                                       Baruch C. Cohen, Esq.
19                                     *Attorney For Citizen Smith, LLC*

20

21

22

23

24

25

26

27

28

F:\DOCS\CITIZEN-SMITH\PROTECTIVE-2.ORD.wpd          15
11/19-10:34pm

**DECLARATION OF JAMES SINCLAIR**

I, JAMES SINCLAIR, declare as follows:

1.  I make this declaration of my own knowledge, and could and would competently testify to the matters set forth herein if required to do so.

2.  I make this declaration in support of MOTION TO QUASH SUBPOENAS, OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER.

3.  I was never served with HMC'S SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE TO JAMES SINCLAIR, SCHEDULED FOR DECEMBER 16, 2008 AT 10:00AM.

4.  I was never tendered any witness fees regarding same.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Los Angeles, California on November 19, 2008.

James D. Sinclair

F:\DOCS\CITIZEN-SMITH\PROTECTIVE-2.ORD.wpd
11/19-9:55pm

16

## DECLARATION OF BARUCH C. COHEN

I, BARUCH C. COHEN, declare and state as follows:

1.  The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2.  I am a member in good standing and eligible to practice before the following courts: California State Supreme Court; US Court of Appeals - Ninth Circuit; Bankruptcy Appellate Panel; United States District Courts: Central District of CA; Eastern District of CA; Northern District of CA; & Southern District of CA.

3.  I am the principal shareholder and President of The Law Office of Baruch C. Cohen, a Professional Law Corporation, located at 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

4.  I represent Debtor, Citizen Smith, LLC (hereinafter referred to as "CITIZEN SMITH") herein. This Declaration is prepared and submitted to advise the Court of the current status of the proceedings.

5.  On November 2, 2008, I wrote HMC's counsel about blatant bankruptcy fraud and perjury perpetrated by David Gajda, through HMC's counsel's office, in violation of 18 U.S.C. § 152, and 3571. These concerns were filed with the Court in the *Supplemental Declarations of Baruch C. Cohen, Dan Catullo, Mandy Catullo in Support of Opposition to Motion to Appoint Chapter 11 Trustee* ("*Supplemental Declarations*") that was filed on November 12, 2008.

6.  In response to the *Supplemental Declarations* on November 16, 2008, I received a notice from the United States District Court that HMC's counsel Mark Fingermann referred me for discipline before the USDC accusing me of attempted extortion, for bringing this to David Kupetz's attention (allegations which I categorically and emphatically deny).

7.  That same day, on November 16, 2008, I received in the mail HMC's five subpoenas to depositions, all dated 11-12-08 to: (1) James Sinclair (December 16, 2008 at 10:00am), (2) me, Baruch Cohen (December 18, 2008 at 10:00a), (3) Citizen Smith, LLC (December 3, 2008 at 10:00am), (4) Wells Fargo (December 3, 2008 at 10:00am); & (5)

1    Bank of America (December 3, 2008 at 10:00am).

2    8.    These 5 subpoenas were issued under the general bankruptcy caption and number. They

3    were not issued under any of the removed adversary captions and they were not noticed

4    motions for 2004 examinations. I have no clue as to whether the adversary rules apply or

5    whether Rule 2004 applies to these 5 Subpoenas.

6    9.    HMC's subpoena in a case under the bankruptcy code to <u>James Sinclair</u>, scheduled for

7    December 16, 2008 at 10:00am (no documents requested).[12] Witness fees must be

8    tendered upon service, and Mr. Sinclair was not personally served with a Subpoena and

9    was not tendered any witness fees. The subpoena does not contain a description with

10    reasonable particularity the matters on which the examination is requested.

11    10.    HMC's subpoena in a case under the bankruptcy code to <u>Baruch Cohen</u>, scheduled for

12    December 18, 2008 at 10:00am (no documents requested).[13] The subpoena does not

13    contain a description with reasonable particularity the matters on which the examination

14    is requested. I can't testify about the bankruptcy, as I'm counsel of record for the

15    Debtor and my information is privileged. If this subpoena is about HMC's bad faith

16    referral of me to the USDC for discipline, HMC has no standing to depose me about it

17    (the USDC does). I view HMC's subpoena to me as a very desperate move by HMC to

18    obfuscate and distract from HMC's and its counsel's forgery and fraud on the Court.

19    11.    HMC's subpoena in a case under the bankruptcy code to <u>Citizen Smith, LLC</u>, scheduled

20    for December 3, 2008 at 10:00am[14] (25 categories of documents requested - includes the

21    same document demands HMC requested when it moved for a trustee, and document

22

23    [12]A true and correct copy of HMC'S SUBPOENA IN A CASE UNDER THE
BANKRUPTCY CODE TO JAMES SINCLAIR, SCHEDULED FOR DECEMBER 16, 2008 AT
24    10:00AM is attached hereto as Exhibit "1" and is incorporated herein by this reference.

25    [13]A true and correct copy of HMC'S SUBPOENA IN A CASE UNDER THE
BANKRUPTCY CODE TO BARUCH COHEN, SCHEDULED FOR DECEMBER 16, 2008 AT
26    10:00AM is attached hereto as Exhibit "2" and is incorporated herein by this reference.

27    [14]A true and correct copy of HMC'S SUBPOENA IN A CASE UNDER THE
BANKRUPTCY CODE TO CITIZEN SMITH, LLC, SCHEDULED FOR DECEMBER 3, 2008
28    AT 10:00AM is attached hereto as Exhibit "3" and is incorporated herein by this reference.

1    demands regarding Citizen Smith's overpayment of rent). This is completely confusing

2    as HMC just recently withdrew its motion for a trustee, yet most of the documents

3    demanded now, all go towards that issue.

4  12.   HMC's subpoena in a case under the bankruptcy code to the <u>Custodian of Wells Fargo</u>

5    <u>Bank</u>, scheduled for December 3, 2008 at 10:00am (6 categories of documents

6    requested: bank records, communications and liens, of Citizen Smith LLC and Lincoln

7    66 - at any time. This Subpoena violates F.R.C.P. § 34 (b) that requires a 30-day notice

8    period when Subpoenas attach document demands.[15]

9  13.   HMC's subpoena in a case under the bankruptcy code to the <u>Custodian of Bank of</u>

10   <u>America</u>, scheduled for December 3, 2008 at 10:00am (6 categories of documents

11   requested: bank records, communications and liens, of Citizen Smith LLC and Lincoln

12   66 - at any time. This Subpoena violates F.R.C.P. § 34 (b) that requires a 30-day notice

13   period when Subpoenas attach document demands.[16]

14 14.   On November 18, 2008, I met and conferred with HMC's counsel and demanded that

15   they withdraw and redo the Sinclair deposition, and withdraw the deposition of me

16   <u>entirely</u>.[17]

17 15.   On November 19, 2008, Mark Haroupian, who works with David Kupetz in the

18   SulmeyerKupetz firm called me at 12:00pm asking if I could hold off from filing this

19   motion so that he could speak to attorney Kerri Montrose (who issued the 5 Subpoenas)

20   at 3:00 pm., to see if a resolution can be achieved.

21 16.   At 5:00 pm, I called Mr. Haroupian, because I didn't receive a call from them regarding

22   resolution. Mr. Haroupian passed the matter along to Ms. Montrose telling me that she's

23

24   [15]A TRUE AND CORRECT COPY OF HMC'S SUBPOENA IN A CASE UNDER THE
     BANKRUPTCY CODE TO CUSTODIAN OF WELLS FARGO BANK FOR DECEMBER 3,
25   2008 AT 10:00AM is attached hereto as Exhibit "4" and is incorporated herein by this reference.

     [16]A TRUE AND CORRECT COPY OF HMC'S SUBPOENA IN A CASE UNDER THE
26   BANKRUPTCY CODE TO CUSTODIAN OF BANK OF AMERICA FOR DECEMBER 3, 2008
     AT 10:00AM is attached hereto as Exhibit "5" and is incorporated herein by this reference
27

     [17]A true and correct copy of my meet and confer letter of November 18, 2008 is attached
28   hereto as Exhibit "6" and is incorporated herein by this reference.

1    handling the matter.

2    17.    At 5:00 pm, I called Ms. Montrose and she was not in, so I left her a message.

3

4    I declare under penalty of perjury under the laws of the State of California that the

5    foregoing is true and correct.

6    Executed at Los Angeles, California on November 19, 2008.

7

8    Baruch C. Cohen

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

I, Baruch C. Cohen, declare as follows:

I am, and was at all times herein mentioned, a citizen of the United States, a resident of the County of Los Angeles, State of California, over the age of 18 years and not a party to this action or proceeding. My business address is 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

Upon this day, I served the within **NOTICE OF MOTION AND MOTION TO QUASH SUBPOENAS, OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF JAMES D. SINCLAIR AND BARUCH C. COHEN [*Filed concurrently with Ex Parte Application for Order Shortening Time*]** on all interested parties in this action through their attorneys of record by placing a true and correct copy thereof, addressed as per the attached service list.

__X__    **VIA FIRST CLASS MAIL** [C.C.P. §§ 1012a, et seq., & Local Bankruptcy Rule 7004-1(2)(b)]. I deposited said document(s) into the United States mail at Los Angeles, California, in a sealed envelope with postage fully prepaid. My practice is to collect and process mail on the same day as shown on this declaration. Under that practice, all correspondence is deposited with the US Postal Service on the same day that it is placed for collection and processing, in the ordinary course of business.

____    **VIA HAND DELIVERY/PERSONAL SERVICE** (C.C.P. §§ 1001, et seq., & Local Bankruptcy Rule 7004-1(2)(c)]. I directed a courier to personally deliver said document(s) to each addressee.

____    **VIA FEDERAL EXPRESS/OVERNIGHT/NEXT BUSINESS DAY DELIVERY SERVICE** (C.C.P. §§ 1011, 1012, & Local Bankruptcy Rule 7004-1(2)(d)]. I enveloped, properly labeled, and caused to be deposited into a Federal Express pick-up receptacle as per the regular practice of my office.

____    **VIA FACSIMILE** (C.C.P. §§ 1012.5, & Local Bankruptcy Rule 7004-1(2)(e)]. I caused the said document(s) to be transmitted by Facsimile machine to the number indicated after the address(es) noted herein. I received written confirmation that the Facsimile transmission was received by the addressee.

I declare that I am a member of the State Bar of this Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Los Angeles, California on November 19, 2008.

Baruch C. Cohen

1

## SERVICE LIST

2 **OUST**
Russell Clementson, Esq.
3 Office of the United States Trustee
725 South Figueroa Street, Suite 2600
4 Los Angeles, CA 90017

5 **COUNSEL FOR HMC AND DAVID GAJDA AND ANDREW BELCHIC**
*Via Facsimile Transmission: 310/446-9909*
6 Mark Fingerman, Esq.,
Michael Slatz, Esq.
7 Jacobson, Russell, Saltz & Fingermann
10866 Wilshire Blvd., Suite 1550
8 Los Angeles, CA 90024

9 *Via Facsimile Transmission: 213/629-4520*
David S. Kupetz, Esq.
10 SulmeyerKupetz, APC
333 South Hope Street, Thirty-Fifth Floor
11 Los Angeles, CA 90071

12 **REQUEST FOR SPECIAL NOTICE**
Henry B. LaTorraca, Esq.
13 Law Office of Henry B. LaTorraca
Union Bank of California Building
14 400 Oceangate, Suite 700
Long Beach, CA 90802-4306
15

**REQUEST FOR SPECIAL NOTICE**
16 *Via Facsimile Transmission: 818-705-3777*
Ian Landsberg, Esq.
17 Landsberg Margulies LLP
16030 Ventura Blvd Ste 470
18 Encino, CA 91436

19 *Via Facsimile Transmission: 213-624-7536*
Ronald Slates, Esq.
20 523 West Sixth Street, Suite 502
Los Angeles, CA 90014-1225

21

22

23

24

25

26

27

28

F:\DOCS\CITIZEN-SMITH\PROTECTIVE-2.ORD.wpd
11/19-10:34pm

22

# Exhibit "1"

B256 (Rev. 11/91) Subpoena in a Case Under the Bankruptcy Code                    2000 USBC,    Central    District of California

| UNITED STATES BANKRUPTCY COURT<br>Central    DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| In re:  Citizen Smith<br><br><br><br><br>Debtor | |
| | **SUBPOENA IN A CASE UNDER THE<br>BANKRUPTCY CODE** |
| To:    James Sinclair<br>6605 Hollywood Blvd. Suite 100<br>Hollywood, CA        (323) 460-4632 | Case No.:  2:08-bk-19197-SB<br><br>Chapter:  11 |

☐    YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
| Jacobson, Russell, Saltz & Fingerman, LLP<br>10866 Wilshire Blvd, Suite 1550  Los Angeles, CA  90024 | December 16, 2008<br>10:00 a.m. |

☐    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any subpoenaed organization not a party to this proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed.R.Bankr.P. See Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *(signature)*<br>Attorney | November 12, 2008 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| Keri R. Montrose<br>10866 Wilshire Blvd, Suite 1550  Los Angeles, CA  90024  (310) 446-9900 | |

COPY

B256 (Rev. 11/91) Subpoena in a Case Under the Bankruptcy Code                    2000 USBC,   Central   District of California

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) and (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B)  If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit "2"

B256 (Rev. 11/91) Subpoena in a Case Under the Bankruptcy Code                          2000 USBC,    Central    District of California

| UNITED STATES BANKRUPTCY COURT<br>Central    **DISTRICT OF CALIFORNIA** | FOR COURT USE ONLY |
|---|---|
| In re:  Citizen Smith | |
| Debtor | **SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE** |

| To:    Baruch Cohen<br>4929 Wilshire Blvd, Suite 940<br>Los Angeles, CA  90010    (323) 937-4501 | Case No.:  2:08-bk-19197-SB<br><br>Chapter:  11 |
|---|---|

☐    YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE<br>Jacobson, Russell, Saltz & Fingerman, LLP<br>10866 Wilshire Blvd, Suite 1550  Los Angeles, CA  90024 | DATE AND TIME<br>December 18, 2008<br>10:00 a.m. |
|---|---|

☐    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any subpoenaed organization not a party to this proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed.R.Bankr.P. See Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>Attorney | DATE<br>November 12, 2008 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Keri R. Montrose<br>10866 Wilshire Blvd, Suite 1550  Los Angeles, CA  90024  (310) 446-9900 | |

COPY

B256 (Rev. 11/91) Subpoena in a Case Under the Bankruptcy Code                                   2000 USBC,    Central    District of California

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____                    _____
                                     DATE                                                         SIGNATURE OF SERVER

                                                                                          _____
                                                                                          ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) and (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.