1  **JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP**
   Mark E. Fingerman, Esq.  SBN 102416
2  Michael J. Saltz, Esq.  SBN 189751
   Reed C. Amos, Esq.  SBN 218405
3  Keri R. Montrose, Esq.  SBN 228892
   10866 Wilshire Boulevard, Suite 1550
4  Los Angeles, California 90024
   Telephone: (310) 446-9900
5  Facsimile: (310) 446-9909

6  **SULMEYER KUPETZ**
7  A Professional Corporation
   David S. Kupetz, Esq.  SBN 125062
8  Mark S. Horoupian, Esq.  SBN 175373
   333 South Hope Street, Thirty-Fifth Floor
9  Los Angeles, California 90071
   Telephone: (213) 626-2311
10 Facsimile: (213) 629-4520

11 Attorneys for Hollywood Media Center, LLC

12

13              **UNITED STATES BANKRUPTCY COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15                   **LOS ANGELES DIVISION**

16 In re                                    Case No.: 2:08-bk-19197-SB
                                              Assigned To The Honorable Samuel Bufford
17 CITIZEN SMITH, LLC,                        Chapter 11

18      Debtor.                             **HOLLYWOOD MEDIA CENTER, LLC'S**
19                                          **OPPOSITION TO MOTION TO QUASH**
                                            **SUBPOENAS, OR, IN THE ALTERNATIVE,**
20                                          **FOR PROTECTIVE ORDER;**
                                            **DECLARATIONS OF DAVID KUPETZ**
21                                          **AND REED AMOS; EXHIBITS**
22

23

24      Hollywood Media Center, LLC ("HMC") opposes the Debtor and Debtor-In-Possession

25 Citizen Smith, LLC's ("Citizen Smith") Motion to Quash Subpoenas, or, in the Alternative, for

26 Protective Order ("Motion").

27 ///

28 ///

*Jacobson, Russell, Saltz & Fingerman, LLP*
*10866 Wilshire Boulevard, Suite 1550*
*Los Angeles, California 90024*
*TEL 310.446.9900 • FAX 310.446.9909*

ORIGINAL

**INTRODUCTION**

The Motion has no basis in law or fact. On October 28, 2008, at the last hearing in this case, this Court specifically noted the propriety of conducting the subject discovery.

The five subject subpoenas, consisting of deposition subpoenas to James Sinclair and Baruch Cohen and subpoenas for the production of documents to Citizen Smith, Wells Fargo, and Bank of America, were properly noticed, not overbroad, and specific to the issues before this Court.

The testimony sought to be elicited from Baruch Cohen is not protected by the attorney-client privilege or work-product doctrine, primarily because Mr. Cohen has made himself a witness in this case by signing and submitting a detailed declaration of purported factual statements in support of the debtor's motion pending before this court for assumption of the debtor's lease.

Finally, Citizen Smith's counsel, Mr. Cohen, did not engage in any meaningful effort to meet and confer prior to filing the Motion. It appears that the Motion is nothing more than a fulfillment of Mr. Cohen's threat to engage in "scorched earth" litigation if HMC did not succumb to Mr. Cohen's attempted extortion of HMC.

**ARGUMENT**

**1.     THE DEPOSITION SUBPOENA SERVED ON JAMES SINCLAIR WAS PERSONALLY SERVED WITH THE APPROPRIATE WITNESS FEES**

In its Motion, Citizen Smith claims that the deposition subpoena to James Sinclair was not personally served and did not tender the appropriate fees. [Motion 8:7-8; Sinclair Decl. 11/19/2008 ¶¶ 3, 4; Cohen Decl. 11/19/2008 ¶ 9.]  However, Citizen Smith's claims were premature and incorrect.

At the time that Citizen Smith filed this Motion on November 19, 2008, HMC's counsel had served Mr. Cohen copies of the five subpoenas, including the deposition subpoena to James Sinclair, on November 13, 2008. The deposition subpoena to James Sinclair was personally served on James Sinclair on November 24, 2008. [Proof of Service, attached hereto as Exhibit "1."] Thus, James Sinclair was served in accordance with the *Fed. R. Civ. P.* in that the deposition subpoena was personally served together with the appropriate witness fees. [*Fed. R. Civ. P.* 45(b)(1); U.S.C. § 1821(a)(1).]

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
TEL: 310.446.9900 • FAX 310.446.9909

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
TEL. 310.446.9900 • FAX 310.446.9909

## 2.    THE DEPOSITION SUBPOENAS TO JAMES SINCLAIR AND BARUCH COHEN WERE CORRECTLY NOTICED AND NOT OVERBROAD

Citizen Smith claims that the deposition notices to James Sinclair and Baruch Cohen failed to denote the method of recording of the deposition testimony and were overbroad because the subject matter was not indicated. [Motion 8:12-23; Cohen Decl. 11/19/2008 ¶¶ 9, 10.]

On the Notice of Deposition to James Sinclair that was served on November 26, 2008, it states, "The deposition will be taken before a certified court reporter who is authorized to administer an oath. The deposition will be recorded by stenographic method, through instant visual display of testimony, and by video recording." [Notices of Depositions, attached hereto as Exhibit "2."] On the Notice of Deposition of Baruch Cohen also served on November 26, 2008, it states, "The deposition will be taken before a certified court reporter who is authorized to administer an oath. The deposition will be recorded by stenographic method, through instant visual display of testimony, and by video recording." [Notices of Depositions, attached hereto as Exhibit "2."] Such is in accordance with *Fed. R. Civ. P.* 30(b)(3)(A).

In addition, Citizen Smith cites no statute or case law, and none exists, that requires a deposition subpoena to an individual to state the subject matter of the deposition. Thus, the deposition subpoenas and notices to James Sinclair and Baruch Cohen were correctly noticed and not overbroad.

## 3.    THE    ATTORNEY-CLIENT    PRIVILEGE    AND    WORK-PRODUCT DOCTRINE ARE INAPPLICABLE TO THE TESTIMONY SOUGHT PURSUANT TO THE DEPOSITION SUBPOENA TO BARUCH COHEN

On October 13, 2008, Baruch Cohen, counsel for Citizen Smith, signed and filed his own declaration in support of Citizen Smith's Motion for Order Approving Debtor's Assumption of Lease. [Cohen Decl. 10/13/2008, attached hereto as Exhibit "3."] At the outset of Mr. Cohen's declaration, he stated: "The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so." [Cohen Decl. 10/13/2008 ¶ 1, Exhibit "3."] The subject matter of the declaration includes testimony as to the alleged overpayment of rent by Citizen Smith and various letters and communications between Mr. Cohen and David Kupetz thereto. [Cohen Decl. 10/13/2008 ¶¶ 5-13, Exhibit "3."] In contrast to Mr.

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
TEL. 310.446.9900 • FAX 310.446.9909

1    Cohen's claims that the attorney-client privilege and work-product doctrine prevent his deposition

2    testimony, such protections were not sufficiently set forth in the Motion and were decisively waived

3    by the submission of the October 13, 2008 declaration as to the subject matter of the testimony

4    therein.

5         First, Mr. Cohen fails to make a *prima facia* showing that the attorney-client privilege applies

6    in the instant matter. The party asserting the attorney-client privilege has the burden of proving that

7    the privilege applies to a given set of documents or communications. [*See In re Grand Jury*

8    *Investigation*, 974 F.2d 1068, 1070-71 (9th Cir. 1992); *In re Grand Jury Subpoenas (Hirsch)*, 803

9    F.2d 493, 496 (9th Cir. 1986); *In re Grand Jury Proceeding (Schofield)*, 721 F.2d 1221, 1223 (9th Cir.

10   1983); *In re Grand Jury Witness (Salas and Waxman)*, 695 F.2d 359, 362 (9th Cir. 1982).] To meet

11   this burden, a party asserting the privilege must make a *prima facie* showing that the privilege

12   protects the information the party intends to withhold. [*Id.*] The basic elements that are necessary in

13   order to establish a claim of attorney-client privilege are as follows: (1) the asserted holder of the

14   privilege is or sought to become a client; (2) the person to whom the communication was made (a) is

15   a member of the bar of a court or his subordinate and (b) in connection with this communication is

16   acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by

17   his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an

18   opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the

19   purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived

20   by the client. [*Handgard Inc. v. Johnson & Johnson*, 413 F.Supp. 929 (N.D. Cal. 1976), *citing*

21   *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357, 358-359 (D. Mass. 1950).]

22        Here, Citizen Smith merely cites general case law regarding the attorney-client privilege in its

23   Motion. In the attached declaration to the Motion, Mr. Cohen only states that he "can't testify about

24   the bankruptcy, as I'm counsel of record for the Debtor and my information is privileged." [Cohen

25   Decl. 11/19/2008 ¶ 10.] Such generalized statements fail to meet the burden of asserting the

26   privilege.

27        Second, the attorney-client privilege and work-product doctrine were waived. As to the

28   attorney-client privilege, Mr. Cohen voluntarily submitted his declaration to the Court and it was

served on opposing counsel, which is a waiver of the attorney-client privilege on the subject matter of the declaration. [*Key v. U.S. Bancorp Disability Income Plan*, 1988 U.S. Dist. LEXIS 11954 (D. Or. Oct. 26, 1988) (concluding that that since U.S. Bancorp disclosed a letter written by one of its attorneys to a third party, the letter is no longer protected by the attorney-client privilege).] Mr. Cohen must not be allowed to state facts under penalty of perjury and then invoke the privilege as a shield against being questioned about those disclosed facts. The privilege which protects attorney-client communications may not be used both as a sword and a shield. [*Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2nd Cir. 1991).]

As to work-product protection, disclosure of confidential communications or attorney work product to a third party, such as an adversary in litigation, constitutes a waiver of privilege as to those items. [*United States v. Nobles*, 422 U.S. 225, 239 (1975); *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 668 (9th Cir. 2003) ("once confidential communications are disclosed to a third party the privilege is forever lost"); *Burden-Meeks v. Welch*, 319 F.3d 897, 899 (7th Cir. 2003).] Like the attorney-client privilege, protection for attorney work product may be waived by disclosure or by other conduct, such as the testimonial use of the materials. [*United States v. Nobles*, 422 U.S. 225, 239-40 (1975).]

The privilege derived from the work-product doctrine is not absolute. Like other qualified privileges, it may be waived. Here, HMC seeks to adduce the testimony of Mr. Cohen regarding his statements of fact by declaration dated October 13, 2008. Mr. Cohen, by electing to present the testimony as a witness, waived the privilege with respect to matters covered in Mr. Cohen's testimony. Mr. Cohen can no more advance the work-product doctrine to sustain a unilateral testimonial use of work-product materials than he could elect to testify in his own behalf and thereafter assert his Fifth Amendment privilege to resist cross-examination on matters reasonably related to those brought out in direct examination. [*See, e.g. McGautha v. California*, 402 U.S. 183, 215 (1971).]

Thus, the attorney-client privilege and work-product doctrine are not applicable in this matter as Mr. Cohen has not made a sufficient showing to invoke said protections and such protections were

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
TEL. 310.446.9900 • FAX 310.446.9909

1   waved by Mr. Cohen when he voluntarily submitted the October 13, 2008 declaration to the Court

2   and served it on opposing counsel.

3       **4.    THE SUBPOENA TO CITIZEN SMITH FOR THE PRODUCTION OF**

4   **DOCUMENTS REQUESTS RELEVANT DOCUMENTS AND IS SPECIFIC**

5       Without any particular analysis or explanation, Citizen Smith claims that the subpoena for

6   document production to Citizen Smith is irrelevant and overbroad. [Motion 12:5-8, 12:11.]  Citizen

7   Smith fails to state grounds to support its conclusion.

8       The subpoena to Citizen Smith specifically describes the documents to be produced and said

9   documents are directly relevant to the bankruptcy proceedings and Citizen Smith's pending Motion

10  for Order Approving Debtor's Assumption of Lease.  For example, as part of its Motion for Order

11  Approving Debtor's Assumption of Lease, Citizen Smith claims that it overpaid rent in the amount of

12  approximately $82,914.52.    Such is stated in Mr. Cohen's declaration attached to said Motion.

13  [Cohen Decl. 10/13/2008 ¶ 6, Exhibit "3."]  In turn, HMC's subpoena to Citizen Smith specifically

14  requested, "All documents the contents of which were used in anyway to formulate the Rent Chart

15  attached hereto as Exhibit 'A'", "All documents which relate to the correct current amount of rent

16  due each month from Citizen Smith to HMC at this time", "All documents which concern the correct

17  current amount of rent due each month from Citizen Smith to HMC at this time", "All documents

18  which relate to the correct amount of rent due each month from Citizen Smith to HMC at any time",

19  and "All documents which concern the correct amount of rent due each month from Citizen Smith to

20  HMC at any time."    Said requests relate directly to pending issues before this Court and the

21  bankruptcy proceedings.  The requests are specific as to time, the parties involved, and the documents

22  to be produced.

23      As such, the subpoena to Citizen Smith requests relevant documents and is specific in nature.

24      **5.    THE SUBPOENAS TO CITIZEN SMITH, WELLS FARGO, AND BANK OF**

25  **AMERICA WERE PROPERLY NOTICED**

26      The subpoenas for document production to Citizen Smith, Wells Fargo, and Bank of America

27  were issued by counsel on November 12, 2008 and the subpoenas to Wells Fargo and Bank of

28  America were personally served on November 14, 2008.  [Proofs of Service, attached hereto as

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
TEL 310.446.9900 • FAX 310.446.9909

1    Exhibit "4."]  Said subpoenas requested that certain documents be produced on or before December

2    3, 2008.

3         Without any specific citation to relevant statute or case law, Citizen Smith claims in its

4    Motion that sufficient notice was not given. [Motion 13:9.]  This extremely generalized claim is

5    baseless in that no analysis is offered as to how said subpoenas were supposedly not properly noticed.

6         Moreover, the 30 day notice period that Citizen Smith's Motion generally refers to at *Fed. R.*

7    *Civ. P.* Rule 34(b) is inapplicable, as that statute relates to document demands, and not to subpoenas.

8    *Fed. R. Civ. P.* Rule 45, which concerns subpoenas, requires only a "reasonable time" for service, and

9    does not specify how much time must be allowed between service of a subpoena and the date set for

10   compliance. [*Fed. R. Civ. P.* 45(c)(3)(A)(i) ("On timely motion, the issuing court must quash or

11   modify a subpoena that: (i) fails to allow a reasonable time to comply ....").]  The three subpoenas

12   issued on November 12, 2008 and the subpoenas to Wells Fargo and Bank of America that were

13   personally served on November 14, 2008 provided approximately three weeks to comply, which is

14   reasonable notice under Rule 45.

15        Finally, Citizen Smith lacks standing to claim that the notices were supposedly improper,

16   which they were not, as to the subpoenas personally served on Wells Fargo and Bank of America.

17        As such, Citizen Smith's claim that the three subpoenas were not noticed properly is baseless

18   in fact and law, and must be disregarded.

19       **6.**    **SANCTIONS SHOULD BE AWARDED AGAINST CITIZEN SMITH AND ITS**

20   **COUNSEL FOR BRINGING THIS MOTION WHICH HAS NO LEGAL OR FACTUAL**

21   **BASIS AND PRIOR TO WHICH NO PROPER EFFORT WAS MADE TO RESOLVE THE**

22   **ISSUES RAISED**

23        Prior to the filing of a motion for protective order, *Fed. R. Civ. P.* 26(c)(1) provides, in

24   relevant part, that, "The motion must include a certification that the movant has in good faith

25   conferred or attempted to confer with other affected parties in an effort to resolve the dispute without

26   court action."  In addition, *Local Bankruptcy Rule* 9013-1(c)(1) requires:

27   <u>Prior to the filing of any motion relating to discovery, counsel for the parties shall</u>
     <u>meet in person or by telephone in a good faith effort to resolve the discovery dispute.</u>

28   <u>It shall be the responsibility of counsel for the moving party to arrange for the</u>
     <u>conference.</u>  Unless altered by agreement of the parties or by order of the court upon
     good cause shown, counsel for the opposing party shall meet with counsel for the

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
TEL. 310.446.9900 • FAX 310.446.9909

moving party within 10 days of service upon counsel of a letter requesting such meeting and specifying the terms of the discovery order to be sought.

[*L.B.R.* 9013-1(c)(1), emphasis added.]

No such in-person good faith meet and confer effort occurred in this matter by Citizen Smith and its counsel. Specifically, on Tuesday, November 18, 2008, Mr. Cohen wrote to HMC's counsel regarding the subject five subpoenas and demanded that counsel respond by 12:00 p.m. the following day or that he would file a motion. [Cohen Letter 11/18/2008, attached hereto as Exhibit "5."] On Wednesday, November 19, 2008, Ms. Montrose responded by letter via electronic mail and facsimile to Mr. Cohen's concerns. [Montrose Letter 11/19/2008, attached hereto as Exhibit "6."] Ms. Montrose's response was specific and detailed as to each area of concern. Without any response or request for an in-person conference, Citizen Smith and its counsel chose to file the subject Motion.

The local bankruptcy rules further require that where counsel are unable to settle their differences that the moving party is to prepare a written stipulation and "shall specify, separately and with particularity, each issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue." [*L.B.R.* 9013-1(c)(2).] Citizen Smith and its counsel failed to prepare or file said stipulation between counsel regarding the disputed discovery.

As such, Citizen Smith and its counsel violated the meet and confer requirements of *Fed. R. Civ. P.* 26(c)(1) and *L.B.R.* 9013-1(c). Said violations are deserved of sanctions pursuant to *L.B.R.* 9013-1(c)(3) that states such violations "shall result in the imposition of sanctions, including but not limited to the sanctions provided in Local Bankruptcy Rule 1002-2 and F.R.B.P. 7037."

Moreover, the Motion is entirely without merit and appears to have been done for no purpose other than to continue to harass HMC in furtherance of Mr. Cohen's threat to engage in "scorched earth" litigation. [Kupetz Decl. 12/2/2008 ¶¶ 3-4.] Penalties for unnecessary or unwarranted motions that cause undue delay or fail to comply with the local bankruptcy rules include imposition of costs and the award of attorney's fees and such other sanctions as may appear proper. [*L.B.R.* 9011-1.]

Accordingly, a monetary sanction to reimburse HMC for the expense it has incurred in opposing the Motion should be imposed on Citizen Smith and Mr. Cohen, jointly and severally, in the amount of $6,238.75. [Amos Decl. 12/2/2008 ¶ 9.]

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
TEL. 310.446.9900 • FAX 310.446.9909

## CONCLUSION

Based on the foregoing, HMC respectfully requests that the Court deny Citizen Smith's erroneous Motion in its entirety and impose sanctions against Citizen Smith and its counsel, jointly and severally, in the amount of $6,238.75.

Dated: December 2, 2008          **Jacobson, Russell, Saltz & Fingerman LLP**

Reed C. Amos, Esq.
Attorneys for Hollywood Media Center, LLC

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
TEL. 310.446.9900 • FAX 310.446.9909

# DECLARATION

**DECLARATION OF DAVID KUPETZ**

I, David Kupetz, declare:

1. I am an attorney at law duly licensed to practice before all courts of the State of California, and if called upon to testify, I could and would competently do so of my personal knowledge thereof. I am a partner in the law firm of Sulmeyer Kupetz, counsel of record for Hollywood Media Center, LLC ("HMC") in this case.

2. On Thursday, October 30, 2008, Baruch Cohen called me on the telephone and requested that I meet with him in person as he did not want to discuss what he had to discuss over the telephone. We arranged to meet that evening at a coffee shop in Brentwood. At that meeting, which was attended by Jonathan Jacobs, whom was introduced as a representative of the Paja Group, Mr. Cohen presented me with what Mr. Cohen said was "evidence" that David Gajda prepared false testimony by way of a declaration and falsified exhibits to that declaration.

3. Mr. Cohen told me that this purported falsified evidence constituted criminal conduct and was the deathnell for Mr. Gajda and HMC in any and all litigation with Citizen Smith and any related parties. **Mr. Cohen said that he would pursue this matter on a "scorched earth" basis -- in federal and state courts and with federal and state prosecutors.** Mr. Cohen said to that he had a call in to the U.S Attorney and would be pursuing his falsified evidence claim if this matter is not resolved by 12:00 noon, October 31, 2008. Mr. Cohen said that his client's demands for resolution included the following: (1) Release of all claims against Citizen Smith and all related parties, (2) Written waiver of all breaches under the leases, (3) Written indemnification in favor of Citizen Smith and related parties covering everything related to the premises, complaints made to governmental authorities, etc., (4) Leases to be assigned to James Sinclair or his nominee (some entity within the Paja Group family of entities), (5) Mr. Cohen's clients would honor the terms of the leases going forward and pay a reduced base rent of $9,000 per month, (6) A signed affidavit from the landlord summarizing the applicable terms of the leases, (7) All legal fees of Citizen Smith, Paja Group, et al. to be paid by HMC/Gajda (which Mr. Cohen said are $400,000), (8) Paja Group to receive a $250,000 management fee from Citizen Smith, (9) Additional payment to Citizen Smith/Paja Group in lieu of them seeking punitive damages (Mr. Cohen

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
TEL 310-446-9900 • FAX 310-446-9909

1   alternatively referred to this as a "creative token" and said it would certainly require a significant

2   payment).

3  4.  Mr. Cohen said that he must receive at least a verbal response to the demand by 12:00 noon,

4     October 31, 2008 or that he would go to the U.S. Attorney, repeated that he already had a call in

5     to the U.S. attorney, repeated that he would engage in "scorched earth litigation" and that after

6     12:00 noon, the next day, October 31, 2008, "there was no turning back".

7  5.  My co-counsel, Mark Fingerman, responded to Mr. Cohen in writing as follows: Mr. Cohen's

8     accusations were denied and that the falsity of such would be proven in due course and that Mr.

9     Cohen's conduct constituted both attempted extortion under California Penal Code sections 518

10    et sec. and a violation of California Professional Rules of Conduct, Rule 5-100.  A true and

11    correct copy of the e-mail Mr. Fingerman sent to Mr. Cohen in that regard, and which was

12    forwarded to me, is attached hereto as Exhibit "7" and incorporated herein by this reference. The

13    factual statements contained in that e-mail are entirely accurate.

14

15    I declare under the penalty of perjury under the laws of the United States of America that the

16    foregoing is true and correct.  Executed on December 2, 2008 at Los Angeles, California.

17

18    David Kupetz, Esq.

19

20

21

22

23

24

25

26

27

28

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
TEL 310-446-9900 • FAX 310-446-9909

# DECLARATION

# DECLARATION OF REED AMOS

I, Reed Amos, declare:

1. I am an attorney at law duly licensed to practice before all courts of the State of California, and if called upon to testify, I could and would competently do so of my personal knowledge thereof. I am an associate in the law firm of Jacobson, Russell, Saltz & Fingerman, LLP, counsel of record for Hollywood Media Center, LLC ("HMC") in this case.

2. This declaration is made in support of Hollywood Media Center, LLC's Opposition to Motion to Quash Subpoenas, or, in the Alternative, for Protective Order.

3. Attached hereto and incorporated by reference as Exhibit "1" is a true and correct copy of the Proof of Service of the deposition subpoena to James Sinclair that indicates the deposition subpoena was personally served on November 24, 2008 at 8:35 p.m. together with the appropriate witness fees of $50.00.

4. Attached hereto and incorporated by reference as Exhibit "2" are true and correct copies of the Notice of Deposition of James Sinclair dated November 26, 2008 and Notice of Deposition of Baruch Cohen dated November 26, 2008.

5. Attached hereto and incorporated by reference as Exhibit "3" is a true and correct copy of the Declaration of Baruch C. Cohen dated October 13, 2008 filed in support of Citizen Smith's Motion for Order Approving Debtor's Assumption of Lease.

6. Attached hereto and incorporated by reference as Exhibit "4" is a true and correct copy of the Proof of Service for the subpoenas to Wells Fargo and Bank of America that indicate the subpoenas were personally served on November 14, 2008.

7. Attached hereto and incorporated by reference as Exhibit "5" is a true and correct copy of the letter from Baruch Cohen to Mark Fingerman dated November 18, 2008.

8. Attached hereto and incorporated by reference as Exhibit "6" is a true and correct copy of the letter from Keri Montrose to Baruch Cohen dated November 19, 2008.

9. HMC is expected to incur over $6,238.75 in connection with Citizen Smith's Motion to Quash Subpoenas, or, in the Alternative, for Protective Order as delineated below:

///

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
TEL. 310.446.9900 • FAX 310.446.9909

a. My normal billing rate in this matter is $295.00 which is a reasonable rate. I am an experienced litigation attorney and this rate has been upheld by courts in numerous cases. I have spent approximately 8.25 hours researching, drafting, and otherwise preparing the Opposition to Citizen Smith's Motion. I expect to spend another 4 hours on the hearing of the Motion. Thus, I expect that HMC will incur a total of $3,613.75 for my work herein.

b. Mark Fingerman, a partner in this firm, has a normal billing rate in this matter of $375.00, which is a reasonable rate. Mr. Fingerman is an experienced litigation attorney and this rate has been upheld by courts in numerous cases. Mr. Fingerman has spent approximately 3 hours in connection with this Opposition. I expect Mr. Fingerman to spend another 4 hours in connection with the hearing on the Motion. Thus, I expect that HMC will incur a total of $2,625.00 for Mr. Fingerman's work in connection with Citizen Smith's Motion.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 2, 2008 at Los Angeles, California.

Reed Amos, Esq.

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
TEL. 310.446.9900 • FAX 310.446.9909

# EXHIBIT 1

| Attorney or Party without Attorney:<br>Keri Montrose SBN 228892<br>JACOBSON, RUSSELL, SALTZ & FINGERMAN LLP<br>10866 WILSHIRE BLVD.<br>SUITE 1550<br>LOS ANGELES, CA 90024<br>Telephone No: 310/446-9900 | | For Court Use Only |
|---|---|---|
| Attorney for: Plaintiff | Ref. No. or File No.:<br>C354484 | |
| Insert name of Court, and Judicial District and Branch Court:<br>United States Bankruptcy Court Central District Of California | | |
| Plaintiff: In re: Citizen Smith | | |
| Defendant: | | |

| PROOF OF SERVICE<br>SUBPOENA | Hearing Date:<br>Tue, Dec. 16, 2008 | Time:<br>10:00AM | Dept/Div: | Case Number:<br>2:08-bk-19197-SB |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE

3. a. Party served:              James Sinclair
   b. Person served:            party in item 3.a., White, Male, Brown Hair, 5 Feet 9 Inches, 170 Pounds

4. Address where the party was served:      6501 Fountain Ave
                                            HOLLYWOOD, CA 90028

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Mon., Nov. 24, 2008 (2) at: 8:35PM
   b. I received this subpena for service on:      Wednesday, November 12, 2008

6. Witness fees were offered or demanded, and paid:      $50.00

7. **Person Who Served Papers:**                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JORGE GAMERO                          d. **The Fee** for Service was:      $198.50
   **b. In-House Services**                   e. I am: (3) registered California process server
      10351 Santa Monica Blvd.                    (i)   Employee
      Suite 101A                                  (ii)  Registration No.:      3431
      LOS ANGELES, CA 90025                       (iii) County:               Los Angeles
   c. 310 557-9666

8. **I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.**

   Date:Tue, Nov. 25, 2008

Judicial Council Form                    PROOF OF SERVICE                    (JORGE GAMERO)
Rule 2.150.(a)&(b) Rev January 1, 2007            SUBPOENA                              c354484.rsf.165023

**EXHIBIT 2**

1 | **JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP**
Mark E. Fingerman, Esq.  SBN 102416
2 | Michael J. Saltz, Esq.  SBN 189751
Keri R. Montrose, Esq.  SBN 228892
3 | 10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
4 | Telephone: (310) 446-9900
Facsimile:  (310) 446-9909
5 |
6 | Attorneys for Hollywood Media Center, LLC
7 |
8 | **UNITED STATES BANKRUPTCY COURT**
9 | **CENTRAL DISTRICT OF CALIFORNIA**
10 | **LOS ANGELES DIVISION**

11 | In re

Case No.: 2:08-bk-19197-SB
Assigned To The Honorable Samuel Bufford
Chapter 11

12 | CITIZEN SMITH, LLC,

13 | Debtor.

14 | **NOTICE OF DEPOSITION OF JAMES SINCLAIR**

19 | **PLEASE TAKE NOTICE** that the deposition of James Sinclair will be taken at 10:00 a.m.

20 | on December 16, 2008 at the law offices of Jacobson, Russell, Saltz & Fingerman LLP at 10866

21 | Wilshire Boulevard, Suite 1550, Los Angeles, California.

22 | YOU ARE FURTHER NOTIFIED THAT:

23 | 1. <u>Non-party deponent</u>: The deponent is not a party to this action. So far as known to the

24 | deposing party, the deponent's address and telephone number are as follows:  6605

25 | Hollywood Boulevard, Suite 100, Hollywood, California (323) 460-4632.  Said deponent has

26 | been served with a Subpoena. A COPY OF THE DEPOSITION SUBPOENA IS

27 | ATTACHED HERETO AND SERVED HEREWITH.

Case No.: 2:08-bk-19197-SB
File No.: 4.061.003 BK                    1
NOTICE OF DEPOSITION OF JAMES SINCLAIR

1    2.  The deposition will be taken before a certified court reporter who is authorized to administer

2    an oath. The deposition will be recorded by stenographic method, through instant visual

3    display of testimony, and by video recording.

4        A list of all parties or attorneys for parties on whom this Notice of Deposition is being served

5 is shown on the accompanying proof of service.

6

7 Dated: November 26, 2008          **Jacobson, Russell, Saltz & Fingerman LLP**

8

9

10                     Keri R. Montrose

11                     Attorneys for Hollywood Media Center, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Jacobson, Russell, Saltz & Fingerman, LLP*
*10866 Wilshire Boulevard, Suite 1550*
*Los Angeles, California 90024*
*TEL. 310.446.9900 • FAX 310.446.9909*

B256 (Rev. 11/91) Subpoena in a Case Under the Bankruptcy Code

|  | 2000 USBC, Central District of California |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
Central  **DISTRICT OF CALIFORNIA**

FOR COURT USE ONLY

In re:  Citizen Smith

Debtor

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

To:   James Sinclair
6605 Hollywood Blvd. Suite 100
Hollywood, CA      (323) 460-4632

Case No.:  2:08-bk-19197-SB

Chapter:  11

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
| Jacobson, Russell, Saltz & Fingerman, LLP 10866 Wilshire Blvd. Suite 1550  Los Angeles, CA  90024 | December 16, 2008 10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any subpoenaed organization not a party to this proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed.R.Bankr.P. See Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorney   [signature] | November 12, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Keri R. Montrose
10866 Wilshire Blvd, Suite 1550  Los Angeles, CA  90024  (310) 445 9900

B256 (Rev. 11/91) Subpoena in a Case Under the Bankruptcy Code                    2000 USBC,    Central    District of California

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Fed.R.Civ.P., Parts (c) and (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P. ·

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

| Attorney or Party without Attorney:<br>Keri Montrose SBN 228892<br>JACOBSON, RUSSELL, SALTZ & FINGERMAN LLP<br>10866 WILSHIRE BLVD.<br>SUITE 1550<br>LOS ANGELES, CA 90024<br>Telephone No: 310/446-9900 | For Court Use Only |
|---|---|

*Ref. No. or File No.:*
C354484

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*
United States Bankruptcy Court Central District Of California

*Plaintiff:* In re: Citizen Smith

*Defendant:*

| **PROOF OF SERVICE**<br>**SUBPOENA** | *Hearing Date:*<br>Tue, Dec. 16, 2008 | *Time:*<br>10:00AM | *Dept/Div:* | *Case Number:*<br>2:08-bk-19197-SB |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE

3. a. *Party served:*          James Sinclair
   b. *Person served:*      party in item 3.a., White, Male, Brown Hair, 5 Feet 9 Inches, 170 Pounds

4. *Address where the party was served:*       6501 Fountain Ave
                                              HOLLYWOOD, CA 90028

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Mon., Nov. 24, 2008 (2) at: 8:35PM
   b. *I received this subpena for service on:*       Wednesday, November 12, 2008

6. *Witness fees were offered or demanded, and paid:*       $50.00

7. *Person Who Served Papers:*
   a. JORGE GAMERO
   b. In-House Services
      10351 Santa Monica Blvd.
      Suite 101A
      LOS ANGELES, CA 90025
   c. 310 557-9666

Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*   $198.50
   e. I am: (3) registered California process server
        (i)  Employee
        (ii) *Registration No.:*       3431
        (iii) *County:*               Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*

Date:Tue, Nov. 25, 2008

Judicial Council Form
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUBPOENA

(JORGE GAMERO)       c354484.rsf.165023

**PROOF OF SERVICE**

I am a citizen of the United States. My business address is 10866 Wilshire Boulevard, Suite 1550, Los Angeles, CA 90024. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 and am not a party to the within action. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I enclosed a __X__ true copy ___ original of the foregoing document described as:

**Notice of Deposition of James Sinclair**

to the parties listed herein below,

_____(VIA FACSIMILE) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5 p.m.;

__X__(VIA MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California, addressed as set forth below on this date;

_____(VIA OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed as set forth below on this date;

_____(VIA HAND DELIVERY) I caused such envelope(s) to be hand delivered to the person(s) as set forth below on this date;

__X__(VIA ELECTRONIC MAIL) I caused such documents to be sent electronically to the e-mail address set forth below on this date;

> Baruch Cohen
> 4929 Wilshire Blvd, Suite 940
> Los Angeles, CA  90010
> BCC4929@aol.com

Executed on November 26, 2008 at Los Angeles, California.

_____ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Keri Montrose

1

1  **JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP**
   Mark E. Fingerman, Esq.  SBN 102416
2  Michael J. Saltz, Esq.  SBN 189751
   Keri R. Montrose, Esq.  SBN 228892
3  10866 Wilshire Boulevard, Suite 1550
   Los Angeles, California 90024
4  Telephone: (310) 446-9900
   Facsimile:  (310) 446-9909
5
6  Attorneys for Hollywood Media Center, LLC

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **LOS ANGELES DIVISION**

11  In re                              Case No.: 2:08-bk-19197-SB
                                        Assigned To The Honorable Samuel Bufford
12  CITIZEN SMITH, LLC,                 Chapter 11

13      Debtor.

14                                      **NOTICE OF DEPOSITION OF BARUCH
                                        COHEN**
15

16

17

18

19      **PLEASE TAKE NOTICE** that the deposition of Baruch Cohen will be taken at 10:00 a.m.

20  on December 18, 2008 at the law offices of Jacobson, Russell, Saltz & Fingerman LLP at 10866

21  Wilshire Boulevard, Suite 1550, Los Angeles, California.

22      YOU ARE FURTHER NOTIFIED THAT:

23  1. <u>Non-party deponent</u>: The deponent is not a party to this action. So far as known to the

24  deposing party, the deponent's address and telephone number are as follows:  4929 Wilshire

25  Boulevard, Suite 940, Los Angeles, California 90010 (323) 937-4501.  Said deponent has

26  been served with a Subpoena. A COPY OF THE DEPOSITION SUBPOENA IS

27  ATTACHED HERETO AND SERVED HEREWITH.

28

Case No.: 2:08-bk-19197-SB
File No.: 4.061.003 BK                          1
              NOTICE OF DEPOSITION OF BARUCH COHEN

1    2.    The deposition will be taken before a certified court reporter who is authorized to administer

2         an oath. The deposition will be recorded by stenographic method, through instant visual

3         display of testimony, and by video recording.

4         A list of all parties or attorneys for parties on whom this Notice of Deposition is being served

5    is shown on the accompanying proof of service.

6

7    Dated: November 26, 2008          **Jacobson, Russell, Saltz & Fingerman LLP**

8

9

10        Keri R. Montrose

11        Attorneys for Hollywood Media Center, LLC

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550
Los Angeles, California 90024
TEL 310.446.9900 • FAX 310.446.9909

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 2:08-bk-19197-SB
File No.: 4.061.003 BK                                    2

NOTICE OF DEPOSITION OF BARUCH COHEN

B256 (Rev. 11/91) Subpoena in a Case Under the Bankruptcy Code

| UNITED STATES BANKRUPTCY COURT<br>Central    DISTRICT OF CALIFORNIA | 2000 USBC,    Central    District of California |
|---|---|
| In re:  Citizen Smith | FOR COURT USE ONLY |
| Debtor | SUBPOENA IN A CASE UNDER THE<br>BANKRUPTCY CODE |
| To:  Baruch Cohen<br>4929 Wilshire Blvd, Suite 940<br>Los Angeles, CA  90010    (323) 937-4501 | Case No.: 2:08-bk-19197-SB<br><br>Chapter: 11 |

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE<br>Jacobson, Russell, Saltz & Fingerman, LLP<br>10866 Wilshire Blvd, Suite 1550  Los Angeles, CA  90024 | DATE AND TIME<br>December 18, 2008<br>10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any subpoenaed organization not a party to this proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed.R.Bankr.P. See Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>Attorney | DATE<br>November 12, 2008 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Keri R. Montrose<br>10866 Wilshire Blvd, Suite 1550  Los Angeles, CA  90024  (310) 446-9900 | |

3256 (Rev. 11/91) Subpoena in a Case Under the Bankruptcy Code

2000 USBC,   Central   District of California

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) and (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B)  If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

| Attorney or Party without Attorney:<br>Keri Montrose SBN 228892<br>JACOBSON, RUSSELL, SALTZ & FINGERMAN LLP<br>10866 WILSHIRE BLVD.<br>SUITE 1550<br>LOS ANGELES, CA 90024<br>Telephone No: 310/446-9900 | | | | | For Court Use Only |
|---|---|---|---|---|---|
| *Attorney for:* Plaintiff | *Ref. No. or File No.:*<br>C354483 | | | | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>United States Bankruptcy Court Central District Of California | | | | | |
| *Plaintiff:* In re: Citizen Smith | | | | | |
| *Defendant:* | | | | | |
| **PROOF OF SERVICE**<br>**SUBPOENA** | *Hearing Date:*<br>Thu, Dec. 18, 2008 | *Time:*<br>10:00AM | *Dept/Div:* | *Case Number:*<br>2:08-bk-19197-SB | |

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE

3. a. *Party served:*       Baruch Cohen
   b. *Person served:*     party in item 3.a., White, Male, 40 Years Old, Black Hair, 6 Feet 2 Inches, 220 Pounds

4. *Address where the party was served:*     4929 Wilshire Blvd, Suite 940
                                         LOS ANGELES, CA 90010

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Nov. 14, 2008 (2) at: 11:30AM
   b. *I received this subpena for service on:*     Wednesday, November 12, 2008

6. *Witness fees were offered or demanded, and paid:*     $61.70

7. *Person Who Served Papers:*                           Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. PETER WILCOX                     d. *The Fee for Service was:*    $48.00
   b. In-House Services                 e. I am: (3) registered California process server
      10351 Santa Monica Blvd.                  *(i)*    Employee
      Suite 101A                                *(ii)*    *Registration No.:*    3431
      LOS ANGELES, CA 90025              *(iii)*    *County:*          Los Angeles
   c. 310 557-9666

8. *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*

   Date:Mon, Nov. 17, 2008

## PROOF OF SERVICE

I am a citizen of the United States.  My business address is 10866 Wilshire Boulevard, Suite 1550, Los Angeles, CA 90024.  I am employed in the County of Los Angeles where this service occurs.  I am over the age of 18 and am not a party to the within action.  I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I enclosed a __X__ true copy ____ original of the foregoing document described as:

**Notice of Deposition of Baruch Cohen**

to the parties listed herein below,

_____(VIA FACSIMILE) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5 p.m.;

__X__ (VIA MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California, addressed as set forth below on this date;

_____(VIA OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed as set forth below on this date;

_____(VIA HAND DELIVERY) I caused such envelope(s) to be hand delivered to the person(s) as set forth below on this date;

__X__ (VIA ELECTRONIC MAIL) I caused such documents to be sent electronically to the e-mail address set forth below on this date;

> Baruch Cohen
> 4929 Wilshire Blvd, Suite 940
> Los Angeles, CA  90010
> BCC4929@aol.com

Executed on November 26, 2008 at Los Angeles, California.

_____ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Keri Montrose

1

**Keri Montrose**

| | |
|---|---|
| **From:** | Keri Montrose |
| **Sent:** | Wednesday, November 26, 2008 5:58 PM |
| **To:** | 'BCC4929@aol.com' |
| **Attachments:** | 4061-003 Notice of Deposition - Baruch Cohen 11-26-08.pdf; 4061-003 Notice of Deposition - James Sinclair 11-26-08.pdf |

Attached please find:

1. Notice of Deposition of James Sinclair
2. Notice of Deposition of Baruch Cohen

Keri R. Montrose, Esq.
Jacobson. Russell, Saltz & Fingerman, LLP
10866 Wilshire Blvd, Suite 1550
Los Angeles, CA 90024
Phone: 310.446.9900
Fax: 310.446.9909
kmontrose@jrsfllp.com
www.jrsfllp.com

CONFIDENTIAL AND PRIVILEGED COMMUNICATION: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. Interception of e-mail is a crime under the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and 2701-2709. If you have received this transmission in error, please immediately notify me by replying to this e-mail or by telephone at 310.446.9900, and destroy the original transmission and its attachments without reading them or saving them to disk.

**EXHIBIT 3**

**DECLARATION OF BARUCH C. COHEN**

I, BARUCH C. COHEN, declare and state as follows:

1.  The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2.  I am a member in good standing and eligible to practice before the following courts: California State Supreme Court; US Court of Appeals - Ninth Circuit; Bankruptcy Appellate Panel; United States District Courts: Central District of CA; Eastern District of CA; Northern District of CA; & Southern District of CA.

3.  I am the principal shareholder and President of The Law Office of Baruch C. Cohen, a Professional Law Corporation, located at 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

4.  I represent Citizen Smith, LLC in this action.

5.  On September 15, 2008, David Kupetz, counsel for HMC, wrote me a letter demanding payment of rent pursuant to the terms of the lease.[8]

6.  On September 17, 2008, I wrote David Kupetz, counsel for HMC, that not only was the rent current (pursuant to 11 U.S.C. § 365(c)(3)), but as of September 1, 2008, CITIZEN SMITH discovered that the rent was grossly overpaid by approximately $82,914.52. I provided Mr. Kupetz with a chart of the monthly rent that was due, plus the triple net charges, plus the consumer price index charges, all calculated pursuant to the lease (that HMC sued on in state court, in violation of the automatic stay), and the amounts of rent actually paid by my client, showing the overpayment. I requested that either HMC: submit to us a check for the full amount, or confirm that my client will be able to setoff such amounts against future rent payments. I specifically offered, that if Mr. Kupetz believed that my calculations were incorrect in any way, that he please provide me with any and all documentation of the calculation of base rent and current cam charges at an increased amount and the notifications

---

[8]A true and correct copy of Mr. Kupetz's letter of September 15, 2008 is attached hereto as Exhibit "6" and is incorporated herein by this reference.

1    to the tenant of the increases.[9]

2  7.    Later that day Mr. Kupetz responded by telling me that: "either (i) you wrote the letter

3    while being ignorant of the obligations connected with the subject premises, or (ii) the

4    statements contained in the letter are dishonest." Mr. Kupetz's letter provided no evidence

5    of his position.[10]

6  8.    On September 18, 2008, I wrote Mr. Kupetz again, offering: "David: Before branding me

7    ignorant or dishonest, recall that I ended my letter with the following offer to you: "If you

8    believe that the above calculations are incorrect in any way, please provide any and all

9    documentation of the calculation of base rent and current cam charges at an increased

10    amount and the notifications to the tenant of the increases." Your inflammatory letter fails

11    to provide same. Again, if you feel that I'm wrong in any way, prove it. Sending me

12    insulting letters does little to serve your client's cause. BCC."[11]

13  9.    Later that day Mr. Kupetz responded by telling me that: "My response to what you sent was

14    honest and, I believe, appropriate. You are wrong and that will be proven in the appropriate

15    manner." Mr. Kupetz's letter still provided no evidence of his position.[12]

16  10.    On September 24, 2008, I wrote Mr. Kupetz: "On September 17, 2008, I wrote you of your

17    client's over-charging of rent and the overpayment of $82,914.52. I requested either a check

18    for the full amount, or confirm that my client will be able to setoff such amounts against

19    future rent payments. In an attempt to meet and confer with you, I further requested that if

20    you believe that our calculations were incorrect *in any way*, to please provide us with any

21    and all documentation of the calculation of base rent and current cam charges at an increased

22

23    _____

      [9]A true and correct copy of my letter of September 17, 2008 is attached hereto as Exhibit
24  "7" and is incorporated herein by this reference.

25    [10]A true and correct copy of Mr. Kupetz's letter of September 17, 2008 is attached hereto
    as Exhibit "8" and is incorporated herein by this reference.

26    [11]A true and correct copy of my letter of September 18, 2008 is attached hereto as Exhibit
27  "9" and is incorporated herein by this reference.

      [12]A true and correct copy of Mr. Kupetz's letter of September 18, 2008 is attached hereto
28  as Exhibit "10" and is incorporated herein by this reference.

1       amount and the notifications to the tenant of the increases. To date, we have not received

2       the courtesy of a *substantive* response. Please advise." [13]

3   11.    Later that day, Mr. Kupetz wrote me: "Your overpayment allegations (apparently concocted

4       by you last week as some sort of new litigation strategy) are incorrect and either you have

5       failed to review the subject leases and addenda or you already know they are incorrect and

6       have presented the allegations in bad faith." Mr. Kupetz's letter still provided no evidence

7       of his position. [14]

8   12.    Later that day, I responded to Mr. Kupetz: "David: This is my 4th request/offer to you.

9       Stop the posturing. stop the avoiding my direct offer. if you believe that our calculations

10      were incorrect in any way, to please provide us with any and all documentation of the

11      calculation of base rent and current cam charges at an increased amount and the notifications

12      to the tenant of the increases. Baruch." [15]

13   13.    On September 24, 2008, I wrote Mr. Kupetz providing him with proof of insurance. [16]

14

15       I declare under penalty of perjury under the laws of the State of California that the foregoing

16 is true and correct.

17       Executed October 13, 2008, at Los Angeles, California.

18

19                                Baruch C. Cohen

20

21

22

---

23       [13] A true and correct copy of my 1st letter of September 24, 2008 is attached hereto as Exhibit

24 "11" and is incorporated herein by this reference.

25       [14] A true and correct copy of Mr. Kupetz's letter of September 24, 2008 is attached hereto
as Exhibit "12" and is incorporated herein by this reference.

26       [15] A true and correct copy of 2nd my letter of September 24, 2008 is attached hereto as

27 Exhibit "13" and is incorporated herein by this reference.

      [16] A true and correct copy of my 3rd letter of September 24, 2008 is attached hereto as

28 Exhibit "14" and is incorporated herein by this reference.

| | |
|---|---|
| Subj: | **RE: Citizen Smith - NOTICE OF EMERGENCY HEARING: September 18, 2008 at 11:00am** |
| Date: | 9/15/2008 10:20:33 P.M. Pacific Daylight Time |
| From: | dkupetz@sulmeyerlaw.com |
| To: | BCC4929@aol.com |

Baruch,

The pending emergency motion that you apparently filed on Friday contains the incorrect contention that rent payments are current with regard to the premises where the debtor operates its business.  It is incumbent upon you to correct this false assertion and upon your client to rectify its failure to pay rent.  Further, the debtor should not be allowed to continue to operate without paying postpetition rent for the property where it is operating the business.

All of the leases and addendums thereto that control the premises that Citizen Smith, LLC, currently occupies state that rent is due and payable on the first day of each month.  There is no provision in said leases requiring that the landlord invoice the tenant for rent that is automatically due each month.  Nor do the leases provide for any grace period in the payment of rent: they only state that a late fee does not attach until the 10th day after rent is not paid.

Pursuant to 11 USC § 365(c)(3) of the Bankruptcy Code, the debtor is required to perform all of the obligations under the leases that control the premises it occupies  As rent is due on the first of the month, and as I am informed that the debtor has not yet as of the date of this message made any attempt to pay rent for the month of September, the debtor is in direct violation of its obligation under the Bankruptcy Ccode to pay rent.

As such, demand is hereby made that the debtor immediately tender to this office within 24 hours of receipt of this message in certified funds (e.g. cashier's check) $11,355.15 for September's rent and $681.31 in late fees, for a total of $12,038.46.

This demand does not in any way reinstate the lease agreements under which the debtor occupies the subject premises, as said leases were terminated in April 2008 when the rent check the Debtor tendered in response to a 3-Day Notice to Pay Rent or Quit, and that contained an election of a forfeiture, was dishonored by the bank, and the landlord filed an unlawful detainer comlaint.  Nor does the acceptance of any such performance of the subject leases during the pendency of the bankruptcy case constitute a waiver or relinquishment of the lessor's rights under such leases or the law.

David

---

David S. Kupetz
**Sulmeyer**Kupetz
A Professional Corporation

Direct Line: 213.617.5274
E-Mail: dkupetz@sulmeyerlaw.com
URL: www.sulmeyerlaw.com

**Exhibit # _6_ Page # _____**

בס״ד

Law Office of

# Baruch C. Cohen, Esq.

A Professional Law Corporation

4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010-3823

Telephone: (323) 937-4501
Facsimile: (323) 937-4503

September 17, 2008

*Via Facsimile Transmission: 213/629-4520 and email: dkupetz@sulmeyerlaw.com*

David S. Kupetz, Esq.
SulmeyerKupetz, A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, CA 90071

Re:   *In re Citizen Smith, LLC, USBC 2:08-bk-19197-SB*

Dear David:

This is in response to your letter email of September 15, 2008 at 10:20 pm.

Please be advised, that not only was the rent current (pursuant to 11 U.S.C. § 365(c)(3)), but as of September 1, 2008, my client has discovered that the rent was grossly overpaid by approximately $82,914.52. Below is a chart of the monthly rent that was due, plus the triple net charges, plus the consumer price index charges, all calculated pursuant to the lease *(that your client sued on in state court, in violation of the automatic stay)*, and the amounts of rent actually paid by my client, showing the overpayment.

| Month | Lease Rent | Alley | NNN | CPI | SubTotal | Rent Paid | Difference |
|-------|-----------|-------|-----|-----|----------|-----------|------------|
| January 2006 | $6,343.65 | $0.00 | $0.00 | $0.00 | $6,343.65 | $6,242.30 | $-101.35 |
| February 2006 | $6,343.65 | $0.00 | $0.00 | $0.00 | $6,343.65 | $8,021.70 | $1,678.05 |
| March 2006 | $6,343.65 | $0.00 | $0.00 | $0.00 | $6,343.65 | $8,021.70 | $1,678.05 |
| April 2006 | $6,343.65 | $0.00 | $0.00 | $0.00 | $6,343.65 | $8,021.70 | $1,678.05 |
| May 2006 | $6,343.65 | $0.00 | $0.00 | $0.00 | $6,343.65 | $8,021.70 | $1,678.05 |
| June 2006 | $6,343.65 | $408.75 | $0.00 | $0.00 | $6,752.40 | $8,430.45 | $1,678.05 |
| July 2006 | $6,343.65 | $408.75 | $0.00 | $0.00 | $6,752.40 | $8,021.70 | $1,269.30 |
| August 2006 | $6,343.65 | $408.75 | $0.00 | $0.00 | $6,752.40 | $8,021.70 | $1,269.30 |
| September 2006 | $6,343.65 | $408.75 | $0.00 | $0.00 | $6,752.40 | $8,021.70 | $1,269.30 |
| October 2006 | $6,343.65 | $408.75 | $0.00 | $0.00 | $6,752.40 | $8,021.70 | $1,269.30 |

F:\DOCS\CITIZEN-SMITH\DAVID-KUPETZ-01.LTR.wpd
9/17-12:27pm

Exhibit # *1*   Page #_____

To: David S. Kupetz, Esq.
From: Baruch C. Cohen, Esq.
September 17, 2008
Page 2

בס״ד

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| November 2006 | $6,343.65 | $408.75 | $0.00 | $0.00 | $6,752.40 | $8,021.70 | $1,269.30 |
| December 2006 | $6,343.65 | $408.75 | $0.00 | $0.00 | $6,752.40 | $8,430.45 | $1,678.05 |
| January 2007 | $6,343.65 | $408.75 | $0.00 | $270.10 | $7,022.50 | $8,430.45 | $1,407.95 |
| February 2007 | $6,343.65 | $408.75 | $0.00 | $270.10 | $7,022.50 | $8,430.45 | $1,407.95 |
| March 2007 | $6,343.65 | $408.75 | $0.00 | $270.10 | $7,022.50 | $8,430.45 | $1,407.95 |
| April 2007 | $6,343.65 | $408.75 | $0.00 | $270.10 | $7,022.50 | $8,430.45 | $1,407.95 |
| May 2007 | $6,343.65 | $408.75 | $0.00 | $270.10 | $7,022.50 | $9,846.08 | $2,823.25 |
| June 2007 | $6,343.65 | $408.75 | $0.00 | $270.10 | $7,022.50 | $9,846.08 | $2,823.25 |
| July 2007 | $6,343.65 | $408.75 | $0.00 | $270.10 | $7,022.50 | $9,846.08 | $2,823.25 |
| August 2007 | $6,343.65 | $408.75 | $0.00 | $270.10 | $7,022.50 | $10,960.75 | $3,938.25 |
| September 2007 | $6,343.65 | $408.75 | $0.00 | $270.10 | $7,022.50 | $10,960.75 | $3,938.25 |
| October 2007 | $6,343.65 | $408.75 | $0.00 | $270.10 | $7,022.50 | $10,960.75 | $3,938.25 |
| November 2007 | $6,343.65 | $408.75 | $0.00 | $270.10 | $7,022.50 | $10,960.75 | $3,938.25 |
| December 2007 | $6,343.65 | $408.75 | $0.00 | $270.10 | $7,022.50 | $10,960.75 | $3,938.25 |
| January 2008 | $6,343.65 | $408.75 | $0.00 | $231.74 | $7,254.24 | $11,355.15 | $4,100.91 |
| February 2008 | $6,343.65 | $408.75 | $0.00 | $231.74 | $7,254.24 | $11,355.15 | $4,100.91 |
| March 2008 | $6,343.65 | $408.75 | $0.00 | $231.74 | $7,254.24 | $11,355.15 | $4,100.91 |
| April 2008 | $6,343.65 | $408.75 | $0.00 | $231.74 | $7,254.24 | $11,355.15 | $4,100.91 |
| May 2008 | $6,343.65 | $408.75 | $0.00 | $231.74 | $7,254.24 | $11,355.15 | $4,100.91 |
| June 2008 | $6,343.65 | $408.75 | $0.00 | $231.74 | $7,254.24 | $11,355.15 | $4,100.91 |
| July 2008 | $6,343.65 | $408.75 | $0.00 | $231.74 | $7,254.24 | $11,355.15 | $4,100.91 |
| August 2008 | $6,343.65 | $408.75 | $0.00 | $231.74 | $7,254.24 | $11,355.15 | $4,100.91 |
| | | | | | | TOTAL | $82,914.52 |

In view of your client's over-charging of rent and the overpayment of $82,914.52, your
client's choices are as follows: either submit to us a check for the full amount, or confirm that
my client will be able to setoff such amounts against future rent payments.

If you believe that the above calculations are incorrect in any way, please provide any and all
documentation of the calculation of base rent and current cam charges at an increased amount
and the notifications to the tenant of the increases.

This brings us to several unpleasant conclusions which we will be bringing shortly to the
attention of the courts: (1) Your client has presented false and inflated claims to the
bankruptcy for rent allegedly due in blatant violation of 18 U.S.C. § 152 and 3571, which

F:\DOCS\CITIZEN-SMITH\DAVID-KUPETZ-01.LTR.wpd
9/17-12:27pm

To: David S. Kupetz, Esq.
From: Baruch C. Cohen, Esq.
September 17, 2008
Page 3

בסד

constitutes bankruptcy fraud; (2) Your client improperly issued its 3-day notice to pay rent or quit and commenced the unlawful detainer action No. 08U04924 against my client in bad faith subjecting your client to an action for malicious prosecution; (3) Your client breached the very lease that it sued on; (4) Your client has engaged in an unlawful business practice in violation of Business & Professions Code §17200, et seq.

If you have any questions or comments regarding the above, please do not hesitate to call.

Respectfully,

BARUCH C. COHEN
cc:     Citizen Smith, LLC
F:\DOCS\CITIZEN-SMITH\DAVID-KUPETZ-01.LTR.wpd
9/17-12:27pm

F:\DOCS\CITIZEN-SMITH\DAVID-KUPETZ-01.LTR.wpd
9/17-12:27pm

Subj:    **RE: Citizen Smith**
Date:    9/17/2008 7:08:56 P.M. Pacific Daylight Time
From:    dkupetz@sulmeyerlaw.com
To:      BCC4929@aol.com

Baruch,

Your letter sent earlier today as an attachment to the below message has been quickly reviewed.  It is apparent that either (i) you wrote the letter while being ignorant of the obligations connected with the subject premises, or (ii) the statements contained in the letter are dishonest.

With respect to another area of default by your client, please provide me right away with any and all evidence of insurance coverage for the premises occupied by your client.  Such evidence has repeatedly been requested and your client has failed to provide it.

David

David S. Kupetz
**Sulmeyer**Kupetz
A Professional Corporation

Direct Line: 213.617.5274
E-Mail: dkupetz@sulmeyerlaw.com
URL: www.sulmeyerlaw.com

333 South Hope Street, Thirty-Fifth Floor, Los Angeles, CA 90071
Voice: 213.626.2311  Fax: 213.629.4520

---

**From:** BCC4929@aol.com [mailto:BCC4929@aol.com]
**Sent:** Wednesday, September 17, 2008 12:30 PM
**To:** Kupetz, David S.
**Subject:** Citizen Smith

**F:\DOCS\CITIZEN-SMITH\DAVID-KUPETZ-01.LTR.wpd**
9/17-12:27pm
in pdf format

Respectfully,

Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Telephone (323) 937-4501
Facsimile: (323) 937-4503
efax: (323) 297-4503
cell phone: (323) 353-9535
e-mail: BCC4929@aol.com

Exhibit # _**8**_ Page # _____

This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is legally privileged. This e-mail is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure

Monday, October 13, 2008 AOL: BCC4929