1 | ARAM ORDUBEGIAN (State Bar No. 185142)
ROBERT SHENFELD (State Bar No. 228181)
2 | ANDY S. KONG (State Bar No. 243933)
RICHARDSON & PATEL LLP
3 | 10900 Wilshire Blvd., Suite 500
Los Angeles, California  90024
4 | Telephone (310) 208-1182
Facsimile (310) 208-1154
5
  | Proposed General Insolvency Counsel for Citizen Smith, LLC
6

7

8 |                UNITED STATES BANKRUPTCY COURT

9 |                CENTRAL DISTRICT OF CALIFORNIA

10 |                   LOS ANGELES DIVISION

11 | In re                                )   Bk. No. 2:08-bk-19197-SB
                                         )
12 | CITIZEN SMITH LLC,                   )        [Chapter 11]
                                         )
13 |           Debtor-in-Possession.     )   APPLICATION OF DEBTOR AND
                                         )   DEBTOR IN POSSESSION TO EMPLOY
14 |                                     )   THE LAW OFFICES OF BARUCH C.
                                         )   COHEN AND RICHARDSON & PATEL
15 |                                     )   LLP AS GENERAL INSOLVENCY
                                         )   COUNSELS PURSUANT TO 11 U.S.C. §§
16 |                                     )   327 AND 330; F.R.B.P. RULES 2014(a)
                                         )   AND 2016; L.B.R. RULE 2014-1;
17 |                                     )   DECLARATIONS OF PATRICK L.
                                         )   JOHNSTON AND ARAM ORDUBEGIAN
18 |                                     )   IN SUPPORT THEREOF
                                         )
19 | _____ )   [NO HEARING REQUIRED]

20 |        Citizen Smith, LLC, the debtor and debtor in possession (the "Debtor") in the

21 | above-captioned chapter 11 bankruptcy case (the "Case"), respectfully submits this

22 | application (the "Application") for entry of an order, pursuant to section 327 and 330

23 | of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy

24 | Code") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure

25 | (the "Bankruptcy Rules") and Rule 2014-1of the Local Bankruptcy Rules ("L.B.R.") of

26 | the United States Bankruptcy Court for the Central District of California (the

27 | "Court") authorizing the Debtor to employ the Law Offices of Baruch C. Cohen, a

28 | Professional Law Corporation (the "Cohen Firm"), as its general insolvency counsel

1  effective from November 7, 2008 to December 14, 2008 and Richardson & Patel LLP

2  ("R&P") as its general insolvency counsel effective as of December 15, 2008 going

3  forward.  In support of the Application, the Debtor respectfully represents as follows:

### JURISDICTION, VENUE AND STATUTORY PREDICATE

5      1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§

6  157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §§

7  157(b)(2).

8      2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9      3.    The statutory bases for the relief requested herein are section 327(a)

10  and 330 of the Bankruptcy Code and Rules 2014(a) and 2016 of the Bankruptcy

11  Rules

### BACKGROUND

13      4.    The Debtor operates a popular and successful restaurant and bar

14  under the name "Citizen Smith" (the "Business") located at 1600 Cahuenga Blvd.,

15  Los Angeles, California (the "Premises").  The Debtor is a limited liability company

16  duly registered and operating under the laws of the State of California.

17      5.    On June 25, 2008, petitioning creditors VJ Glass, Mirror LLC, G&E

18  Welding, Inc., Thomas School Design, Inc., and Jennings, Steine & Co. commenced

19  an involuntary proceeding against Debtor in this Court.

20      6.    On November 7, 2008, an Order for Relief was entered. [*See* Docket

21  No. 66.]  The Debtor remains (and remained during the gap period) in possession of

22  its assets (the "Estate") and has been operating its Business as a debtor in possession

23  pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner

24  has been appointed in this Case.

25      7.    On November 21, 2008, the Cohen Firm filed its employment

26  retention application (the "Cohen Application") to represent the Debtor as its general

27  insolvency counsel in this Case to preserve and protect the Estate [Docket No. 82].

28  The Cohen Firm requested its employment to be effective as of November 7, 2008.

1  The Cohen Application is attached hereto as Exhibit "E".   No objection was ever filed

2  regarding the Cohen Application.

3        8.    Subsequently, on December 15, 2008, the Debtor asked R&P to

4  represent it as general insolvency counsel in the Case and to take immediate action

5  to preserve and protect the Estate with regard to several motions and applications

6  (described in detail, *supra*) and to replace the Cohen Firm.  The Court had not yet

7  ruled on the Cohen Application as of that date.  On December 22, 2008, the Debtor

8  withdrew the Cohen Application (the "Withdrawal").  [*See Notice of Withdrawal of*

9  *Application of Debtor and Debtor in Possession to Employ Law Offices of Baruch C.*

10  *Cohen, a Professional Law Corporation as Bankruptcy Counsel*; Docket No. 92].

11        9.    At a hearing held before this Court on January 13, 2009, the Debtor

12  withdrew its Withdrawal in open court.  At such hearing, both R&P and the Cohen

13  Firm agreed to work together to effectuate a smooth transition of counsel in the Case.

14  This Court however, on February 20, 2009, entered an order finding the Cohen

15  Application to be moot due to the Withdrawal (the "Cohen Application Order").  As

16  such, this Application is therefore a joint application of both the Cohen Firm and

17  R&P.

18        **RELIEF REQUESTED**

19        10.    Subject to this Court's approval, the Debtor seeks to employ the Cohen

20  Firm effective from November 7, 2008 to December 14, 2008 in connection with this

21  Case and to provide the services described in Exhibit "E".  As previously noted, no

22  objections were filed, timely or otherwise, to the Cohen Application.

23        11.    Subject to this Court's approval, the Debtor seeks to employ R&P,

24  effective as of December 15, 2008 going forward, in connection with this Case and to

25  provide the services described below (collectively, the "Services").

26        **QUALIFICATIONS OF R&P AND SERVICES TO BE PROVIDED**

27        12.    R&P is a law firm specializing in bankruptcy and reorganization,

28  creditors' rights and related litigation and representation of debtors and debtors in

possession in Chapter 11 cases. The Debtor retained R&P for its considerable experience in similar matters and believes R&P is well qualified to represent it in conjunction with said matters.

13.    The Debtor seeks to employ R&P to perform all duties as Debtor's general insolvency counsel and which may require, among others, the rendering of the following professional services:

a.    Advising the Debtor with respect to the requirements of the Court, the Code, the Bankruptcy Rules, the LBR and the guidelines and other formally promulgated directives (collectively, the "Guidelines") of the Office of the United States Trustee (the "US Trustee") as they pertain to the Debtor and the Case;

b.    Advising the Debtor with regard to certain rights and remedies of its Estate and the rights, claims and interests of creditors;

c.    Representing the Debtor in any proceeding or hearing in the Bankruptcy Court involving its Estate unless the Debtor is represented in such proceeding or hearing by other special counsel;

d.    Conducting examinations of witnesses, claimants, claims or adverse parties, as necessary, and representing the Debtor in any adversary proceeding except to the extent that such adversary proceeding is in an area outside of the R&P's expertise or which is beyond the R&P's staffing abilities;

e.    Preparing and assisting the Debtor in preparing reports, schedules, financial statement, applications, pleadings and orders;

f.    Representing the Debtor with respect to obtaining use of debtor-in-possession financing and/or cash collateral including, but not limited to, negotiating and seeking Bankruptcy Court approval of any debtor-in-possession financing and/or cash collateral pleading or stipulation and preparing any pleadings relating to obtaining use of debtor-in-possession financing and/or cash collateral as well as monitoring compliance with such financing;

g.    Assisting the Debtor in negotiating, formulating, preparing and

1    confirming a plan of reorganization and preparing and seeking approval of a

2    disclosure statement or, alternatively, the sale of its Business; and

3        h.    Assisting the Debtor in assuming or rejecting leases and

4    executory contracts; and

5        i.    Performing any other services which may be necessary and

6    appropriate.

7                    **DISINTERESTED STATUS**

8        14.    To the best of Debtor's knowledge and understanding, upon

9    information and belief, other than in connection with this Case, R&P has no

10   connection with, and holds no interest adverse to, the Debtor, the Estate, the Estate's

11   creditors, or any other party in interest herein.  Thus, to the best of the Debtor's

12   knowledge and understanding, R&P is a "disinterested person" as defined in Section

13   101(14) of the Bankruptcy Code and required by Section 328 of the Bankruptcy

14   Code.[1/]  The basis for the Debtor's belief is the Declaration of Aram Ordubegian,

15   submitted in support of the Application.

16       15.    The Debtor is satisfied that no member or associate of R&P represents

17   or holds any interest adverse to the Debtor or to the Estate.  Furthermore, the

18   Debtor is satisfied that no member or associate of R&P has any connection with the

19   Office of the US Trustee; any person employed by the Office of the US Trustee; or any

20   other party in interest in the Case or the Estate besides the Debtor, adverse or

21   otherwise, that would prejudice or otherwise disqualify R&P from representing the

22   Debtor.

23               **RECENT EMERGENCY MOTION PRACTICE**

24               **AND UPCOMING HEARINGS ON MOTIONS**

25       16.    R&P has been providing services to the Debtor since December 15,

26

27   _____

28       [1/]    The Cohen Firm's disinterested status is provided in detail in
         Exhibit "E".

1  2008.  In particular, R&P filed an *Emergency Motion for Approval of the Debtor's*

2  *Rejection of Executory Contracts Pursuant to 11 U.S.C. §§ 105(a); 365(a) and 1107(a);*

3  *F.R.B.P. 6006; L.B.R. Rules 2081-1(b)(2)(L), 9013-1(a)(4) and 9075-1*(the "Rejection

4  Motion") [Docket No. 93] and *Emergency Motion to Approve Interim Management and*

5  *Post-Petition Financing Agreement Pursuant to 11 U.S.C. §§ 105(a); 363, 364, 552*

6  *and 1107(a); F.R.B.P. Rule 4001(c); L.B.R. Rules 2081-1(b)(2)(I), 2081-1(C),*

7  *9013-1(a)(4) and 9075-1* (the "Management and Financing Agreement Motion"

8  [Docket No. 94].

9        17.    As the Court is aware, the Rejection Motion and the Management and

10  Financing Agreement Motion were each granted, after continued hearings, at a final

11  hearing held before this Court on January 13, 2009.  The relief sought and approved

12  in the Rejection Motion and in the Management and Financing Agreement Motion

13  are critical elements of the Debtor's operation of its Business and the preservation of

14  value of the Estate.  The Debtor could not have achieved the success in either of the

15  aforementioned motions without the services of R&P.

16                    **PROFESSIONAL COMPENSATION**

17        18.    Subject to the Court's approval and the Retainer (defined below), R&P

18  is willing to serve as general insolvency counsel to the Debtor and to perform the

19  Services.  At appropriate intervals and at the conclusion of this Case, R&P will file

20  applications seeking allowance, approval and award of fees and expenses incurred

21  pursuant to sections 330 and 331 of the Bankruptcy Code.  Upon final allowance of

22  such fees and costs, the Debtor will pay to R&P the difference between the final

23  amounts allowed and any interim compensation paid to R&P by the Estate.  All

24  applications filed by R&P for the allowance and award of compensation and

25  reimbursement of expenses will comply with the requirements of the Bankruptcy

26  Code, the Bankruptcy Rules, the LBR and the Guidelines (including payment by

27  standard monthly Professional Fee Statement procedures).

28        19.    In the Management and Financing Agreement Motion, the Debtor

1  disclosed to the Court and all parties in interest that the post-petition lender,

2  Doheny Investments Holding ("DIH") has agreed to provide post-petition funds to the

3  Debtor for payment of expenses, including US Trustee's fees and related Court costs,

4  bankruptcy related legal and accounting fees and costs, payment of employee wages,

5  business and payroll taxes, lease payments to landlord(s), and other regular business

6  expenses, to allow the operations of the business to continue.  DIH has committed to

7  advance at least $200,000 as a post-petition retainer for R&P (the "Retainer").[2]

8       20.     Under the subject financing agreement, previously approved by this

9  Court, DIH's post-petition payment expense obligations shall be at least $750,000

10  which will be advanced as needed on a super-priority administrative basis.  DIH's

11  super-priority administrative rights, however, as set forth in the subject financing

12  agreement and in the Management and Financing Agreement Motion, are

13  subordinate to a post-petition professionals carve-out, the hearing on which has been

14  continued to March 24, 2009.

15       21.     With respect to the Retainer for R&P, $50,000 has already been paid

16  to R&P as a retainer on or about December 15, 2009, leaving $150,000 still

17  outstanding.  If the remaining $150,000 is not received by R&P, R&P reserves the

18  right to withdraw as counsel for Debtor.

19  **R&P EMPLOYMENT EFFECTIVE AS OF DECEMBER 15, 2008**

20       22.     As stated above, the Debtor first consulted with R&P on December 15,

21  2008  regarding the issues facing the Debtor in the Case and the need for a "changing

22  of the guard" with regard to counsel and management.  Because the issues in this

23  Case, in particular, immediate need for the filing of the Rejection Motion and the

24  Management and Financing Agreement Motion by competent counsel on an

25  emergency basis, R&P commenced rendering services immediately to, and at the

26

27  _____

28     [2]     The Cohen Firm reserves its right to share in the R&P Retainer
or otherwise seek to be treated equally as R&P.

1   request of, the Debtor. The approval of the Rejection Motion and of the Management

2   and Financing Agreement Motion, has set the Case on a path towards a meaningful

3   exit strategy from chapter 11. As the Court is aware, R&P's services since December

4   15, 2008, demonstrate the competence of R&P and the benefit of R&P's Services to

5   the Debtor.

6       The Application is being filed today, rather than in December 2008 due to

7   the status of the Case at the time and the recent Cohen Application Order which

8   mooted the Cohen Firm's Application. At the first hearing on the Rejection Motion

9   and the Management and Financing Agreement on December 29, 2008, the Court

10   indicated that the appointment of a trustee was an option under consideration by the

11   Court. It was not until the Court granted the relief requested in such Motions on

12   January 13, 2009 that it became evident that the Case would go forward with new

13   management, new financing and new general insolvency counsel. Accordingly, the

14   instant Application, under such circumstances, is timely.

15       WHEREFORE, the Debtor respectfully requests entry of an order

16   authorizing the retention of the Cohen Firm as general insolvency counsel to the

17   Debtor as set forth in Exhibit "E" effective from November 7, 2008 through December

18   14, 2008 and R&P as general insolvency counsel to the Debtor as set forth in the

19   Application effective as of December 15, 2008 going forward.

20

21   DATED: March _22_, 2009

22                       PATRICK L. JOHNSTON

                         Managing Member of Citizen

23                          Smith, LLC

24

25

26

27

28

# DECLARATION OF PATRICK L. JOHNSTON

I, Patrick Johnston, declare as follows:

1.    I am the managing member of Citizen Smith, LLC, the debtor and debtor in possession in the instant chapter 11 case.

2.    I have read the attached Application and I know the facts represented therein, which are known to me to be true or believed to be true. If called as a witness, I could and would testify competently thereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _Z Z_ day of March 2009, at Los Angeles, California.

PATRICK L. JOHNSTON

h:\h\e\

## DECLARATION OF ARAM ORDUBEGIAN

I, Aram Ordubegian, declare that:

1.      I am an attorney at law, duly admitted to practice in the state of California, and before the above-entitled Court.  I am a partner of the law firm of Richardson & Patel LLP ("R&P" or the "Firm").  I submit this declaration in support of the Application.  Unless otherwise noted, I know the following facts of my own personal knowledge and if called as a witness to these proceedings I could and would testify competently thereto.

2.      On December 15, 2008, R&P, subject to approval by this Court, was retained by the Debtor to represent it in connection with its pending chapter 11 case; and to represent its interests.

3.      The Bankruptcy and Restructuring Group at R&P specializes its practice in the area of bankruptcy law, and is competent to perform the Services (as defined in the Application).  Each member and associate of R&P assigned to this matter is an attorney at law, duly admitted to practice in the state of California and before this Court.

4.      I will be one of the attorneys primarily responsible for handling of the Case on behalf of the Debtor.

5.      The Firm's bankruptcy department is composed of attorneys who, collectively, have over 60 years of experience representing debtors, debtors in possession, trustees, indenture trustees and creditors in Chapter 7 and 11 bankruptcy cases.  My experience and qualifications and the experience and qualifications of the other attorneys of this Firm's bankruptcy department are set forth in the Firm's resume attached hereto as Exhibit "A", which is incorporated by reference.  The Firm's resume is also on file with the Office of the US Trustee.

6.      Prior to submitting this declaration, R&P conducted an investigation of disinterestedness by reviewing R&P's regular computerized records of current and

h:\h\c\

1  former cases, as well as R&P's clients.  In addition, a "conflict check" was conducted

2  of the cases currently opened and wherein R&P is the attorney of record.

3      7.    The conflict check system is a computerized data base of current and

4  former clients and adverse and related parties which is regularly maintained in the

5  course of business of the Firm.  It is the practice of the Firm to update and maintain

6  these records regularly.  The conflict check system reflects entries that are noted in

7  the system at the time the information becomes known by persons whose regular

8  duties include recording and maintaining this information.  The attorneys and staff

9  of R&P regularly send information to update the conflict system and use and rely

10 upon the information contained in the system in the performance of legal services the

11 practice of law.

12     8.    To the best of my knowledge, based upon a review of the Firm's

13 regular computerized records, no attorney of this Firm represents or holds any

14 interest adverse to the Debtor or to the Estate.  Furthermore, to the best of my

15 knowledge, based upon the review of the Firm's regular computerized records, no

16 attorney of this Firm has any connection with the Office of the US Trustee, any

17 person employed by the Office of the US Trustee, or any party in interest besides the

18 Debtor.

19     9.    No attorney at R&P is or has served as an officer, director, or

20 employee of the Debtor.

21     10.   No attorney at R&P is in control of the Debtor or is a relative of a

22 general partner, director, officer, or person in control of the Debtor.

23     11.   No attorney at R&P is a general or limited partner of a partnership in

24 which the Debtor is also a general partner or limited partner and no attorney is a

25 member of the Debtor.

26     12.   No attorney at R&P is or has served as an officer, director, or

27 employee of a financial advisor that has been engaged by the Debtor in connection

28 with the offer, sale, or issuance of a security of the Debtor.

h:\h\c\                              -11-

13.     No attorney at R&P has represented a financial advisor of the Debtor in connection with the offer, sale, or issuance of a security of the Debtor.

14.     No attorney at R&P presently represents a creditor, general partner, member, lessor, lessee, party to an executory contract of the Debtor, and any person otherwise adverse or potentially adverse to the Debtor or the Estate, on any matter, whether such representation is related or unrelated to the Debtor or the Estate.

15.     Other than as described in the Application or in the Management and Financing Agreement Motion, no attorney at R&P or R&P has been paid fees pre-petition or prior to the submission of the Application or holds a security interest, guaranty or other assurance of compensation for services performed and to be performed in these proceedings.

16.     For these reasons, I believe the Firm may be employed by the Debtor as its general insolvency counsel and provide the Services.  I believe that the Firm is, therefore, a disinterested party.

17.     This Firm and each of its members and attorneys assigned to this matter are familiar with the Code, the Bankruptcy Rules, and the LBR, and shall comply with them.

18.     Attached hereto as Exhibit "B", and incorporated herein by this reference, is a schedule of the hourly rates regularly charged by the Firm to its regularly paying clients.  These rates may change from time to time.  The hourly rates in effect as this Case progresses will be one of the factors upon which the firm will base its request for compensation.  Other factors will include the difficulty and novelty of the work, the experience and reputation of counsel and the imposition the matter has on the firm's other work, including preclusion from other tasks.

19.     Attached hereto as Exhibit "C" and incorporated herein by this reference, is a schedule of the expense reimbursements regularly sought by the Firm.

20.     R&P understands and agrees that no compensation will be paid to the

/ / /

-12-

1  firm by the Estate without Court approval or outside fo the Professional Fee

2  Statement procedures.

3      21.    Filed concurrently with this Application, the Debtor filed a *Notice of*

4  *Application of Debtor and Debtor in Possession to Employ the Law Offices of Baruch*

5  *C. Cohen and Richardson & Patel LLP as General Insolvency Counsels Pursuant to 11*

6  *U.S.C. §§ 327 and 330; F.R.B.P. Rules 2014(a) and 2016; and L.B.R. 2014-1(b)* (the

7  "Notice"). A copy of the Notice is attached as Exhibit "D" hereto.

8      22.    The Services R&P agreed to perform are detailed in the Application

9  and are incorporated herein by reference.

10      23.    R&P agreed to provide the Services to the Debtor and recognizes that

11  any allowance of compensation for the Services rendered on behalf of the Debtor in

12  connection with the Case and any reimbursement of disbursements made in

13  connection therewith are subject to the prior approval and authorization by order of

14  this Court. R&P realizes that any application for fees and reimbursement of

15  expenses must be supported by detail contemporaneous time records and comply

16  with the Guidelines, the Code, the Bankruptcy Rules and the LBR.

17      24.    Attached hereto as Exhibit "E" is a true and correct copy of the Cohen

18  Firm's Application previously filed with the Court.

19      I declare under penalty of perjury under the laws of the United States of

20  America that the foregoing is true and correct.

21      Executed this 23rd day of March 2009, at Los Angeles, California.

22

23                     */s/ Aram Ordubegian*
                   ARAM ORDUBEGIAN

24

25

26

27

28

h:\h\c\    -13-

# Exhibit "A"

## RICHARDSON & PATEL LLP

10900 Wilshire Boulevard

Suite 500

Los Angeles, California 90024

Telephone (310) 208-1182

Fax (310) 208-1154


## Bankruptcy & Reorganization Group


### THE MEMBERS:

**David R. Weinstein.** Prior to joining the firm, Mr. Weinstein founded his first bankruptcy boutique firm in 1992.

Mr. Weinstein has represented clients across the entire spectrum of its practice. He has extensive experience in reorganization matters and complex bankruptcy litigation, including at all stages of the bankruptcy appellate system.

Clients for whom Mr. Weinstein has served as lead counsel include Clothestime Stores, Inc., a retail chain of over 200 clothing stores; Walden Leasing, Inc., a major fleet buyer and lessor of automobiles; California Psychiatric Management Services, an owner and operator of psychiatric hospitals; Sony Pictures Entertainment; the former owner of the Century City Shopping Center & Marketplace, a major regional shopping mall in West Los Angeles, California; Reliance Trust Co., a servicer of mortgage bonds; U.S. Bank, as an indenture trustee; major creditors in the Super Shops Stores and Sizzler Restaurant Chapter 11 cases; a labor union in the Orange County bankruptcy case; trustees presiding over the bankruptcy estates of restaurants, airlines, automobile dealerships, loan companies, a munitions manufacturer, a hazardous waste disposal company, and mining interests; committees of creditors of Steakhouse Partners, Inc., the owner of a chain of upscale steak and chop houses; BMK, Inc., a national merchandiser of consumer goods; Scour, Inc., a cutting edge Internet leader in peer-to-peer communications; Urjet Backbone Network, the owner of network installations for the provision of telecommunications to users in the west; Flashcom, Inc. and Fastpoint Communications, Inc., both DSL providers; Energy Development Corp., a private oil and gas production company; and a variety of high-income, high visibility individuals such as medical doctors, real estate syndicators and entertainers reorganizing their business affairs in Chapter 11. Mr. Weinstein also frequently represents other lawyers and law firms' own interests in bankruptcy cases.

Mr. Weinstein's writings appear often in regional and national publications concerning bankruptcy and commercial law, including law journals such as the California Bankruptcy Journal and the ABI Journal, and he is in demand as a speaker before local and national groups concerning bankruptcy litigation,

**14**

March 23, 2009
Page 2

reorganization issues, and other topics relating to the bankruptcy process. He has
leadership roles in the American Bar Association's Business Law Section (Corporate
& Business Litigation and Small Business Committees) and Litigation Section (Co-
Chair of the Committee on Insolvency Litigation and Chair of Appellate
Subcommittee of Bankruptcy Litigation), and he formerly chaired the
Subcommittee on Trustees and Examiners, the Chapter 11 Subcommittee, and the
Task Force on Affiliated Entities of the American Bar Association's Business
Bankruptcy Committee. He is an active member of the American Bankruptcy
Institute, American Bar Association, Financial Lawyers Conference, Los Angeles
County Bar Association and Los Angeles Bankruptcy Forum. Mr. Weinstein
obtained his law degree from the University of Southern California in 1978, after
graduating *magna cum laude* from Syracuse University in 1974. Mr. Weinstein's e-
mail address is dweinstein@richardsonpatel.com.

**Sharon Z. Weiss.** Before joining the firm, Ms. Weiss was a partner at Weinstein
Weiss & Ordubegian, LLP. Ms. Weiss has extensive experience in a wide area of
insolvency matters from various perspectives, including representation of trustees,
individual and corporate debtors, creditors and creditors' committees.

Throughout her career, Ms. Weiss has specialized in bankruptcy commercial
matters. She has served as lead trial counsel in bankruptcy and commercial
litigation, including alternative dispute resolution and has considerable experience
in handling fraud and *Ponzi* scheme litigation, and bankruptcy appeals which have
resulted in published Ninth Circuit opinions. Her clients include debtors engaged
in the healthcare, restaurant, garment, entertainment and retail sales industries,
and creditors' committees in merchandising, manufacturing and apparel industries.
Ms. Weiss has served as lead counsel in out-of-court workouts and in the
bankruptcy courts in cases involving such varied issues as disputed asset sales and
financing, the avoiding powers, executory contracts, pension plans, claims priority,
plan confirmation, surcharges and the court's inherent powers.

Ms. Weiss regularly speaks on an array of insolvency matters to professional
audiences at regional, state and national levels. She currently serves as the co-
chair of the Membership: Minorities, Women & Young Lawyers Subcommittee of
the Business Bankruptcy Committee of the American Bar Association's Business
Law Section and has held other Business Law Leadership positions including vice
chair of the Litigation Subcommittee. Ms. Weiss is also an active member of the
Diversity Committee of the Business Law Section. She is a member of the Board of
Directors of the Los Angeles Bankruptcy Forum and is a co-founding member of the
Restructuring and Insolvency Professionals of Southern California. Ms. Weiss is an

March 23, 2009
Page 3

active member of the American Bankruptcy Institute, American Bar Association,
California Bankruptcy Forum, Financial Lawyers Conference, International
Woman's Insolvency and Restructuring Confederation and the Los Angeles Bar
Association.

Ms. Weiss was admitted to the California Bar in 1993.  She holds degrees from the
University of California at Irvine (B.A. 1990) and Southwestern University School
of Law (J.D. 1993) (Dean's List).  Ms. Weiss was a member of the Moot Court
Honors Program and earned First and Second Place awards during national
competitions for her writing and advocacy skills.  Ms. Weiss' email address is
sweiss@richardsonpatel.com.

**Aram Ordubegian.**  Prior to joining the firm, Mr. Ordubegian was as a partner at
Weinstein, Weiss & Ordubegian, LLP.  Mr. Ordubegian was admitted to the
California Bar in 1996.  He holds degrees from California State University,
Northridge (B.A. 1993) and Loyola Law School, Los Angeles (J.D. 1996), where he
received the American Jurisprudence Award for Trial Advocacy and participated in
the Moot Court Honors Program.  He served as a judicial extern to the Honorable
Mitchel R. Goldberg, United States Bankruptcy Judge for the Central District of
California.

Mr. Ordubegian's broad-based reorganization and litigation experience includes
representation of electronics and hi-tech manufacturers' interests in bankruptcy
cases, as well as the individual interests of high income earners such as medical
doctors and the owners of commercial real estate.  He has represented creditors'
committees in cases involving "dot.coms", media entities and DSL providers and has
represented trustees presiding over such varied estates as cable television
companies, automobile interests, infomercial businesses and manufacturers.  Mr.
Ordubegian is an active member of the American Bar Association, Financial
Lawyers Conference, and Los Angeles Bankruptcy Forum.  He was previously an
elected member of the Los Angeles County Bar Association's Barristers Executive
Committee and remains an active member of the Los Angeles County Bar
Association's Bankruptcy and Commercial Law Committee.  Mr. Ordubegian has
authored a number of bankruptcy-related articles concerning such topics as lien
"stripping", bankruptcy fraud and protecting intellectual property rights in Internet
company bankruptcies.  He has also been selected as a speaker for bankruptcy
forum panels.  Mr. Ordubegian's e-mail address is
aordubegian@richardsonpatel.com.

**16**

March 23, 2009
Page 4

## SENIOR COUNSEL AND ASSOCIATES

Richardson & Patel, LLP has assembled a group of exceptionally talented and
dedicated professionals who share the firm's philosophy, namely to communicate
effectively with clients to creatively solve their legal problems.

### ASSOCIATES:

**Christina Erickson.**  Ms. Erickson was admitted to the California Bar in 2004
and the Colorado Bar in 2005.  She holds degrees from the University of California
at Irvine (B.A. 2000), and the J. Reuben Clark Law School, Brigham Young
University (J.D. 2003), where she graduated *cum laude*.  Ms. Erickson's litigation
experience includes representation of creditors' committees and other parties in
avoidance recovery and related actions.  Ms. Erickson's e-mail address is
cerickson@richardsonpatel.com.

**Andy S. Kong.**  Mr. Kong was admitted to the California Bar in 2006.  He holds
degrees from the University of California at Los Angeles (B.A. 2001), and Loyola
Law School, Los Angeles (J.D. 2005), where he was a member of the St. Thomas
More Law Honor Society from 2003 to 2005 and graduated on the Dean's Honor
List.  Before joining the firm, Mr. Kong was a law clerk to the Honorable Victoria S.
Kaufman, United States Bankruptcy Court.  Mr. Kong's e-mail address is
akong@richardsonpatel.com.

**Gilbert Mikalian.**  Mr. Mikalian was admitted to the California Bar in 2006.  He
holds degrees from the University of California at Los Angeles (B.A. 1994),
Graziadio School of Business & Management, Pepperdine University (M.B.A. 1999),
and James E. Beasley School of Law, Temple University (J.D. 2006).  Mr. Mikalian
participated in Temple Law School's nationally recognized Trial Advocacy Program.
Mr. Mikalian's e-mail address is gmikalian@richardsonpatel.com.

# Exhibit "B"

## RICHARDSON & PATEL LLP

10900 Wilshire Boulevard

Suite 500

Los Angeles, California 90024

Telephone (310) 208-1182

Fax (310) 208-1154

## HOURLY RATES[1]

| | |
|---|---|
| SENIOR PARTNERS | $550.00 |
| PARTNERS | $405.00 |
| SENIOR ATTORNEYS | $405.00 |
| ATTORNEY LEVEL III | $335.00 |
| ATTORNEY LEVEL II | $235.00 |
| ATTORNEY LEVEL I | $215.00 |
| PARALEGAL | $150.00 |

---

[1]    EFFECTIVE JULY 1, 2008

# Exhibit "C"

RICHARDSON & PATEL LLP

10900 Wilshire Boulevard
Suite 500
Los Angeles, California 90024
Telephone (310) 208-1182
Fax (310) 208-1154


## COSTS ADVANCED

| | |
|---|---|
| AUTOMOBILE MILEAGE | CURRENT IRS REIMBURSEMENT RATE |
| CELLULAR TELEPHONE | ACTUAL INVOICE COST |
| COMMERCIAL MESSENGER | ACTUAL INVOICE COST |
| COMPUTER RESEARCH, ETC. | ACTUAL INVOICE COST |
| FEDERAL EXPRESS | ACTUAL INVOICE COST |
| IN-HOUSE MESSENGER | $5.00 PER ROUND-TRIP |
| LONG DISTANCE TELEPHONE | ACTUAL INVOICE COST |
| OUTSIDE PHOTOCOPYING | ACTUAL INVOICE COST |
| PHOTOCOPY | $ .20 PER PAGE |
| SPECIAL POSTAGE | ACTUAL INVOICE COST |
| TELECOPY - INCOMING | $ .20 PER PAGE |
| TELECOPY - OUTGOING | $1.00 PER PAGE |

# Exhibit "D"

1  ARAM ORDUBEGIAN (State Bar No. 185142)
   ROBERT SHENFELD (State Bar No. 228181)
2  ANDY S. KONG (State Bar No. 243933)
   RICHARDSON & PATEL LLP
3  10900 Wilshire Blvd., Suite 500
   Los Angeles, California 90024
4  Telephone (310) 208-1182
   Facsimile (310) 208-1154
5
   Proposed General Insolvency Counsel
6  for Citizen Smith, LLC

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                 LOS ANGELES DIVISION

11

12  In re                          )   Bk. No.  2:08-bk-19197-SB
                                    )
13  CITIZEN SMITH LLC,              )        [Chapter 11]
                                    )
14          Debtor in Possession.   )   NOTICE OF APPLICATION OF DEBTOR
                                    )   AND DEBTOR IN POSSESSION TO
15                                  )   EMPLOY THE LAW OFFICES OF
                                    )   BARUCH C. COHEN AND RICHARDSON
16                                  )   & PATEL LLP AS GENERAL
                                    )   INSOLVENCY COUNSELS PURSUANT
17                                  )   TO 11 U.S.C. §§ 327 AND 330; F.R.B.P.
                                    )   RULES 2014(a) AND 2016; AND L.B.R.
18                                  )   2014-1(b)
                                    )
19                                  )   [NO HEARING REQUIRED
    _____)   L.B.R. 2014-1(b)]
20

21  TO:    THE HONORABLE SAMUEL BUFFORD, UNITED STATES

22         BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES

23         TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

24         **PLEASE TAKE NOTICE** that Citizen Smith LLC, the debtor and debtor in

25  possession (the "Debtor") in the above-captioned chapter 11 bankruptcy case (the

26  "Case"), has filed an *Application of Debtor and Debtor in Possession to Employ the*

27  *Law Offices of Baruch C. Cohen and Richardson & Patel LLP as General Insolvency*

28  *Counsels Pursuant to 11 U.S.C. §§ 327 and 330; F.R.B.P. Rules 2014(a) and 2016;*

h:\h\c\1751.006_EmpAppNtc.wpd
3/23/09 (12:08 pm)

1  *L.B.R. 2014-1(b)* (the "Application") pursuant to which, Debtor seeks to employ the

2  Law Offices of Brauch C. Cohen, a Professional Law Corporation (the "Cohen Firm")

3  as its general insolvency counsel effective from November 7, 2008 to December 14,

4  2008 and Richardson & Patel, LLP ("R&P") as its general insolvency counsel effective

5  as of December 15, 2008 going forward.

6  **PLEASE TAKE FURTHER NOTICE** that a copy of the Application,

7  together with all supporting declarations and exhibits, may be obtained, after

8  written request, from:

9        Andy S. Kong, Esq.
         Richardson & Patel LLP
10       10900 Wilshire Blvd., Suite 500
         Los Angeles, California  90024
11       Telephone (310) 208-1182
         Facsimile (310) 208-1154
12       email: akong@richardsonpatel.com

13  **PLEASE TAKE FURTHER NOTICE** that the relief requested in the

14  Application is based on this Notice, the Application and all declarations submitted in

15  support thereof as well as the record in this Case, the statements, argument and

16  representation of counsel to be made at a hearing on the Application, if any, and any

17  other evidence properly presented to the Court.

18  **PLEASE TAKE FURTHER NOTICE** that the Cohen Firm and R&P will

19  seek compensation for the services rendered to the Debtor pursuant to 11 U.S.C. §

20  330.

21  **PLEASE TAKE FURTHER NOTICE** that pursuant to L.B.R. 2014-

22  1(b)(3)(E), any party asserting an objection or other response to the Application

23  and/or wishing to request a hearing on the Application, must make such objection,

24  response or request in the form required by Local Bankruptcy Rule 9013-1(g)(1) and

25  file same with the Clerk of the Bankruptcy Court and serve such objection, response

26  or request for a hearing upon the Debtor, Citizen Smith, LLC Attention: Patrick L.

27  Johnston, 1600 N. Cahuenga Blvd., Los Angeles, CA 90028; upon Richardson & Patel

28  LLP, Attention: Andy S. Kong at the above address; and upon the United States

h:\h\c\1751.006_EmpAppNtc.wpd
3/23/09 (12:08 pm)

-2-

**21**

1    Trustee, 725 S. Figueroa Street, Suite 2600, Los Angeles, California 90017, no later

2    than fifteen (15) days from the date of service of this Notice.

3       **PLEASE TAKE FURTHER NOTICE** that failure to file and serve an

4    objection, response or request for hearing within the fifteen (15) day period may be

5    deemed by the Court to be consent to the relief requested herein.

6

7    DATED: March _23_, 2009       RICHARDSON & PATEL LLP

8

9       By _____

10          ANDY S. KONG
         Proposed General Insolvency Counsel for
11          Debtor and Debtor in Possession, Citizen
         Smith, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

h:\h\c\1751.006_EmpAppNtc.wpd
3/23/09 (12:08 pm)

| In re: Citizen Smith, LLC, | | CHAPTER 11 |
| | Debtor(s). | CASE NUMBER 2:08-bk-19197-SB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Richardson & Patel, LLP, 10900 Wilshire Blvd., Ste. 500, Los Angeles, CA 90024

The foregoing document described <u>NOTICE OF APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY THE LAW OFFICES OF BARUCH C. COHEN AND RICHARDSON & PATEL LLP AS GENERAL INSOLVENCY COUNSELS PURSUANT TO 11 U.S.C. §§ 327 AND 330; F.R.B.P. RULES 2014(a) AND 2016; AND L.B.R. 2014-1(b)</u>will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>March 23, 2009</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below

Alan F Broidy
sherrie@alanbroidy.com
afbroidy@ix.netcom.com

Russell Clementson
russell.clementson@usdoj.gov

Isaac M Gabriel
igabriel@quarles.com

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On <u>March 23, 2009</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

<u>U.S. MAIL</u>
Former Counsel for Debtor
Baruch C. Cohen
Law Office of Baruch C. Cohen
4929 Wilshire Boulevard #940
Los Angeles, CA 90010

<u>U.S. MAIL</u>
U.S. Bankruptcy Court
Honorable Samuel L. Bufford
255 East Temple Street, # 1582
Los Angeles, CA 90012

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 23, 2009 | SIMONA FILIP | |
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                          **F 9013-3.1**

**23**

ADDITIONAL SERVICE INFORMATION (if needed):

I.    SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):

Daniel H Gill
ecf@ebg-law.com, dgill@ebg-law.com

Steven T Gubner
sgubner@ebg-law.com, ecf@ebg-law.com

Mark S Horoupian
mhoroupian@sulmeyerlaw.com

David S Kupetz
dkupetz@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com

Ian Landsberg
ilandsberg@mcguirewoods.com

Cindy S Park
Cindy.Park@irscounsel.treas.gov

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Steven F. Werth
swerth@sulmeyerlaw.com

II.    SERVED BY U.S. MAIL:

Citizen Smith LLC
1600 and 1602 N. Cahuenga Boulevard
Hollywood, CA 90028

REQUEST FOR SPECIAL NOTICE

Attorneys for Rewards Network Establishment Services Inc.
Jason D. Curry, Esq.
Quarles & Brady LLP
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391

Attorneys for HMC and David Gajda and Andrew Belchic
Mark Fingerman
Michael Slatz
Jacobson, Russell, Slatz & Fingermann
10866 Wilshire Boulevard #1550
Los Angeles, CA 90024

Attorneys for SWS Judgment File
Ray Garwacki
Garwacki & Associates
5111 Dahlia Drive
Los Angeles, CA 90041

Attorneys for Creditor,
California Air Conditioning Systems, Inc.
Henry B. LaTorraca
Law Office of Henry B. La Torraca
Union Bank of California Building
400 Oceangate #700
Long Beach, CA 90802-4306

Former Attorney for Hollywood Media Center. LLC
David M. Poitras
Jeffer Mangels butler & Marmaro LLP
1900 Avenue of the Stars 7th Floor
Los Angeles, CA 90067

Attorneys for Premier Meat Company
Wayne Distribution Center and Chasin Foods
Gary S. Sherman
Sherman and Glenn
21112 Ventura Blvd
Woodland Hills, CA, 91364-2103

Attorneys for Madeline & Daniel Catullo
Ronald Slates
Law Offices of Ronald Slates
523 West Sixth Street #502
Los Angeles, CA 90014

## CREDITORS

All Spirits Inc.
2005 Pinehurst Road
Los Angeles, CA 90068

Avco Gas
c/o Continental Commercial Group
317 S. Brand Boulevard
Glendale, CA 91204

Berbere World Imports
3049 S. La Cienega Boulevard
Culver City, CA 90232

Breadworks Bakery
200 Center street
El Segundo, CA 90245
Attn: Seth Silverman

Mike Brooks
4322 Cezanne Avenue
Woodland Hills, CA 91364

California Air Conditioning Systems, Inc.
25217 Narvonne Avenue
Lomita, CA 90717

Digital Installer Inc.
c/o Eathan & Associates
8000 N. Causeway Bouleard 3rd Floor
Mandeville, LA 70448

Hugh Duff Mitchell DueRetle
428 S. Occidental Blvd. #4
Los Angeles, CA 90057

Employment Development Department
P.O. Box 426879
San Francisco, CA 94142

Eversoft Inc.
707 West 16th Street
Long Beach, California 90813
Attn: Matt Burrows

Franchise Tax Board
Attn: Bankruptcy
P.O. Box 2952
Sacramento, CA 95812

G&E Welding Inc.
7261 Hinds Avenue
North Hollywood, CA 91605

Goldberg & Solovy
c/o Spiwak & Iezza
2660 Townsgate Road #530
Westlake Village, CA 91361

Internal Revenue Service
300 N. Los Angeles Street
Room 4062, Stop 5022
Los Angeles, CA 90012

Ian Lawes & Associates
1042 S. Orange Drive
Los Angeles, CA 90014

Jennings, Steine & Co.
12100 Wilshire Boulevard #400
Los Angeles, CA 90025

Patrick L. Johnston
216 Agate Avenue
Newport Beach, CA 92662

Scott Kamalski
100 S. Sunrise Way #805
Palm Springs, CA 92262

LA Party Rents
13520 Saticoy Street
Panorama City, CA 91402

Los Angeles City Clerk
P.O. Box 53200
Los Angeles, CA 90053-0200

Los Angeles County Tax Collector
Bankruptcy Unit
2615 S. Grand Avenue
Los Angeles, CA 90007

Roger A. S. Manlin
4646 Kingswell Avenue #158
Los Angeles, CA 90027

Monster.com
c/o Fidelity National
2421 North Glassell Street
Orange, CA 92865

National Commercial Recovery Inc.
Glenn A Besnyl
750 N. Diamond Bar Boulevard #104
Diamond Bar, CA 91765-1023

Jordan Ostrow
P.O. Box 3314
Beverly Hills, CA 90212

Kenneth G. Johnson
Jones Clifford
100 Van Ness Avenue 19th Floor
San Francisco, CA 94102

Patrick Johnson
216 Agarte Avenue
Newport Beach, CA 92662

Paja Management
Attn: James Sinclair
6605 Hollywood Boulevard #100
Los Angeles, CA 90028

Republic Master Chef Linens
1664 West Washington Blvd.
Los Angeles, CA 90007
Attn: Manny

Securities & Exchange Commission
5670 Wilshire Boulevard 11th Floor
Los Angeles, CA 90036

Thomas Schoos Design Inc.
8271 Santa Monica Boulevard
Los Angeles, CA 90046-5956

Lauren Siegman
6149 W. 6th Street
Los Angeles, CA 90048-4801

VJ Glass, Mirror LLC
416 S. Victory Boulevard
Burbank, CA 91502

Waste Management
P.O. Box 72825
Phoenix, AZ 85062

Wells Fargo
c/o Enhanced Recovery
P.O. Box 1967
Southgate, MI 48195

# Exhibit "E"

29

ORIGINAL

Baruch C. Cohen, Esq. (SBN 159455)
LAW OFFICE OF BARUCH C. COHEN
A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501 Fax (323) 937-4503
email: BCC4929@aol.com

*Attorney For Citizen Smith, LLC*

FILED
NOV 21 2008
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re

CITIZEN SMITH, LLC

Debtor.

Case No. 2:08-bk-19197-SB
Assigned to the Honorable Samuel Bufford
Chapter 11

**APPLICATION OF DEBTOR AND DEBTORS IN POSSESSION TO EMPLOY LAW OFFICE OF BARUCH C. COHEN, A PROFESSIONAL LAW CORPORATION AS BANKRUPTCY COUNSEL; DECLARATION OF BARUCH C. COHEN, ESQ. IN SUPPORT THEREOF**

[No Hearing Required - Local Bankruptcy Rule 2014-1(b)]

TO THE HONORABLE SAMUEL BUFFORD, UNITED STATES BANKRUPTCY JUDGE AND THE OFFICE OF THE UNITED STATES TRUSTEE:

CITIZEN SMITH, LLC ("CITIZEN SMITH") Chapter 11 debtor and debtor in possession herein (collectively, the "Debtor"), hereby submits this application (the "Application") for Court approval of their employment of LAW OFFICE OF BARUCH C. COHEN, A PROFESSIONAL LAW CORPORATION (The "Firm") as bankruptcy counsel upon the terms and conditions described below. In support of this Application, the Debtor respectfully represents as follows:

A. CASE BACKGROUND

1    The Debtor CITIZEN SMITH operates a popular and successful Hollywood restaurant

2  and bar under the name "Citizen Smith" at 1602 Cahuenga Boulevard (hereinafter referred to as

3  "the premises"). CITIZEN SMITH leases the premises under the terms of a Commercial

4  Property Lease dated February 1, 2004, between CITIZEN SMITH as lessee and Hollywood

5  Media Center, LLC (hereinafter referred to as "HMC") and David Gajda (hereinafter referred

6  to as "GAJDA") as lessor. The term of the lease is for a period of ten years from February 1,

7  2004, with two successive five-year option periods to renew. That Lease was originally

8  executed on behalf of CITIZEN SMITH by its then-sole manager and member, Andrew Belchic

9  (hereinafter referred to as "BELCHIC"). BELCHIC thereafter sold CITIZEN SMITH to Dan

10  Catullo (hereinafter referred to as "CATULLO") in 2007, and resigned as its manager.

11    On July 25, 2008, this bankruptcy action was commenced by the filing of an involuntary

12  petition. Debtor has remained in possession of its assets, and has been operating its business as

13  a debtor and debtor in possession pursuant to Sections §§ 1107and 1108 of the Bankruptcy

14  Code.

15    On October 28, 2008, CITIZEN SMITH LLC., orally stipulated for relief. The Order

16  for Relief was signed and entered on November 7, 2008 (the "Petition Date").

17    The Debtor's business office is located at 1600 North Cahuenga Boulevard, Los

18  Angeles, CA 90028.

19  B.    THE EMPLOYMENT OF THE DEBTOR

20    As debtor in Chapter 11 bankruptcy cases, the Debtor requires the services of

21  bankruptcy counsel. The Debtor has decided that the Firm is the ideal bankruptcy counsel to

22  represent the Debtor taking into account firm size, experience, skill level and cost. In that

23  regard, the Debtor seeks to employ the Firm as its bankruptcy counsel, at the expense of the

24  Debtor's bankruptcy estates, and to have the Debtor's employment of the Firm be deemed

25  effective as of the Petition Date.

26  8.    The Debtor seeks to employ the Firm as its bankruptcy counsel to render, among others,

27  the following types of professional services:

28    a.    advising the Debtor with regard to the requirements of the Bankruptcy Court,

F:\DOCS\CITIZEN-SMITH\EMPLOYMENT-2.APL..wpd    2
11/20-10:19am

1  Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee as they pertain

2  to the Debtor;

3          b.      advising the Debtor with regard to certain rights and remedies of its bankruptcy

4  estates and the rights, claims and interests of creditors;

5          c.      representing the Debtors in any proceeding or hearing in the Bankruptcy Court

6  involving its estates unless the Debtors is represented in such proceeding or hearing by other

7  special counsel;

8          d.      conducting examinations of witnesses, claimants or adverse parties and

9  representing the Debtor in any adversary proceeding except to the extent that any such

10  adversary proceeding is in an area outside of the Firm's expertise or which is beyond the Firm's

11  staffing capabilities;

12          e.      preparing and assisting the Debtor in the preparation of reports, applications,

13  pleadings and orders including, but not limited to, applications to employ professionals, interim

14  statements and operating reports, initial filing requirements, schedules and statement of financial

15  affairs, lease pleadings, cash collateral pleadings, financing pleadings, and pleadings with

16  respect to the Debtor's use, sale or lease of property outside the ordinary course of business;

17          f.      representing the Debtor with regard to obtaining use of debtor in possession

18  financing and/or cash collateral including, but not limited to, negotiating and seeking

19  Bankruptcy Court approval of any debtor in possession financing and/or cash collateral pleading

20  or stipulation and preparing any pleadings relating to obtaining use of debtor in possession

21  financing and/or cash collateral;

22          g.      assisting the Debtor in the negotiation, formulation, preparation and confirmation

23  of a plan of reorganization and the preparation and approval of a disclosure statement in respect

24  of the plan; and

25          h.      performing any other services which may be appropriate in the Firm's

26  representation of the Debtor during their bankruptcy cases.

27  9.      The Firm is comprised of attorneys who specialize in and limit their practice to matters

28  of insolvency, reorganization and bankruptcy law and is well qualified to represent the Debtor.

F:\DOCS\CITIZEN-SMITH\EMPLOYMENT-2.APL.wpd          3
11/20-10:19am

1  The Firm is a member in good standing and eligible to practice before the following courts:

2  California State Supreme Court; US Court of Appeals - Ninth Circuit; Bankruptcy Appellate

3  Panel; United States District Courts: Central District of CA; Eastern District of CA; Northern

4  District of CA; & Southern District of CA. Baruch C. Cohen is the principal shareholder and

5  President of The Law Office of Baruch C. Cohen, a Professional Law Corporation, located at

6  4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010. A copy of the Firm's

7  resume is attached as Exhibit "A" to the Declaration of Baruch Cohen, Esq. (the "Cohen

8  Declaration") annexed hereto.

9  10.    As of the Petition Date, the Firm will bill its time for its representation of the Debtor on

10  an hourly basis in accordance with the Firm's standard hourly billing rates at $350.00 an hour.

11  The Firm will seek reimbursement of expenses in accordance with the rates set forth in the

12  guidelines promulgated by the Office of the United States Trustee.  Attorney Baruch Cohen will

13  be the primary attorney responsible for the representation of the Debtor during its Chapter 11

14  cases.

15  11.    Because the Firm's bankruptcy litigation practice is limited to matters of bankruptcy,

16  insolvency, reorganization law, and business litigation, the services provided by the Firm do not

17  include the rendition of substantive legal advice outside of these areas such as corporate, tax,

18  securities, tort, environmental, labor, criminal, real estate law or real estate litigation.  The

19  Firm will not be required to represent or advise the Debtor in matters which the Firm believes

20  are beyond the Firm's expertise such as the areas of law just described.  In addition, The Firm

21  will not be required to represent the Debtor in matters where The Firm determines that it lacks

22  the ability to staff the matter adequately, such as in certain, major complex litigation.

23  12.    During the one-year period prior to the November 7, 2008 "Petition Date" the Debtor

24  paid the total sum of approximately $82,500.00[1] (the "Retainer") to the Firm for legal services

25

26  [1]Payments to the Firm
    July 2, 2008:        $15,000.00    James Sinclair
    July 3, 2008:        $24,000.00    James Sinclair
27  August 12, 2008:     $11,000.00    Citizen Smith
    September 15, 2008:  $3,500.00     Citizen Smith
28  September 23, 2008:  $4,000.00     Citizen Smith

H:\DOCS\CITIZEN-SMITH\EMPLOYMENT-2.APL.wpd          4
11/20-10:19am

**31**

1  in contemplation of and in connection with the Debtor's involuntary bankruptcy(and ultimately

2  this Chapter 11 case). The source of the Retainer was the Debtor' funds and the personal funds

3  of the Debtor's operator, Mr. James Sinclair. .

4  13.    The Firm negotiated the amount of the Retainer with the Debtor based upon a number of

5  factors including, but not limited to, the size and complexity of the Debtor's case, the time that

6  the Firm expected to and actually put forth in the Debtor' case, the limited amount of funds the

7  Debtor had at the time of its involuntary, and the expected availability of funds to pay the

8  Firm's fees and expenses incurred in excess of the Retainer

9  14.    The Firm has not been paid any money by the Debtor at any time prior to the November

10  7, 2008 Petition Date other than the Retainer. Since then, the Firm has received approximately

11  $15,000.00 from the Debtor. The Firm has not received any lien or other interest in property of

12  the Debtor or of a third party to secure payment of the Firm's fees or expenses.

13  15.    The post November 7, 2008 Petition Date Retainer will be maintained in a segregated

14  trust account. The Firm requests Court authority to draw down against the Post-Petition

15  Retainer for all fees and expenses incurred during the Debtor's Chapter 11 cases.

16  16.    In addition to the Post-Petition Retainer, The Firm will seek Court authority to be paid

17  from the Debtor's estates for any and all fees incurred and expenses advanced by the Firm in

18  excess of the Post-Petition Retainer. The Firm recognizes that the payment of any such

19  additional fees and expenses will be subject to further Court order after notice and a hearing.

20  17.    The Firm has not shared or agreed to share its compensation for representing the Debtor

21  with any other person or entity, except among its members.

22

23

24

25  September 24, 2008:  $1,500.00    Citizen Smith
    September 26, 2008:  $1,500.00    Citizen Smith
    September 30, 2008:  $2,000.00    Citizen Smith
26  October 7, 2008:     $5,000.00    Citizen Smith
    October 15, 2008:    $5,000.00    Citizen Smith
27  October 21, 2008:    $5,000.00    Citizen Smith
    October 29, 2008:    $5,000.00    Citizen Smith
28  Total                $82,500.00

F:\DOCS\CITIZEN-SMITH\EMPLOYMENT-2.APL.wpd                5
11/20-10:19am

18.    The Firm will continue to provide monthly billing statements to the Debtor that will set forth the amount of fees incurred and expenses advanced by the Firm during the previous month.

19.    The Firm understands the provisions of 11 U.S.C. Sections 327, 330 and 331 which require, among other things, Court approval of the Debtor's employment of The Firm as bankruptcy counsel and of all legal fees and reimbursement of expenses that the Firm will receive from the Debtor and the Debtor's estates.

20.    The Firm is not a creditor, an equity security holder or an insider of the Debtor.

21.    The Firm does not have any connection with any insider of the Debtor or any insider of an insider of the Debtor.

22.    The Firm is not and was not an investment banker for any outstanding security of the Debtor.  The Firm has not been within three years before the Petition Date an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

23.    Neither The Firm nor any member of The Firm is, nor was, within two years before the Petition Date, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

24.    As set forth in the annexed Cohen Declaration, to the best of the Firm's knowledge, the Firm does not hold or represent any interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

25.    As set forth in the annexed Cohen Declaration, to the best of the Firm's knowledge, the Firm does not hold or represent any interest materially adverse to the Debtor or the Debtor' estates, and the Firm is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.  Also, to the best of the Firm's knowledge, the Firm has no prior connection with the Debtor, any creditors of the Debtor or their estates, or any other party in interest in

F:\DOCS\CITIZEN-SMITH\EMPLOYMENT-2.APL.wpd
11/20-10:19am

6

33

1   these cases, or their respective attorneys or accountants, the United States Trustee or any person

2   employed by the United States Trustee.

3   26.     The Debtor believe that its employment of the Firm upon the terms and conditions set

4   forth above is in the best interest of the Debtor's estate.

5   27.     A true and correct copy of the Notice of this Application, which was filed and served in

6   accordance with Local Bankruptcy Rule 2014-1(b)(2), is attached as an Exhibit to the Cohen

7   Declaration annexed hereto.

8       **WHEREFORE**, the Debtor respectfully request that the Court approve the Debtor's

9   employment of the Firm as its bankruptcy counsel upon the terms and conditions set forth

10   above.

11   DATED: November 20, 2008        CITIZEN SMITH, LLC

12                            By _____

13                            James D. Sinclair
                           Operator for Citizen Smith, LLC

14

15   Submitted By

16   DATED: November 20, 2008        LAW OFFICE OF BARUCH C. COHEN
                                  A Professional Law Corporation

17

18                            By _____
                           Baruch C. Cohen, Esq.

19                            *Attorney For Citizen Smith, LLC*

20

21

22

23

24

25

26

27

28

F:\DOCS\CITIZEN-SMITH\EMPLOYMENT-2.APL.wpd
11/20-12:07am               7

DECLARATION OF BARUCH C. COHEN

I, BARUCH C. COHEN, declare and state as follows:

1.     The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2.     I am a member in good standing and eligible to practice before the following courts: California State Supreme Court; US Court of Appeals - Ninth Circuit; Bankruptcy Appellate Panel; United States District Courts: Central District of CA; Eastern District of CA; Northern District of CA; & Southern District of CA.

3.     I am the principal shareholder and President of The Law Office of Baruch C. Cohen, a Professional Law Corporation, located at 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

4.     I represent Debtor, Citizen Smith, LLC (hereinafter referred to as "CITIZEN SMITH") herein.

5.     CITIZEN SMITH operates a popular and successful Hollywood restaurant and bar under the name "Citizen Smith" at 1602 Cahuenga Boulevard (hereinafter referred to as "the premises"). CITIZEN SMITH leases the premises under the terms of a Commercial Property Lease dated February 1, 2004, between CITIZEN SMITH as lessee and Hollywood Media Center, LLC (hereinafter referred to as "HMC") and David Gajda (hereinafter referred to as "GAJDA") as lessor. The term of the lease is for a period of ten years from February 1, 2004, with two successive five-year option periods to renew. That Lease was originally executed on behalf of CITIZEN SMITH by its then-sole manager and member, Andrew Belchic (hereinafter referred to as "BELCHIC"). BELCHIC thereafter sold CITIZEN SMITH to Dan Catullo (hereinafter referred to as "CATULLO") in 2007, and resigned as its manager.

6.     On July 25, 2008, this bankruptcy action was commenced by the filing of an involuntary petition. Debtor has remained in possession of its assets, and has been operating its business as a debtor and debtor in possession pursuant to Sections §§ 1107and 1108 of the Bankruptcy Code.

From: Baruch C. Cohen, Esq.
November 19, 2008
Page 2

בס"ד

Various Equity & Creditor Committees. Analyzed, negotiated & resolved millions of dollars of proofs of claims filed against Maxicare Health Plans, Inc.

**EVANS DUMAS & TARON**, Los Angeles, California. Bankruptcy Law Clerk, Summer-Fall 1989. Clerked for Active Chapter 7 Interim Panel and Non-Panel Trustees.

**SALTZBURG RAY & BERGMAN**, Westwood, California. Bankruptcy Law Clerk, Summer 1987.

**UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA**, Judicial Extern for the Honorable Barry Russell, Fall 1986.

**UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA**, Judicial Extern for the Honorable James Dooley, Summer 1986.

**LAW SCHOOL EXAMINATION WORKSHOP**, Los Angeles, CA. Founder & President. Workshop tutorials for law school students in exam preparation

## EDUCATION:

**SOUTHWESTERN UNIVERSITY SCHOOL OF LAW**, Los Angeles, California. Juris Doctor, May 1989, Multi-State Professional Responsibility Exam, August 1986, LEXIS & WESTLAW Trained, Moot Court Participant.

**YESHIVAT AHAVAT TORAH V'CHESED**, Toronto, Canada. Rabbinic Ordination, Rav U'Manhig, April 1986

**ADELPHI UNIVERSITY**, Long Island, New York, Bachelor of Science, May 1985, Dean's List, Spring 1983 and Spring 1982.

**RABBINICAL SEMINARY OF AMERICA**, Jerusalem & New York. Bachelor of Talmudic Literature, January 1985. Talmud, Mishnah, Bible & Codes

## PROFESSIONAL AND CIVIC AFFILIATIONS:

Agudath Israel of California Commission on Legislation and Civic Action. American Israel Public Affairs Committee (AIPAC). Bnai Akivah. Brooklyn Center for Holocaust Studies. Cardoza Society: Jewish National Fund Lawyers' Forum. Congregation Kehilas Yaakov. Congregation Mogen Avrohom. Congregation Shaarei Tefilah. Congregation Etz Chaim of Hancock Park, Financial Lawyers' Conference of the Commercial Law and Bankruptcy Section of the Los Angeles County Bar

From: Baruch C. Cohen, Esq.
November 19, 2008
Page 3

בס״ד

Association. Institute For Jewish Medical Ethics. International Association of Jewish
Lawyers & Jurists. Los Angeles Bankruptcy Forum. National Council of Young Israel.
National Council of Synagogue Youth. National Institute for Jewish Contemporary
Law. National Jewish Commission on Law and Public Affairs (COLPA). Second
Generation Holocaust Survivors. Simon Wiesenthal Center for Holocaust Studies.
Union of Orthodox Rabbis. West Coast Alumni of the Rabbinical Seminary of
America. Yeshiva Toras Emes Academy. Young Israel of Hancock Park

## HONORARIUMS:

Recipient of Bet Tzedek Legal Services, Pro Bono Award, June 1996

Recipient of Yeshivat Ohr Eliyahu Academy's prestigious "Torah Im Derech Eretz
Award," May 6, 1996.

Recipient of Los Angeles City Council Resolution, February 8, 1989

Received Jewish Education Program, 1985 Leadership Award

## LICENSE:

Notary Public of the State of California, Commission expired      6-13-95

## PUBLICATIONS:

CLOSING THE BOOK; USE EICHMANN MEMOIR TO CONDEMN, NOT
ENSHRINE, NAZISM, The Los Angeles Daily Journal, Friday September 3, 1999

SETTING PROPHET MARGINS, Los Angeles Times, Monday April 6, 1998,
Business Part D2, Page 12

ZONED OUT: REGULATING A COMMUNITY SYNAGOGUE MUST MEET
CRITICAL NEXUS, Los Angeles Daily Journal, Wednesday January 8, 1997, p6.

BEYOND BELIEF: JUDGES INSENSITIVE ORDER LEFT WITNESS WITH A
HARD CHOICE, Los Angeles Daily Journal, Tuesday November 12, 1996, p6.

BANKRUPTCY FILING IN CASE OF ISRAELI BANK, New York Times, Saturday
June 15, 1996

BANK DIRECTOR'S BANKRUPTCY FILING SPOTLIGHTS RISKS, Los Angeles
Times, Saturday June 15, 1996

From: Baruch C. Cohen, Esq.
November 19, 2008
Page 4

בס״ד

HONORED ATTORNEY IS RICH WITH VALUES, Heritage Southwest Jewish
Press, May 3, 1995

PSEUDO-RELIGIOUS HOLIDAYS: RULING UPHOLDS BIAS CLAIM IS A
DISSERVICE TO JEWS, The Los Angeles Daily Journal, Vol. 106, No. 235,
November 23, 1995

BANKRUPTCY LAWYER OFFERS FREE ADVICE, Los Angeles Daily Commerce,
Lead Story, Vol. 79, No. 18, January 27, 1995.

RABBI HELPS BAIL OUT FORECLOSURE VICTIMS, Los Angeles Daily
Commerce, Success Stories, Vol. 77, No. 194, October 8, 1993.

DEBT CRUSADER HELPS LOCALS OUT OF RED, Park La Brea News, Vol. 47,
No. 37, September 15, 1994

FINANCIAL CONCERNS ADDRESSED, The Santa Monica Outlook, 1-26, 1994.

BANKRUPTCY JUDGES PONDER WHETHER HEAVEN CAN WAIT. Quoted in
the Wall Street Journal, Wednesday, November 27, 1991.

MAY A DEBTOR TITHE WITH CREDITORS' FUNDS? Cited in West's Bankruptcy
Reporter, 131 B.R. No.3, Pages 509-754, November 6, 1991, West's Bankruptcy
Newsletter, Bankruptcy Bibliography, p.14. Article appeared in the Los Angeles Daily
Journal, Friday, October 11, 1991 and San Francisco Daily Journal, Friday, October
11, 1991.

THERE'S NOTHING KOSHER ABOUT FIXING THE PRICE OF MATZO.
Los Angeles Daily Journal, Tuesday, June 11, 1991
San Francisco Daily Journal, Tuesday, June 11, 1991

DISCIPLINARY RULES ARE ROUGHLY CONSISTENT WITH HALACHA
The Los Angeles Daily Journal, Thursday, April 18, 1991

ANCIENT JEWISH LAW BRINGS BAR, BENCH TOGETHER FOR STUDY
GROUP Quoted in the San Francisco Daily Journal, Thursday, November 23, 1990

LAWYERS, JUDGES DRAWN TO EXAMINE JEWISH LAW. Quoted in the
Los Angeles Daily Journal, Monday, November 5, 1990

BEVERLY HILLS AND CENTURY CITY BUSINESS PROFESSIONALS DEBATE
TALMUDIC LAW Beverly Hills Business, November 1990, Vol. One, Number 2

From: Baruch C. Cohen, Esq.
November 19, 2008
Page 5

בס״ד

THE ETHICS OF USING MEDICAL DATA FROM NAZI EXPERIMENTS. 2nd
storyline of "L.A. LAW" (20th Century Fox Film Corp) episode # 8L15, entitled
"Great Balls A'Fire" (aired 3/11/92). Submitted at the Third Annual Avner Israeli
Memorial International Conference on Jewish Medical Ethics, San Francisco,
California, February 14-17, 1992. Journal of Halacha and Contemporary Society,
Number XIX, Spring 1990 The Southwestern Commentator, Spring 1989. Midstream
Magazine, Volume XXXV, Number 5, June-July 1989

## PROOF OF SERVICE

I, Baruch C. Cohen, declare as follows:

I am, and was at all times herein mentioned, a citizen of the United States, a resident of the County of Los Angeles, State of California, over the age of 18 years and not a party to this action or proceeding. My business address is 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

Upon this day, I served the within **APPLICATION OF DEBTOR AND DEBTORS IN POSSESSION TO EMPLOY LAW OFFICE OF BARUCH C. COHEN, A PROFESSIONAL LAW CORPORATION AS BANKRUPTCY COUNSEL; DECLARATION OF BARUCH C. COHEN, ESQ. IN SUPPORT THEREOF** on all interested parties in this action through their attorneys of record by placing a true and correct copy thereof, addressed as per the attached service list.

_X_  **VIA FIRST CLASS MAIL** [C.C.P. §§ 1012a, et seq., & Local Bankruptcy Rule 7004-1(2)(b)]. I deposited said document(s) into the United States mail at Los Angeles, California, in a sealed envelope with postage fully prepaid. My practice is to collect and process mail on the same day as shown on this declaration. Under that practice, all correspondence is deposited with the US Postal Service on the same day that it is placed for collection and processing, in the ordinary course of business.

____  **VIA HAND DELIVERY/PERSONAL SERVICE** (C.C.P. §§ 1001, et seq., & Local Bankruptcy Rule 7004-1(2)(c)]. I directed a courier to personally deliver said document(s) to each addressee.

____  **VIA FEDERAL EXPRESS/OVERNIGHT/NEXT BUSINESS DAY DELIVERY SERVICE** (C.C.P. §§ 1011, 1012, & Local Bankruptcy Rule 7004-1(2)(d)]. I enveloped, properly labeled, and caused to be deposited into a Federal Express pick-up receptacle as per the regular practice of my office.

____  **VIA FACSIMILE** (C.C.P. §§ 1012.5, & Local Bankruptcy Rule 7004-1(2)(e)]. I caused the said document(s) to be transmitted by SACsimile machine to the number indicated after the address(es) noted herein. I received written confirmation that the SACsimile transmission was received by the addressee.

I declare that I am a member of the State Bar of this Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Los Angeles, California on November 20, 2008

Baruch C. Cohen

F:\DOCS\CITIZEN-SMITH\EMPLOYMENT-2.APL.wpd
11/20-10:22am

14

**40**

<u>SERVICE LIST</u>

<u>OUST</u>
Bruce S. Schildkraut, Esq.
Office of the United States Trustee
725 South Figueroa Street, Suite 2600
Los Angeles, CA 90017

<u>COUNSEL FOR HMC AND DAVID GAJDA AND ANDREW BELCHIC</u>
*<u>Via Facsimile Transmission: 310/446-9909</u>*
Mark Fingerman, Esq.,
Michael Slatz, Esq.
Jacobson, Russell, Saltz & Fingermann
10866 Wilshire Blvd., Suite 1550
Los Angeles, CA 90024

*<u>Via Facsimile Transmission: 213/629-4520</u>*
David S. Kupetz, Esq.
SulmeyerKupetz, APC
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, CA 90071

<u>REQUEST FOR SPECIAL NOTICE</u>
Henry B. LaTorraca, Esq.
Law Office of Henry B. LaTorraca
Union Bank of California Building
400 Oceangate, Suite 700
Long Beach, CA 90802-4306

<u>REQUEST FOR SPECIAL NOTICE</u>
*<u>Via Facsimile Transmission: 818-705-3777</u>*
Ian Landsberg, Esq.
Landsberg Margulies LLP
16030 Ventura Blvd Ste 470
Encino, CA 91436

*<u>Via Facsimile Transmission: 213-624-7536</u>*
Ronald Slates, Esq.
523 West Sixth Street, Suite 502
Los Angeles, CA 90014-1225

<u>20 LARGEST CREDITORS</u>

IRS
300 N. Los Angeles, RM 4062
Stop 5022
Los Angeles, CA 90012

Paja Management
6605 Hollywood Blvd, Suite 100
Los Angeles, CA 90028

Employment Development Department
PO Box 426879
San Francisco, CA 94142

F:\DOCS\CITIZEN-SMITH\EMPLOYMENT-2.APL.wpd
11/20-10:22am

15

1   Patrick Johnson
    216 Agarte Avenue
2   Newport Beach, CA 92662

3   Berbere World Imports
    3049 S. La Cienega Blvd
4   Culver City, CA 90232

5   SWS Judgement File
    c/o Ray Garwacki
6   5111 Dahlia Drive
    Los Angeles, CA 90041
7
    California Air Conditioning
8

9   Ian Iawes & Associates
    1042 S. Orange Drive
10  Los Angeles, CA90014

11  Goldberg & Solovy
    c/o Spiwak & Iezza
12  2660 Townsgate Rd, #530
    Westlake Village, CA 91361
13
    Premier Meat Company
14  Wayne Distribution Center
    c/o Gary Sherman
15  21112 Ventura Blvd

16  Waste Management
    PO Box 72825
17  Phoenix, AZ 85062

18  Digital Installer Inc
    c/o Ethan & Associates
19  800 N. Causeway Blvd. 3rd Floor
    Mandeville, LA 70448
20
    Avco Gas
21  c/o Continental Commercial Group
    317 S. Brand Blvd
22  Glendale, CA 91204

23  LA Party Rents
    13520 Saticoy St.
24  Van Nuys
    Panorama City, CA 91402
25
    Chasin Foods Inc.
26  C/o Gary Sherman
    21112 Ventura Blvd
27  Woodland Hills, CA 91364

28

    F:\DOCS\CITIZEN-SMITH\EMPLOYMENT-2.APL.wpd                    16
    11/20\10:22am

1  All Spirits Inc.
   2005 Pinehurst Road
2  Los Angeles, CA 90068

3  Monster.com
   c/o Fidelity National
4  2421 North Glassell Street
   PO Box 3051
5
   Well Fargo
6  c/o Enhanced Recovery
   PO Box 1967
7  Southgate, MI 48195

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

F:\DOCS\CITIZEN-SMITH\EMPLOYMENT-2.APL..wpd        17
11/20-10:22am

1  Baruch C. Cohen, Esq. (SBN 159455)
   **LAW OFFICE OF BARUCH C. COHEN**
2          A Professional Law Corporation
   4929 Wilshire Boulevard, Suite 940
3  Los Angeles, California 90010
   (323) 937-4501      Fax (323) 937-4503
4  email: BCC4929@aol.com

5  *Attorney For Citizen Smith, LLC*

6

7                 UNITED STATES BANKRUPTCY COURT

8                  CENTRAL DISTRICT OF CALIFORNIA

9                       LOS ANGELES DIVISION

10 | In re                          | Case No. 2:08-bk-19197-SB
                                     | Assigned to the Honorable Samuel Bufford
11 | **CITIZEN SMITH, LLC**         | Chapter 11

12 |          Debtor.

13 |                                 | **NOTICE OF APPLICATION OF DEBTOR
                                     | AND DEBTORS IN POSSESSION TO
14 |                                 | EMPLOY LAW OFFICE OF BARUCH C.
                                     | COHEN, A PROFESSIONAL LAW
15 |                                 | CORPORATION AS BANKRUPTCY
                                     | COUNSEL**
16 |
                                     | [No Hearing Required –  Local Bankruptcy Rule
17 |                                 | 2014-1(b)]
18 |                                 | *[No Hearing Required]*

19      TO THE HONORABLE SAMUEL BUFFORD, UNITED STATES BANKRUPTCY

20 JUDGE AND THE OFFICE OF THE UNITED STATES TRUSTEE:

21      CITIZEN SMITH, LLC ("CITIZEN SMITH") Chapter 11 debtor and debtor in

22 possession herein (collectively, the "Debtor"), hereby submitted its application (the

23 "Application") for Court approval of their employment of LAW OFFICE OF BARUCH C.

24 COHEN, A PROFESSIONAL LAW CORPORATION (The "Firm") as bankruptcy counsel

25 effective as of November 7, 2008 (the "Petition Date"), to represent the Debtor in connection

26 with its bankruptcy case upon the terms and conditions set forth in the Application. The Firm

27 will bill its time for its representation of the Debtor on an hourly basis in accordance with the

28

F:\DOCS\CITIZEN-SMITH\EMPLOYMENT-2.APL-NOTICE.wpd
11/20-10:18am

**44**

1  Firm's standard hourly billing rates, and will seek reimbursement of expenses in accordance

2  with the rates set forth in the guidelines promulgated by the Office of the United States Trustee

3  ("OUST").

4         During the one-year period prior to the November 7, 2008 "Petition Date" the Debtor

5  paid the total sum of approximately $82,500.00[1] (the "Retainer") to the Firm for legal services

6  in contemplation of and in connection with the Debtor's involuntary bankruptcy(and ultimately

7  this Chapter 11 case).  The source of the Retainer was the Debtor' funds and the personal funds

8  of the Debtor's operator, Mr. James Sinclair. The Firm has not been paid any money by the

9  Debtor at any time prior to the November 7, 2008 Petition Date other than the Retainer. Since

10  then, the Firm has received approximately $15,000.00 from the Debtor. The Firm has not

11  received any lien or other interest in property of the Debtor or of a third party to secure

12  payment of the Firm's fees or expenses. The post November 7, 2008 Petition Date Retainer will

13  be maintained in a segregated trust account.  The Firm requests Court authority to draw down

14  against the Post-Petition Retainer for all fees and expenses incurred during the Debtor's Chapter

15  11 cases. The Firm recognizes that the payment of any such additional fees and expenses will be

16  subject to further Court order after notice and a hearing.

17         The Application is based on this Notice, the Application and all pleadings filed in

18  support of the Application, the entire record of these cases, the statements, arguments and

19  representations of counsel to be made at the hearing on the Application, if any, and any other

20  evidence properly presented to the Court.

21
[1]Payments to the Firm

| July 2, 2008: | $15,000.00 | James Sinclair |
| July 3, 2008: | $24,000.00 | James Sinclair |
| August 12, 2008: | $11,000.00 | Citizen Smith |
| September 15, 2008: | $3,500.00 | Citizen Smith |
| September 23, 2008: | $4,000.00 | Citizen Smith |
| September 24, 2008: | $1,500.00 | Citizen Smith |
| September 26, 2008: | $1,500.00 | Citizen Smith |
| September 30, 2008: | $2,000.00 | Citizen Smith |
| October 7, 2008: | $5,000.00 | Citizen Smith |
| October 15, 2008: | $5,000.00 | Citizen Smith |
| October 21, 2008: | $5,000.00 | Citizen Smith |
| October 29, 2008: | $5,000.00 | Citizen Smith |
| Total | $82,500.00 | |

F:\DOCS\CITIZEN-SMITH\EMPLOYMENT-2.APL-NOTICE.wpd        2
11/20-10:18am

1    PLEASE TAKE FURTHER NOTICE that any request for a copy of the Application

2    must be made in writing to Baruch C. Cohen, Esq., LAW OFFICE OF BARUCH C. COHEN,

3    A Professional Law Corporation, 4929 Wilshire Boulevard, Suite 940, Los Angeles, California

4    90010, (323) 937-4501, Fax (323) 937-4503, email: BCC4929@aol.com.

5    PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 2014-

6    1(b)(2), any party asserting an objection to the Application and/or wishing to request a hearing

7    thereon, must, not later than fifteen (15) days from the date of service of this Notice, file a

8    written objection or request for hearing with the Clerk of the Bankruptcy Court in the form

9    required by Local Bankruptcy Rule 9013-1(a)(7), and serve such objection or request for

10    hearing on the OUST as well as proposed counsel for the Debtor whose name and address

11    appear at the top, left-hand corner of the first page of this Notice.

12    PLEASE TAKE FURTHER NOTICE that failure to file and serve an objection or

13    request for hearing within this fifteen (15) day period may be deemed by the Court to be

14    consent to the relief requested herein.

15

16    DATED: November 20, 2008           LAW OFFICE OF BARUCH C. COHEN
                                          A Professional Law Corporation
17

18                                        By _____
                                          Baruch C. Cohen, Esq.
19                                        *Attorney For Citizen Smith, LLC*

20

21

22

23

24

25

26

27

28

F:\DOCS\CITIZEN-SMITH\EMPLOYMENT-2.APL-NOTICE.wpd        3
11/20-10:18am

**46**

1

## P R O O F   O F   S E R V I C E

2          I, Baruch C. Cohen, declare as follows:

3          I am, and was at all times herein mentioned, a citizen of the United States, a resident of
the County of Los Angeles, State of California, over the age of 18 years and not a party to this
4   action or proceeding. My business address is 4929 Wilshire Boulevard, Suite 940, Los Angeles,
California 90010.

5
          Upon this day, I served the within **NOTICE OF APPLICATION OF DEBTOR AND**
6   **DEBTORS IN POSSESSION TO EMPLOY LAW OFFICE OF BARUCH C. COHEN, A**
**PROFESSIONAL LAW CORPORATION AS BANKRUPTCY COUNSEL** on all interested
7   parties in this action through their attorneys of record by placing a true and correct copy
thereof, addressed as per the attached service list.

8
    _X_    **VIA FIRST CLASS MAIL** [C.C.P. §§ 1012a, et seq., & Local Bankruptcy Rule 7004-
9          1(2)(b)]. I deposited said document(s) into the United States mail at Los Angeles,
           California, in a sealed envelope with postage fully prepaid. My practice is to collect and
10         process mail on the same day as shown on this declaration. Under that practice, all
           correspondence is deposited with the US Postal Service on the same day that it is placed
11         for collection and processing, in the ordinary course of business.

12  ____   **VIA HAND DELIVERY/PERSONAL SERVICE** (C.C.P. §§ 1001, et seq., & Local
           Bankruptcy Rule 7004-1(2)(c)]. I directed a courier to personally deliver said
13         document(s) to each addressee.

14  ____   **VIA FEDERAL EXPRESS/OVERNIGHT/NEXT BUSINESS DAY DELIVERY**
           **SERVICE** (C.C.P. §§ 1011, 1012, & Local Bankruptcy Rule 7004-1(2)(d)]. I
15         enveloped, properly labeled, and caused to be deposited into a Federal Express pick-up
           receptacle as per the regular practice of my office.
16
    ____   **VIA FACSIMILE** (C.C.P. §§ 1012.5, & Local Bankruptcy Rule 7004-1(2)(e)]. I
17         caused the said document(s) to be transmitted by SACsimile machine to the number
           indicated after the address(es) noted herein. I received written confirmation that the
18         SACsimile transmission was received by the addressee.

19         I declare that I am a member of the State Bar of this Court.

20         I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct. Executed at Los Angeles, California on November 20, 2008
21
22  _Baruch Cohen_____
Baruch C. Cohen
23

24

25

26

27

28

F:\DOCS\CITIZEN-SMITH\EMPLOYMENT-2.APL-NOTICE.wpd      4
11/20-10:18am

**47**

1

## SERVICE LIST

2

### OUST
Bruce S. Schildkraut, Esq.

3 Office of the United States Trustee
725 South Figueroa Street, Suite 2600

4 Los Angeles, CA 90017

5 ### COUNSEL FOR HMC AND DAVID GAJDA AND ANDREW BELCHIC
*Via Facsimile Transmission: 310/446-9909*

6 Mark Fingerman, Esq.,
Michael Slatz, Esq.

7 Jacobson, Russell, Saltz & Fingermann
10866 Wilshire Blvd., Suite 1550

8 Los Angeles, CA 90024

9 *Via Facsimile Transmission: 213/629-4520*
David S. Kupetz, Esq.

10 SulmeyerKupetz, APC
333 South Hope Street, Thirty-Fifth Floor

11 Los Angeles, CA 90071

12 ### REQUEST FOR SPECIAL NOTICE
Henry B. LaTorraca, Esq.

13 Law Office of Henry B. LaTorraca
Union Bank of California Building

14 400 Oceangate, Suite 700
Long Beach, CA 90802-4306

15

### REQUEST FOR SPECIAL NOTICE
16 *Via Facsimile Transmission: 818-705-3777*
Ian Landsberg, Esq.

17 Landsberg Margulies LLP
16030 Ventura Blvd Ste 470

18 Encino, CA 91436

19 *Via Facsimile Transmission: 213-624-7536*
Ronald Slates, Esq.

20 523 West Sixth Street, Suite 502
Los Angeles, CA 90014-1225

21

22 ### 20 LARGEST CREDITORS

23 IRS
300 N. Los Angeles, RM 4062
Stop 5022

24 Los Angeles, CA 90012

25 Paja Management
6605 Hollywood Blvd, Suite 100

26 Los Angeles, CA 90028

27 Employment Development Department
PO Box 426879

28 San Francisco, CA 94142

F:\DOCS\CITIZEN-SMITH\EMPLOYMENT-2.APL-NOTICE.wpd    5
11/20-10:18am

1  Patrick Johnson
   216 Agarte Avenue
2  Newport Beach, CA 92662

3  Berbere World Imports
   3049 S. La Cienega Blvd
4  Culver City, CA 90232

5  SWS_Judgement File
   c/o Ray Garwacki
6  5111 Dahlia Drive
   Los Angeles, CA 90041
7
   California Air Conditioning
8

9  Ian lawes & Associates
   1042 S. Orange Drive
10 Los Angeles, CA90014

11 Goldberg & Solovy
   c/o Spiwak & Iezza
12 2660 Townsgate Rd, #530
   Westlake Village, CA 91361
13
   Premier Meat Company
14 Wayne Distribution Center
   c/o Gary Sherman
15 21112 Ventura Blvd

16 Waste Management
   PO Box 72825
17 Phoenix, AZ 85062

18 Digital Installer Inc
   c/o Ethan & Associates
19 800 N. Causeway Blvd. 3rd Floor
   Mandeville, LA 70448
20
   Avco Gas
21 c/o Continental Commercial Group
   317 S. Brand Blvd
22 Glendale, CA 91204

23 LA Party Rents
   13520 Saticoy St.
24 Van Nuys
   Panorama City, CA 91402
25
   Chasin Foods Inc.
26 C/o Gary Sherman
   21112 Ventura Blvd
27 Woodland Hills, CA 91364

28

F:\DOCS\CITIZEN-SMITH\EMPLOYMENT-2.APL-NOTICE.wpd        6
11/20-10:18am

1    All Spirits Inc.
     2005 Pinehurst Road
2    Los Angeles, CA 90068

3    Monster.com
     c/o Fidelity National
4    2421 North Glassell Street
     PO Box 3051
5
     Well Fargo
6    c/o Enhanced Recovery
     PO Box 1967
7    Southgate, MI 48195

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

F:\DOCS\CITIZEN-SMITH\EMPLOYMENT-2.APL-NOTICE.wpd    7
11/20-10:18am

| In re: Citizen Smith, LLC, | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:08-bk-19197-SB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Richardson & Patel, LLP, 10900 Wilshire Blvd., Ste. 500, Los Angeles, CA 90024

The foregoing document described <u>APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY THE LAW OFFICES OF BARUCH C. COHEN AND RICHARDSON & PATEL LLP AS GENERAL INSOLVENCY COUNSELS PURSUANT TO 11 U.S.C. §§ 327 AND 330; F.R.B.P. RULES 2014(a) AND 2016; L.B.R. RULE 2014-1; DECLARATIONS OF PATRICK L. JOHNSTON AND ARAM ORDUBEGIAN IN SUPPORT THEREOF</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>March 23, 2009</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below

Russell Clementson
russell.clementson@usdoj.gov

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>**(indicate method for each person or entity served)**:**
On <u>March 23, 2009</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

## VIA U.S. MAIL

<u>Former Counsel for Debtor</u>
Baruch C. Cohen
Law Office of Baruch C. Cohen
4929 Wilshire Boulevard #940
Los Angeles, CA 90010

U.S. Bankruptcy Court
Honorable Samuel L. Bufford
255 East Temple Street, # 1582
Los Angeles, CA 90012

Citizen Smith LLC
1600 and 1602 N. Cahuenga Blvd.
Hollywood, CA 90028

☐ Service information continued on attached page

**III. <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL</u>** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 23, 2009 | SIMONA FILIP | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**