1  DAVID R. WEINSTEIN (State Bar No. 082881)
   MAX E. RAWN (State Bar No. 243795)
2  RICHARDSON & PATEL LLP
   10900 Wilshire Blvd., Suite 500
3  Los Angeles, California  90024
   Telephone (310) 208-1182
4  Facsimile (310) 208-1154

5  Attorneys for the Debtor-In-Possession

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        LOS ANGELES DIVISION

11

12  In re                          )  Case No. 02: 08-19197-SB
                                   )     [Chapter 7]
13  CITIZEN SMITH, LLC,            )
                                   )  SUPPLEMENT TO FIRST APPLICATION
14          Debtor.                )  FOR PAYMENT OF INTERIM FEES AND
                                   )  EXPENSES OF DEBTOR'S GENERAL
15                                 )  COUNSEL (11 U.S.C. § 330)
                                   )
16                                 )  [December 15, 2008 through September 30,
                                   )  2009]
17                                 )
                                   )  DATE:    January 26, 2010
18                                 )  TIME:    2:00 p.m.
                                   )  PLACE:   Courtroom 1575
19                                 )           255 E. Temple Street
                                   )           Los Angeles, CA 90012
20  _____ )

21  TO:    THE HONORABLE SAMUEL BUFFORD, UNITED STATES

22         BANKRUPTCY JUDGE:

23             Richardson & Patel LLP ("Applicant" or "R&P"), as general chapter 11

24  counsel to Citizen Smith, LLC, the debtor in this case (the "Debtor"), hereby submits

25  the following Supplement in support of its *First Application for Payment of Interim*

26  *Fees And Expenses* (the "Application").

27  / / /

28  / / /

**A.**　　**Nature of Representation.**

　　Applicant represented the debtor-in-possession as its general chapter 11 counsel in this bankruptcy case, prior to its conversion to chapter 7.

**B.**　　**Procedural History of Case.**

　　This case was commenced on June 25, 2008, by the filing of an involuntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Petition Date") against Citizen Smith, LLC, a California limited liability company (the "Debtor").  An order for relief under chapter 11 was entered on November 7, 2008.  On or about May 13, 2009, on the Debtor's Motion to Convert Case from Chapter 11 to 7, the Debtor's case was converted to one under Chapter 7 of Title 11 of the United States Code and Heide Kurtz (the "Trustee") was appointed chapter 7 trustee of the Debtor's bankruptcy estate.

**C.**　　**Employment of Applicant.**

　　The Debtor sought and obtained authority to employ Applicant pursuant to an order entered on April 27, 2009 (the "Employment Order").  The Employment Order makes the employment effective December 15, 2008.  Applicant's engagement ended upon the conversion to Chapter 7 on or about May 13, 2009.

**D.**　　**Prior Fee Applications.**

　　This is Applicant's first interim application for compensation.  Applicant holds $49,987.00 in retainer funds in trust.  Applicant expects to receive another $50,000 from the Trustee if the *Chapter 7 Trustee's Motion for Order Approving Compromise of Controversy with Richardson & Patel LLC* (the "R&P Settlement Motion") filed on November 23, 2009 is approved by the Court.  Applicant further expects both amounts to be taken into its general funds before this fee application is heard, pursuant to separate court order.  Accordingly, Applicant expects to credit $99,987.00 to allowances made hereunder.

/ / /

/ / /

1  **E.**     **Estate Cash-On-Hand and Estimated Expenses of Other**

2         **Professionals.**

3        The Trustee has approximately $150,000 on hand. Of the cash on hand,

4  $100,000 was paid to the estate when the estate settled a dispute with the Debtor's

5  landlord and $50,000 is a deposit related to the pending sale of the Debtor's business.

6  The funds on deposit will become property of the estate if the *Trustee's Motion for*

7  *Order: (1) Approving Compromise of Controversy; (2) Authorizing Sale of Personal*

8  *Property; (3) Approving Overbid Procedure; and (4) Finding Purchaser is a Good*

9  *Faith Purchaser* (the "Sale Settlement Motion") that was filed on July 21, 2009 is

10  approved by the Court. Upon such approval, an additional $50,000 will be

11  transferred to the Trustee for payment to the Applicant pursuant to the agreement

12  represented by the R&P Settlement Motion. Thereafter, no estate property will

13  remain for the Trustee to administer, however at present no assets of the estate have

14  been liquidated. The estimated amount of other accrued administrative expenses is

15  approximately $73,000, however this does amount does not include the fees and

16  expenses of the Trustee's accountant, which are as yet unknown.

17  **F.**     **Summary of Fees and Costs Requested.**

18        The Application covers the period from December 15, 2008 through

19  September 30, 2009 (the "Reporting Period"). During this Reporting Period,

20  Applicant worked diligently to maximize value for the estate's creditors and preserve

21  estate assets. Applicant has rendered services during the Reporting Period valued at

22  $228,151.25 and expended costs of $12,461.52. Applicant thus seeks interim

23  allowance of a total of $240,612.77 for its fees and costs. The total fees were

24  pursuant to professional services provided by Applicant during the chapter 11 phase

25  of the case and in the Applicant's attempts to recover its fees once the case converted

26  to one under chapter 7.

27  ///

28  ///

1  **G.      Narrative Regarding Services Rendered.**

2          Prior to the filing of the involuntary petition against the Debtor on the

3  Petition Date, the Debtor had entered into a management agreement with Paja

4  Management, LLC ("Paja").  In view of § 303(f)'s authorization for an alleged debtor

5  to operate without court supervision and as if a case involving it was not pending,

6  Paja remained in place during the involuntary gap period.  It arranged for attorney

7  Baruch Cohen to represent the Debtor although questions immediately arose as to

8  whether Paja could do so; and even if it could, whether Mr. Cohen was the attorney

9  whom the Debtor wanted as counsel.

10         After the order for relief was entered on November 7, 2008, the Debtor,

11 through Patrick Johnston, its managing member, approached Applicant jointly with

12 an individual named Brett Sulzer ("Sulzer") and his counsel.  They asked Applicant

13 to undertake representation of the debtor-in-possession and to assist the Debtor in

14 replacing Paja with Premier Hospitality Ventures LLC ("Premier"), a management

15 company controlled by Sulzer. Applicant negotiated an *Interim Management and*

16 *Post-Petition Financing Agreement* (the "Management and Financing Agreement")

17 that was signed on or about December 19, 2008 by the Debtor, Premier, and Doheny

18 Investments & Holdings LLC ("Doheny", and collectively with Sulzer and Premier,

19 the "Sulzer Entities"), another entity controlled by Sulzer.  The Management

20 Agreement included an agreement by Premier to pay or otherwise provide for

21 Applicant's fees and costs incurred in its representation of the Debtor.

22         Paja (and Mr. Cohen) vigorously objected to its replacement by Premier as

23 the management company for the Debtor's restaurant.  Proceedings ensued before

24 this Court while difficult confrontations occurred at the restaurant site.  Largely due

25 to Applicant's guidance, order was substantially maintained, Paja exited, a

26 reasonable transition to the Sulzer Entities' management was effectuated and

27 Applicant succeeded Mr. Cohen.

28 / / /

1    The foregoing was accomplished, not easily, by difficult negotiations,

2  sometimes contentious litigation and eventually, a series of court orders.  On

3  February 12, 2009, the Court entered its order [Docket no. 135] approving the

4  Management and Financing Agreement in most respects.  The order specifically

5  approved the transition of management of the restaurant and club to the Sulzer

6  Entities (although only as of January 14, 2009) and reserved one issue concerning

7  subordination of the Sulzer Entities' repayment rights to the fees of the debtor-in-

8  possession's professionals.  That issue was resolved by an order entered on May 11,

9  2009 [Docket no. 183] that specifically approved "the post-petition lender's agreement

10  to subordinate its super-priority administrative claim to the proposed $200,000

11  retainer for the Debtor's professionals."  Meanwhile, on April 27, 2009, the Court

12  entered the Employment Order that provided for sequential employment of Mr.

13  Cohen and Applicant.  Mr. Cohen was authorized to have served as the debtor-in-

14  possession's counsel from November 7, 2008 to December 14, 2008; Applicant was its

15  counsel from and after December 15, 2008.

16    In addition to the work described above, Applicant undertook numerous

17  other tasks on the Debtor's behalf prior to the conversion of the case to one under

18  chapter 7, including exploring reorganization and sale options, prosecuting the

19  Debtor's motion, made prior to Applicant's employment, to assume its lease, and

20  otherwise negotiating with the Debtor's landlord over disputes between it and the

21  Debtor, contesting an attempt by the IRS to dismiss or convert the case, pursuing

22  Paja to insure that the Debtor could recover materials related to the operation of the

23  business, and other activities detailed hereinafter.

24    Below is a description of the professional services rendered by Applicant

25  throughout this bankruptcy case.  The services were rendered by Applicant in 13

26  separate activity codes.  All of the professional services are clearly evidenced by the

27  invoices with actual time sheets attached as Exhibits to the Fee Application.

28  ///

1.   **General (Activity Code ".01"; Fee Application Exhibit "E"**
     **at p. 11-13).**

Activity Code ".01" covers "General".  Applicant uses this activity code for a variety of tasks that do not fit easily into the other, more specific categories, such as initial client meetings and strategy sessions and preliminary review of case materials.  This activity code is used primarily at the outset of the case, before its various dimensions and areas of emphasis become clear.  Later in the case, time spent in this activity code typically diminishes.  In that respect, Activity Code ".01" should b read in conjunction with Activity Codes ".03", ".04" and".05", at least.

As is discussed above, Applicant was introduced into this case after the Debtor's bankruptcy had already commenced, and engaged in intensive document review and strategy meetings with the Debtor quickly once it entered the matter to familiarize itself with the Debtor's business and previous actions in the bankruptcy case and to map out a plan to remove the Debtor's existing management and install new management and financial backing.  Applicant's early efforts to learn the case bore fruit when its emergency motions to reject the Debtor's management agreement and approve the Management and Financing Agreement were approved.

Applicant expended 26.8 hours within this activity code during this Reporting Period, valued at $10,611.00.

2.   **Asset Analysis and Recovery (Activity Code ".03"; Fee**
     **Application Exhibit "E" at p. 15-18).**

Activity Code ".03" covers "Asset Disposition."  Applicant uses this activity code for issues regarding sales of assets, litigation concerning leases and executory contracts and related transactional work.  Given the importance of the Debtor's leasehold to the operation of its restaurant, and the seemingly stray relationship between the landlord and the Sulzer Entities, at least at the outset, Activity Code ".03" played a prominent role.  It should be considered in conjunction with Activity Codes s".01", ".04" and ".05", at least.

1    During this Reporting Period, Applicant analyzed the Debtor's lease on the

2    location of its restaurant and negotiated with the Debtor's landlord regarding the

3    assumption of the lease and the settlement of the landlord's large pre and post-

4    petition claims.  This included prosecuting a motion to assume the Debtor's lease

5    that was filed prior to Applicant's entry into the case and countering the landlord's

6    vigorous opposition thereto.  Partially as a result of Applicant's work, the Trustee

7    settled with the landlord shortly after her appointment in exchange for a payment of

8    $100,000.  Applicant also evaluated proposals for the sale of the Debtor's business

9    and spoke to prospective buyers.

10    Applicant expended 45 hours within this activity code during this

11   Reporting Period, valued at $16,713.00.

12    **3.    Business Operations (Activity Code ".04"; Fee Application**

13    **Exhibit "E" at p. 19-43).**

14    Activity Code ".04" covers "Business Operations."  Applicant uses this

15   activity code for issues related to operating as debtor-in-possession in chapter 11,

16   such as employee, vendor and management issues.  Given the primary focus of

17   Applicant's engagement, namely to have the Management and Financing Agreement

18   approved and to assist the Debtor in replacing Paja with the Sulzer Entities, Activity

19   Code ".04" reflects the greatest concentration of Applicant's work.

20    These aspects of Applicant's services are also marked by the asserted

21   urgency that attended the installation of the Sulzer Entities.  Of necessity, rushed

22   proceedings, particularly ones in the middle of the winter holidays, command extra

23   professional time, as is the case here.

24    During this Reporting Period, Applicant negotiated the Management

25   and Financing Agreement and prepared and argued an emergency motion to reject

26   the Debtor's existing management agreement with Paja and permit the Debtor to

27   enter into the Management and Financing Agreement.  Applicant assisted the

28   Debtor with the sudden and contentious transition of management from one

1    management company to another, and worked to insure the effective implementation

2    of the Management and Financing Agreement.

3              Applicant also advised the Debtor on its LLC Operating Agreement

4    and other matters related to the Debtor's compliance with limited liability company

5    governance requirements and equity holder rights, advised the Debtor on payroll tax

6    issues and accounting practices, worked to recover records held by Paja, including

7    filing a motion for turnover, ensured the Debtor's compliance with United States

8    Trustee reporting requirements, and attempted to negotiate settlements with the

9    Debtor's landlord and with Paja.  Applicant's ".04" time reflects seemingly countless

10   communications and meetings, not only with the Debtor but with Sulzer and his

11   counsel, over how and in what sequence all these take-over and transition factors

12   would be handled.

13             Applicant expended 370.45 hours within this activity code during this

14   Reporting Period, valued at $135,133.25.

15        **4.    Case Administration (Activity Code ".05"; Fee Application**

16             **Exhibit "E" at p. 44-49).**

17             Activity Code ".05" covers "Case Administration."  Applicant uses this

18   Activity Code for issues regarding coordination and compliance activities,

19   including review of status reports and related filings before the Office of the United

20   States Trustee, and responding to general creditor inquiries.

21             During this Reporting Period, Applicant assisted the Debtor with

22   monthly reporting requirements and handled inquiries from creditors and vendors

23   regarding the status of the case.  Applicant also opposed an IRS motion to convert or

24   dismiss the case and handled issues arising out of the appointment of a chapter 11

25   trustee.  Finally, Applicant prepared a motion to convert the case to one under

26   chapter 7.

27             Applicant expended 49.10 hours within this activity code during this

28   Reporting Period, valued at $17,251.50.

5. **Claims Administration (Activity Code ".06"; Fee Application Exhibit "E" at p. 50-52).**

Activity Code ".06" covers analysis of claims and the prosecution of objections to claims. During this Reporting Period, Applicant's work in this activity code centered on establishment of claims bar dates and review of various claims.

Applicant expended 13.30 hours within this activity code during this Reporting Period, valued at $4,008.50.

6. **Fee and Employment Applications of Applicant (Activity Code ".08"; Fee Application Exhibit "E" at p. 53-56).**

Activity Code ".08" reflects Applicant's time incurred regarding employment and fee applications as well as applications of other professionals and attendance at the hearings thereon.

During this Reporting Period, Applicant prepared its application for employment and collected the time here. The Court's record also amply reflects that Applicant had to contest a proposed settlement between the Trustee and the Sulzer Entities and the proposed sale of the Debtor's business to the Sulzer Entities. The proposed settlement would have affected the obligation of the Sulzer Entities to pay all of Applicant's fees pursuant to the Management and Financing Agreement while allowing the Sulzer Entities to purchase the Debtor's business for a relatively small amount. Therefore, while the time spent opposing the Trustee's compromise with the Sulzer Entities might have been separately "booked", Applicant elected to place it within activity code ".08", as it directly affects Applicant's ability to collect its fees.

Applicant's dispute with the Trustee was resolved by a stipulation between Applicant and the Trustee after lengthy negotiations, which, if approved, will permit Applicant to retain its rights with respect to the Sulzer Entities and be paid an additional $50,000 by the Trustee from the proceeds of the sale of the Debtor's business to the Sulzer Entities, all of which will be accounted for as credits against allowed fees.

1    Applicant expended 52.90 hours within this activity code during this

2    Reporting Period, valued at $24,148.50.

3    **7.    Meeting of Creditors (Activity Code ".11"; Fee Application**

4    **Exhibit "E" at p. 57).**

5    Activity Code ".11" covers formal creditors' meetings.  During this

6    Reporting Period, Applicant prepared for and attended the Debtor's 341(a) meeting

7    and discussed the 341(a) meeting with the Debtor.

8    Applicant expended 4.20 hours within this activity code during this

9    Reporting Period, time valued at $1,578.00.

10    **8.    Plan and Disclosure Statement (Activity Code ".12"; Fee**

11    **Application Exhibit "E" at p. 58-61).**

12    Applicant uses Activity Code ".12" for time spent formulating,

13    presenting and confirming a plan of reorganization; compliance with the plan

14    confirmation order, related orders and rules; and disbursement and case closing

15    activities, except those related to the allowance of objections and objections to

16    allowance of claims.

17    During this Reporting Period, Applicant's work under this activity

18    code consisted of preparing and filing a motion to extend the exclusivity period for

19    the Debtor to file a Chapter 11 plan, defending that motion against objections, and

20    exploring reorganization options.

21    Applicant expended 37 hours within this activity code during this

22    Reporting Period, time valued at $12,632.00.

23    **9.    Miscellaneous Litigation (Activity Code ".13"; Fee Application**

24    **Exhibit "E" at p. 62).**

25    Applicant uses Activity Code ".13" to cover various litigation matters

26    that are not substantial enough to merit their own activity code or that occur within

27    the main bankruptcy case instead of a separate adversary proceeding.

28    / / /

1　　　　　　During this Reporting Period, Applicant's work within this activity

2　code focused on the evaluation and removal of four state court actions involving the

3　Debtor to the bankruptcy court.  Once removal was effectuated, however, little

4　litigation activity ensued in this collective category.

5　　　　　　Applicant expended 3.80 hours within this activity code during this

6　Reporting Period, time valued at $1,370.00.

7　　　　　　**10.**　　**Citizen Smith, LLC v. Andrew Belchic (Breach of APA)**

8　　　　　　　　　　**(Activity Code ".20"; Fee Application Exhibit "E" at p. 63).**

9　　　　　　Applicant uses Activity Code ".20" to cover activities associated with

10　the state court case Citizen Smith, LLC v. Andrew Belchic, which was removed to the

11　bankruptcy court by an entity related to the defendant.  In the state court action, the

12　Debtor sought damages for the defendant's breach of an asset purchase agreement

13　with the defendant, certain representations made by the defendant with respect to

14　certain of the purchased property, including the Debtor's liquor license, and

15　declaratory relief concerning the parties' rights and interests with respect to the

16　liquor license.

17　　　　　　During this Reporting Period, Applicant prepared a Rule 9027(e)

18　statement following the defendant's removal of the action to bankruptcy court,

19　prepared a joint status report in the resulting adversary proceeding, and attended a

20　status conference.

21　　　　　　Applicant expended 5.0 hours within this activity code during this

22　Reporting Period, time valued at $1,911.00.

23　　　　　　**11.**　　**Hollywood Media Center v. Citizen Smith (Breach of Lease)**

24　　　　　　　　　　**(Activity Code ".21"; Fee Application Exhibit "E" at p. 64).**

25　　　　　　Applicant uses Activity Code ".21" to cover activities associated with

26　the state court case Hollywood Media Center, LLC v. Citizen Smith, LLC, which was

27　removed to the bankruptcy court by the plaintiff.  In the state court action, the

28　plaintiff, the Debtor's landlord, sought, among other things, damages for the Debtor's

1  alleged breach of its lease and an award based on promissory estoppel relating to a

2  purported oral promise made by the Debtor to reimburse the landlord for repairs it

3  made to the leased premises.  This state court action was later consolidated with the

4  case for which Activity Code ".22" is used.

5       During this Reporting Period, Applicant prepared a Rule 9027(e)

6  statement following the removal of the action to bankruptcy court, prepared a joint

7  status report in the resulting adversary proceeding, and attended a status

8  conference.

9       Applicant expended 2.9 hours within this activity code during this

10  Reporting Period, time valued at $1,174.50.

11     **12.   Citizen Smith, LLC v. Hollywood Media Center and David**

12        **Gajda (Breach of Lease) (Activity Code ".22"; Fee Application**

13        **Exhibit "E" at p. 65).**

14     Applicant uses Activity Code ".22" to cover activities associated with

15  the state court case Citizen Smith, LLC v. Hollywood Media Center, LLC and David

16  Gajda, which was removed to the bankruptcy court by the defendant Hollywood

17  Media Center, LLC.  In the state court case, the Debtor sought, among other things,

18  damages for alleged breaches of the Debtor's lease by the defendant, the Debtor's

19  landlord, and damages for the landlord's alleged interference with the Debtor's

20  efforts to sell its business.

21     During this Reporting Period, Applicant prepared a Rule 9027(e)

22  statement following the removal of the action to bankruptcy court and attended a

23  status conference in the case.

24     Applicant expended 2.0 hours within this activity code during this

25  Reporting Period, time valued at $810.00.

26  / / /

27  / / /

28  / / /

1    **13.    Hollywood Media Center v. Citizen Smith (Unlawful Detainer)**

2    **(Activity Code ".23"; Fee Application Exhibit "E" at p. 66).**

3    Applicant uses Activity Code ".23" to cover activities associated with

4    the state court case Hollywood Media Center, LLC v. Citizen Smith, LLC, which was

5    removed to the bankruptcy court by the plaintiff. The state court action is an

6    unlawful detainer action brought by the Debtor's landlord based on the Debtor's

7    alleged breach of the lease and unlawful continued possession of the leased premises.

8    During this Reporting Period, Applicant prepared a Rule 9027(e)

9    statement following the removal of the action to bankruptcy court and attended a

10    status conference in the case.

11    Applicant expended 2.0 hours within this activity code during this

12    Reporting Period, time valued at $810.00.

13    **H.    Biographical Data for the Professionals Rendering Services to this**

14    **Estate.**

15    1.    **David R. Weinstein.** Mr. Weinstein founded Weinstein, Weiss &

16    Ordubegian LLP and represented clients across the entire spectrum of its practice.

17    On July 1, 2008, Mr. Weinstein joined Richardson & Patel LLP as a partner. He has

18    extensive experience in reorganization matters and complex bankruptcy litigation,

19    including at all stages of the bankruptcy appellate system.

20    Clients for whom Mr. Weinstein has served as lead counsel in

21    bankruptcy matters have included bidders and purchasers of assets in the Louise's

22    Restaurants, Egghead Software and Pleasant Care Nursing Home Chapter 11 cases;

23    the debtors in the Clothestime Stores, Inc., California Psychiatric Management

24    Services and C&C Jewelry Mfg. cases, the latter of which Mr. Weinstein successfully

25    defended against an improvident involuntary petition; major creditors in the Daewoo

26    Motors, SonicBlue, Super Shops and Sizzler Restaurant cases; landlords in Chapter

27    11 cases of retailers and office users in Los Angeles and New York; indenture

28    trustees; a labor union in the Orange County bankruptcy case; bankruptcy trustees

1  presiding over the estates of restaurants, airlines, automobile dealerships, loan

2  companies, a munitions manufacturer, a hazardous waste disposal company, and

3  mining interests; committees of creditors of Steakhouse Partners, Inc., the owner of a

4  chain of upscale steak and chop houses, BMK, Inc., a national merchandiser of

5  consumer goods, Scour, Inc., a cutting edge Internet leader in peer-to-peer

6  communications, Urjet Backbone Network, the owner of network installations for the

7  provision of telecommunications to users in the west, Flashcom, Inc. and Fastpoint

8  Communications, Inc., both DSL providers, Energy Development Corp., a private oil

9  and gas production company; and a variety of high-income, high visibility individuals

10  such as medical doctors, real estate syndicators, art publishers and entertainers

11  reorganizing their business affairs in Chapter 11 or who find themselves entangled

12  in others' cases.  Mr. Weinstein also frequently represents other lawyers and law

13  firms' own interests in bankruptcy cases.

14          Prior to founding Weinstein, Weiss & Ordubegian LLP, Mr. Weinstein

15  was associated for 13 years with another bankruptcy boutique in Los Angeles.  For

16  seven years as a partner, he was responsible for supervising one of the firm's three

17  practice areas.

18          Mr. Weinstein's writings are published often in regional and national

19  publications concerning bankruptcy and commercial law, including law journals, the

20  California Bankruptcy Journal and other publications, and he is in demand as a

21  speaker before local and national groups concerning bankruptcy litigation,

22  reorganization issues, and other topics relating to the bankruptcy process.  He is co-

23  chair of the American Bar Association's Bankruptcy & Insolvency Committee

24  (Section of Litigation) and is a member of the Council of Appellate Lawyers of the

25  ABA Judicial Division.  He also has leadership roles in its Business Law Section and

26  he formerly chaired the Subcommittee on Trustees and Examiners, the Chapter 11

27  Subcommittee, and the Task Force on Affiliated Entities of that Section's Business

28  Bankruptcy Committee.  He is an active member of the American Bankruptcy

1  Institute, American Bar Association, Financial Lawyers Conference,  Los Angeles

2  County Bar Association and Los Angeles Bankruptcy Forum.  Mr. Weinstein

3  obtained his law degree from the University of Southern California in 1978, after

4  graduating *magna cum laude* from Syracuse University in 1974.

5      2.    **Sharon Z. Weiss.**  Ms. Weiss joined Weinstein, Weiss & Ordubegian

6  LLP in 1997 as an associate and became a partner on January 1, 2001.  On July 1,

7  2008, Ms. Weiss joined Richardson & Patel LLP as a partner.  Ms. Weiss has

8  extensive experience in a wide area of insolvency matters from various perspectives,

9  including representation of trustees, individual and corporate debtors, creditors and

10  creditors' committees.

11      Ms. Weiss has served as lead trial counsel in bankruptcy and

12  commercial litigation, including alternative dispute resolution and has considerable

13  experience in handling fraud and *Ponzi* scheme litigation, and bankruptcy appeals

14  which have resulted in published Ninth Circuit opinions.  Her clients include debtors

15  engaged in the consumer electronics, healthcare, restaurant, garment, entertainment

16  and retail sales industries, and creditors' committees in merchandising,

17  manufacturing and apparel industries.  Ms. Weiss has served as lead counsel in out-

18  of-court workouts and in the bankruptcy courts in cases involving such varied issues

19  as disputed asset sales and financing, the avoiding powers, executory contracts,

20  pension plans, claims priority, plan confirmation, surcharges and the court's inherent

21  powers.

22      Ms. Weiss regularly speaks on an array of insolvency and business

23  litigation matters to professional audiences at regional, state and national levels.

24  She currently serves as the co-chair of Programming and Publication Subcommittee

25  of the Business Bankruptcy Committee and co-chair of the Woman Business Law

26  Network of the Diversity Committee of the American Bar Association's Business Law

27  Section.  Ms. Weiss has held other Business Law leadership positions including vice-

28  chair of the Executory Contracts Subcommittee; chair of the Law Student and Young

1  Lawyer Involvement Subcommittee, co-chair of the Membership: Minorities, Women

2  & Young Lawyers Subcommittee and vice chair of the Litigation Subcommittee.  Ms.

3  Weiss also served as the conference co-chair for the 2009 California Bankruptcy

4  Forum and is an active member of the CBF Board of Directors.  Ms. Weiss previously

5  served on the Los Angeles Bankruptcy Forum Board of Directors and is a co-founding

6  member of the Restructuring and Insolvency Professionals of Southern California.

7  Ms. Weiss is a member of the American Bankruptcy Institute, American Bar

8  Association, California Bankruptcy Forum, Financial Lawyers Conference,

9  International Woman's Insolvency and Restructuring Confederation and the Los

10  Angeles Bar Association.

11         In September, 2008, Ms. Weiss was awarded the first annual Kathryn

12  R. Heidt Memorial Award from the ABA Section of Business Law, Business

13  Bankruptcy Committee in recognition of her commitment to the Section.  In April

14  2007, Ms. Weiss was profiled as an Outstanding Woman Bankruptcy Lawyer by

15  *Bankruptcy Law360* and has been named by the *Los Angeles Magazine* as a Southern

16  California *Super Lawyer* every year since 2005.

17         Ms. Weiss was also appointed to the Bankruptcy Mediation Program

18  Panel for the United States Bankruptcy Court, Central District of California in 2006

19  and appointed in 2007 as an Attorney Settlement Officer for the United States

20  District Court, Central of California.

21         Ms. Weiss was admitted to the California Bar in 1993.  She holds

22  degrees from the University of California at Irvine (B.A. 1990) and Southwestern

23  University School of Law (J.D. 1993) (Dean's List).  Ms. Weiss was a member of the

24  Moot Court Honors Program and earned First and Second Place awards during

25  national competitions for her writing and advocacy skills.

26         3.    **Max E. Rawn**.  Mr. Rawn was admitted to the California Bar in 2006.

27  He holds degrees from the University of Maryland, College Park (B.A. 2002), and the

28  University of Minnesota Law School (J.D. 2005, cum laude).  Prior to joining

1  Richardson & Patel LLP, Mr. Rawn served as a law clerk to the Honorable William

2  C. Hillman, United States Bankruptcy Judge for the District of Massachusetts and

3  then he practiced transactional, commercial and real estate finance law at a large

4  national firm.  Mr. Rawn has extensive experience documenting secured transactions

5  of all types, and is well-versed in Article 9 of the UCC.  Mr. Rawn joined the firm in

6  August 2009.

7      4.    **Aram Ordubegian.**  Mr. Ordubegian joined Weinstein, Weiss &

8  Ordubegian LLP in 2000 as an associate and became a partner on January 1, 2006.

9  He accompanied Mr. Weinstein and Ms. Weiss to Richardson & Patel LLP but left

10 that firm in July 2009.  Mr. Ordubegian was admitted to the California Bar in 1996.

11 He holds degrees from California State University, Northridge (B.A. 1993) and

12 Loyola Law School, Los Angeles (J.D. 1996), where he received the American

13 Jurisprudence Award for Trial Advocacy and participated in the Moot Court Honors

14 Program.  He served as a judicial extern to the Honorable Mitchel R. Goldberg,

15 United States Bankruptcy Judge for the Central District of California.

16      Mr. Ordubegian's broad-based reorganization and litigation

17 experience includes representation of electronics and hi-tech manufacturers' interests

18 in bankruptcy cases, as well as the individual interests of high income earners such

19 as medical doctors and the owners of commercial real estate.  He has represented

20 creditors' committees in cases involving "dot.coms", media entities and DSL providers

21 and has represented trustees presiding over such varied estates as cable television

22 companies, automobile interests, infomercial businesses and manufacturers.  Mr.

23 Ordubegian is an active member of the American Bar Association, Financial Lawyers

24 Conference, and Los Angeles Bankruptcy Forum.  He was previously an elected

25 member of the Los Angeles County Bar Association's Barristers Executive

26 Committee and remains an active member of the Los Angeles County Bar

27 Association's Bankruptcy and Commercial Law Committee.  Mr. Ordubegian has

28 authored a number of bankruptcy-related articles concerning such topics as lien

1   "stripping", bankruptcy fraud and protecting intellectual property rights in Internet

2   company bankruptcies. He has also been selected as a speaker for bankruptcy forum

3   panels. Mr. Ordubegian left Richardson & Patel LLP on June 30, 2009.

4        5.   **Peter Hogan.** Peter V. Hogan is a partner with Richardson & Patel

5   LLP. He received his Bachelor of Arts degree from Boston College in 1993. He

6   received his Juris Doctorate and Master of Business Administration degrees from

7   Boston College in 1998, and passed the California State Bar examination that same

8   year.

9        Mr. Hogan's primary area of focus is corporate and securities law. His

10   legal experience includes initial public offerings, secondary offerings, mergers and

11   acquisitions (for both private and public companies), angel and venture capital

12   financing, 1934 Act reporting obligations, and 1933 Act registration statements. Mr.

13   Hogan is experienced in representing the interests of both issuer and underwriter

14   clients, and brings his tax, business, and legal expertise to bear in solving and

15   implementing the business needs and strategies of his corporate clients.

16        Mr. Hogan's legal expertise also includes corporate and business

17   contracts, such as shareholder agreements, license agreements, employment

18   agreements, and employee equity incentive plans.

19        Prior to joining Richardson & Patel, LLP, Mr. Hogan was a corporate

20   associate in the Century City office of Kirkpatrick & Lockhart, LLP. After

21   completing his graduate level education, Mr. Hogan was a state tax consultant with

22   PricewaterhouseCoopers in Boston.

23        6.   **Robert C. Shenfeld.**

24        Mr. Shenfeld was formerly senior counsel at Richardson & Patel LLP.

25   Mr. Shenfeld has extensive experience in restructurings and corporate

26   reorganizations both in and out of bankruptcy, bankruptcy-related litigation and

27   providing strategic advise in connection with maximizing value of distressed debt.

28   He represents a wide range of clients in insolvency situations nationally and

1    internationally, including secured and unsecured creditors, official and unofficial

2    creditors' committees, debtors, financial institutions, hedge funds, indenture

3    trustees, bank agents, and purchasers of assets from financially troubled companies.

4            Mr. Shenfeld's engagements have involved a diverse group of

5    industries such as telecommunications, specialty chemicals, gaming, apparel,

6    consumer products and services, finance, healthcare, real estate and transportation.

7    He has played a significant role in numerous high profile bankruptcy cases, including

8    Station Casinos, Inc., Accuride Corp., Solutia, Inc., Enron Corp., Trans World

9    Airlines, Pacific Gas & Electric, Dow Corning, and Finova Capital Corp., among

10   others, and also acts regionally, having represented the official committees of

11   unsecured creditors in Smiland Paint Corp. and Viatical Liquidity, LLC.

12           Mr. Shenfeld received his B.A. from Tufts University and J.D. from

13   Benjamin N. Cardozo School of Law.  He is admitted to the bars of California, New

14   York and Connecticut as well as the United States District Courts for the Southern

15   and Central Districts of California and the Eastern and Southern Districts of New

16   York and the United States Court of Appeals for the Third Circuit.  He left

17   Richardson & Patel LLP in March 2009.

18           7.  **Deanna Whitestone.**

19           Deanna Whitestone was an associate in the corporate group at

20   Richardson & Patel LLP prior to leaving in February, 2009.  She advises privately

21   and publicly held companies in corporate, securities and transactional matters.  Her

22   practice includes entity formation, negotiating, drafting and reviewing various

23   commercial contracts and advising on employment matters.  She also has extensive

24   SEC experience assisting publicly-traded companies with corporate governance

25   matters, public disclosure issues, and preparation and filing of securities registration

26   statements, proxy statements and quarterly and annual reports under the 1933

27   Securities Act and 1934 Exchange Act.  Her transactional experience includes private

28   / / /

1  and public offerings of debt and equity securities, PIPE transactions and mergers

2  and acquisitions, including reverse mergers.

3          Ms. Whitestone began her legal career as a securities regulator at the

4  Financial Industry Regulatory Authority (FINRA) where she worked in both the

5  Department of Enforcement and the Department of Member Regulation. Prior to

6  joining the Law Office of Jennifer A. Post, Ms. Whitestone was an associate

7  practicing in the areas of corporate and securities law at Richardson & Patel LLP.

8          Ms. Whitestone holds a B.S. with honors from the Portland State

9  University and a J.D., magna cum laude, from Southwestern University School of

10 Law, where she served as Lead Articles Editor of the Journal of Law and Trade in

11 the Americas and as a writer for the Wagner National Labor Law moot court team.

12 While serving on the Journal, Ms. Whitestone published an article entitled "The

13 Response to Enron in the U.S. and Canada: Are Principles-Based Accounting

14 Standards More Effective at Preventing Financial Fraud?"

15         8.    **Andy S. Kong.**  Mr. Kong was admitted to the California Bar in 2006.

16 He holds degrees from the University of California at Los Angeles (B.A. 2001), and

17 Loyola Law School, Los Angeles (J.D. 2005), where he was a member of the St.

18 Thomas More Law Honor Society from 2003 to 2005 and graduated on the Dean's

19 Honor List.  Mr. Kong was a law clerk to the Honorable Victoria S. Kaufman, United

20 States Bankruptcy Court.  Mr. Kong transferred to Richardson & Patel LLP but left

21 the firm in mid-July 2009.

22         9.    **Elan S. Levey.**  Ms. Levey was admitted to the California State Bar

23 in 1994. She attended the University of Arizona (B.A. 1991, with honors) and the

24 University of the Pacific, McGeorge School of Law (J.D. 1994) where she participated

25 in the Moot Court Program with Honors.  Ms. Levey served as a judicial extern to the

26 Honorable Paul G. Rosenblatt, United States District Court (Summer 1993) and as a

27 law clerk to the Honorable Mitchel R. Goldberg, United States Bankruptcy Court,

28 (October 1995 - September 1996).  Ms. Levey has represented debtors-in-possession,

trustees and creditors in a wide range of complex reorganization, restructuring and

litigation matters. She is a member of the American Bar Association, American

Bankruptcy Institute, Beverly Hills Bar Association, California Women Lawyers,

Century City Bar Association, Los Angeles County Bar Association, Financial

Lawyers Conference, International Woman's Insolvency and Restructuring

Confederation, Los Angeles Bankruptcy Forum and Women Lawyers Association of

Los Angeles. Ms. Levey left the firm in February 2009.

I.      All of Applicant's services were promptly and efficiently performed, were

necessary and were of value to the estate. Applicant believes that compensation

awarded herein will necessarily take account of that efficiency, the quality of the

work and all the circumstances identified in Applicant's employment application.

Applicant has worked diligently to resolve a series of detailed and sophisticated

issues in this case. All things considered, Applicant believes it should presently be

awarded the full hourly extension of its reported time as interim compensation for

the Reporting Period. This totals $228,151.25 after allowance for any "no charge"

time.

J.      Applicant's costs incident to the legal services it provided during the

Reporting Period, totaling $12,461.52, are detailed both chronologically and by

category in Exhibit "F" to the Application. In this connection, Applicant seeks

reimbursement of its expenses at the rates shown in Exhibit "C" to the Application.

Applicant requests that all of these costs be ordered reimbursed in full.

K.      No arrangement has been made, directly or indirectly, and no understanding

exists, for a division of compensation herein between Applicant and any other person,

whether or not contrary to the provisions the Bankruptcy Code, the Federal Rules

of Bankruptcy Procedure, or any other provision of federal or state law.

L.      Applicant thus prays that it be awarded $228,151.25 in fees and $12,461.52

in costs for a total of $240.612.77 as described above, for services rendered as

1    bankruptcy counsel for the Trustee and for reimbursement of costs advanced during

2    the Reporting Period.  Applicant further prays that the Court allow Applicant to

3    apply the $49,987.00 retainer it is holding in its trust account to its fees and costs,

4    and, subject to the Court's approval of the Sale Settlement Motion and R&P

5    Settlement Motion, to apply the $50,000 Applicant expects to receive from the

6    Trustee pursuant to the R&P Settlement Motion to its fees and costs.

7

8    DATED: December 11, 2009              Respectfully submitted,

9                                         RICHARDSON & PATEL LLP

10

11                                        By    /s/ Max E. Rawn
                                                MAX E. RAWN
12                                        Attorneys for Debtor

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF MAX E. RAWN

I, Max E. Rawn, declare:

1.    I am an attorney, duly admitted to practice before this United States Bankruptcy Court. I am an associate with Richardson & Patel LLP ("Applicant"), counsel for the Citizen Smith, LLC, the debtor in this chapter 7 case (the "Debtor"). I have personal knowledge of the facts described herein and if called as a witness I could and would testify competently thereto.

2.    I have read and am familiar with all the United States Trustee's Guidelines for Practice in the Central District of California. In particular, I am aware of the provisions of Guidelines A and B issued by the United States Trustee on May 12, 1992.

3.    The Debtor sought and obtained authority to employ Applicant as its bankruptcy counsel pursuant to an order entered on April 27, 2009 (the "Employment Order"). The Employment Order is attached hereto as Exhibit "1".

4.    Concurrently herewith, Applicant is filing its First Application for Payment of Interim Fees And/Or Expenses (the "Application") with the Bankruptcy Court.

5.    Applicant has adopted each of the 12 Activity Codes suggested in Guideline B verbatim. In addition, we have added a "general" category, a "tax" category and a separate category for every adversary proceeding and significant contested matter. Schedules and descriptions of all Activity Codes used by Applicant in this case are attached to the Application as Exhibit "A".

6.    The professionals at Applicant record time as the services in question are rendered and in such a way as to segregate time among the several Activity Codes. Exhibit "E" to the Application is a detailed schedule of all services rendered in this case, organized chronologically within each Activity Code during the reporting period, by Applicant.

1    7.    I believe the timekeeping practices employed by Applicant and this fee

2    application comply with Guidelines A and B in all material respects.  Although not

3    every form of reconfiguring and summarizing the data which is referred to in

4    Guidelines A and B is reproduced here, the information provided is complete and has

5    been reconciled.  The time and expense entries can be resorted and compiled

6    differently if the need arises.

7    8.    Exhibit "B" to the Application shows the hourly rates of Applicant

8    during this case.

9    9.    Attached as Exhibit "D" to the Application is a chart summarizing the

10    total amount of time spent on the case by each professional at Applicant during the

11    current reporting period.

12    10.    Attached as Exhibit "F" to the Application is a list disclosing the costs

13    incurred by Applicant in the case, both chronologically and by category.  In addition,

14    Exhibit "C" to the Application discloses cost reimbursement schedule of Applicant.

15    11.    The compensation and expenses sought in the Application were billed

16    at rates no less favorable than those customarily billed by Applicant and generally

17    accepted by their clients.

18    I declare under penalty of perjury under the laws of the United States of

19    America that the foregoing is true and correct.

20    Executed this 11th day of December 2009, at Los Angeles, California.

21

22    /s/ Max E. Rawn
      MAX E. RAWN

23

24

25

26

27

28

# EXHIBIT "1"

```
FILED & ENTERED

APR 27 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia   DEPUTY CLERK
```

1   ARAM ORDUBEGIAN (State Bar No. 185142)
2   ROBERT SHENFELD (State Bar No. 228181)
    ANDY S. KONG (State Bar No. 243933)
3   RICHARDSON & PATEL LLP
    10900 Wilshire Blvd., Suite 500
4   Los Angeles, California 90024
5   Telephone (310) 208-1182
    Facsimile (310) 208-1154

6

7   Proposed General Insolvency Counsel for Citizen Smith, LLC

8

9                 UNITED STATES BANKRUPTCY COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                   LOS ANGELES DIVISION

12

13   In re                       Bk. No. 2:08-bk-19197-SB

14   CITIZEN SMITH, LLC,           [Chapter 11]

15         Debtor in Possession.     **ORDER AUTHORIZING DEBTOR AND**

16                               **DEBTOR IN POSSESSION TO EMPLOY**
                              **THE LAW OFFICES OF BARUCH C.**

17                               **COHEN AND RICHARDSON & PATEL, LLP**
                              **AS GENERAL INSOLVENCY COUNSELS**

18

19         Based on the *Application of Debtor and Debtor in Possession to Employ the Law Offices of*

20   *Baruch C. Cohen and Richardson & Patel LLP as General Insolvency Counsels Pursuant to 11 U.S.C.*

21   *§§ 327 and 330; F.R.B.P. Rules 2014(a) and 2016; and L.B.R. 2014-1(b)* (the "Application"), together

22   with all declarations in support of the Application and exhibits submitted with the Application [Docket

23   No. 165] filed by debtor and debtor in possession, Citizen Smith, LLC (the "Debtor"), and it appearing

24   that notice of the Application was in all respects proper under L.B.R. 2002-2, 2014-1(b)(1), 2014-

25   1(b)(2) and 9036-1(a), and no objections being filed to the Application; and upon the *Declaration of*

26   *Service and Non-Response Pursuant to L.B.R. 9013-1(o)(3)* filed by the Debtor; and after due

27   deliberation, it appearing that the granting of the Application is in the best interests of the Debtor and

28   that the Application should be granted and for other good cause:

---

C:\Documents and Settings\egarcia\Local Settings\Temp\Order#25181#932a11b8-170c-4a3f-9b0a-2ab03e4a9273.doc

IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1.   The Application is GRANTED.

2.   The Debtor is authorized to employ the Law Offices of Baruch C. Cohen as its general insolvency counsel effective from November 7, 2008 to December 14, 2008.

3.   The Debtor is authorized to employ Richardson & Patel, LLP, as general insolvency counsel effective as of December 15, 2008 going forward.

4.   Compensation to the Law Offices of Baruch C. Cohen and Richardson & Patel, LLP and expense reimbursement will be awarded by the Court upon appropriate application, and after notice and hearing.

### #

DATED: April 27, 2009

_____
United States Bankruptcy Judge

26

| In re: Citizen Smith, LLC, | CHAPTER: 11 |
| | |
| Debtor(s). | CASE NUMBER: 2:08-bk-19197-SB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Richardson & Patel, LLP
10900 Wilshire Blvd., Ste. 500
Los Angeles, CA 90024

The foregoing document described <u>ORDER AUTHORIZING DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY THE LAW OFFICES OF BARUCH C. COHEN AND RICHARDSON & PATEL, LLP AS GENERAL INSOLVENCY COUNSELS</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On <u>April 16, 2009</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**VIA U.S. Mail**
Honorable Samuel L. Bufford
U.S. Bankruptcy Court
255 East Temple Street, #1582
Los Angeles, CA 90012

**Debtor**
Citizen Smith LLC
1600 and 1602 N. Cahuenga Boulevard
Hollywood, CA 90028

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 16, 2009 | SIMONA FILIP | /s/ Simona Filip |
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                    **F 9021-1.1**

| In re: Citizen Smith, LLC, | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:08-bk-19197-SB |

## ATTACHMENT TO PROOF OF SERVICE OF DOCUMENT

II.    PERSONS OR ENTITIES SERVED BY U.S. MAIL:

<u>U.S. Trustee</u>
Russell Clementson
United States Trustee (LA)
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017

<u>Former Counsel for Debtor</u>
Baruch C. Cohen
Law Office of Baruch C. Cohen
4929 Wilshire Boulevard #940
Los Angeles, CA 90010

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                    **F 9021-1.1**

| In re: Citizen Smith, LLC, | CHAPTER: 11 |
| Debtor(s). | CASE NUMBER: 2:08-bk-19197-SB |

## NOTE TO USERS OF THIS FORM:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (specify)ORDER AUTHORIZING DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY THE LAW OFFICES OF BARUCH C. COHEN AND RICHARDSON & PATEL, LLP AS GENERAL INSOLVENCY COUNSELS was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of April 16, 2009, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

Aram Ordubegian;
Robert Shenfeld
Andy S. Kong
Richardson & Patel LLP
aordubegian@richardsonpatel.com
rshenfeld@richardsonpatel.com
akong@richardsonpatel.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Russell Clementson
russell.clementson@usdoj.gov

☒  Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Former Counsel for Debtor
Baruch C. Cohen
Law Office of Baruch C. Cohen
4929 Wilshire Boulevard #940
Los Angeles, CA 90010

**Debtor**
Citizen Smith LLC
1600 and 1602 N. Cahuenga Boulevard
Hollywood, CA 90028

☐  Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐  Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9021-1.1**

| In re: Citizen Smith, LLC, | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:08-bk-19197-SB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Richardson & Patel, LLP, 10900 Wilshire Blvd., Ste. 500, Los Angeles, CA 90024

The foregoing document described <u>SUPPLEMENT TO FIRST APPLICATION FOR PAYMENT OF INTERIM FEES AND EXPENSES OF DEBTOR'S GENERAL COUNSEL (11 U.S.C. § 330)</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>December 11 , 2009</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below

Russell Clementson on behalf of U.S. Trustee United States Trustee (LA)
russell.clementson@usdoj.gov

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On <u>December 11, 2009</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

**[VIA U.S. MAIL]**
Bankruptcy Court
Honorable Samuel L. Bufford
255 East Temple Street, # 1582
Los Angeles, CA 90012

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 11, 2009 | SIMONA FILIP | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## ADDITIONAL SERVICE INFORMATION:

### I.    SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):

Baruch C Cohen on behalf of Debtor Citizen Smith LLC
bcc4929@aol.com

Irving M Gross on behalf of Trustee HEIDE KURTZ
igross@rdwlawcorp.com, mrichardson@rdwlawcorp.com;csharpe@rdwlawcorp.com

Heide Kurtz
hkurtztte@sbcglobal.net, ca45@ecfcbis.com

Carmela Pagay on behalf of Interested Party Heide Kurtz
cpagay@rdwlawcorp.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Timothy J Yoo on behalf of Trustee Heide Kurtz
tyoo@rdwlawcorp.com

### II.    SERVED BY U.S. MAIL:

Citizen Smith LLC
1600 and 1602 N. Cahuenga Blvd.
Hollywood, Ca 90028

Patrick L. Johnston
216 Agate Avenue
Newport Beach, CA 92662

Brett Sulzer
818 N. Doheny Drive, #1007
West Hollywood, CA 90069

Donald T Fife
Hahn Fife & Company LLP
790 E Colorado Blvd, 9th Fl
Pasadena, CA 91101